

FILED & ENTERED

MAY 13 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Mason DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>Fu Bang Group Corp, USA<br><br><br><br><br><br>Debtor(s). | Case No.: 6:25-bk-13004-SY<br><br>CHAPTER 11<br><br>**ORDER SCHEDULING CHAPTER 11 STATUS CONFERENCE**<br><br>Date: July 10, 2025<br>Time: 1:30 p.m.<br>Courtroom: 302 |

In order to promote an expeditious and economical resolution of this chapter 11 bankruptcy case by, among other things, establishing realistic deadlines, managing litigation and facilitating settlement where appropriate, encouraging active participation by parties in interest, avoiding unnecessary administrative costs, and moving the case along through confirmation of a plan,

**IT IS HEREBY ORDERED** as follows:

A. **CHAPTER 11 STATUS CONFERENCE**.

Pursuant to 11 U.S.C. § 105(d), a status conference in this case will be held on **July 10, 2025** at **1:30 p.m**.in Courtroom 302, United States Bankruptcy Court, 3420 Twelfth Street, Riverside,

-1-

California 92501. Counsel for the Debtor[1] is required to appear in person. Counsel for the United States Trustee should appear, as well as counsel for the official committee of unsecured creditors, if a committee has been appointed. Any other interested party may also appear. Based upon the record in this case and evidence presented at the status conference, the court may consider and take any of the following actions at the status conference (or any continued status conference or hearing) without further notice:

1.  Dismiss the case or convert it to another chapter.

2.  Order the appointment of a chapter 11 trustee.

3.  Establish deadlines for the filing of claims, requests for payment of administrative expenses, or objections to claims.

4.  Set deadlines for filing a disclosure statement and plan.

5.  Establish the scope and format of the notice to be provided regarding the hearing on approval of the disclosure statement, voting on the plan, and hearing to confirm the plan.

6.  Provide that the hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan.

7.  Set deadlines for voting on the plan and confirmation of the plan.

8.  Set deadlines for compliance with reporting and other chapter 11 debtor in possession requirements.

9.  Set deadlines for the assumption, rejection, or assumption and assignment of executory contracts and unexpired leases.

10. Adopt procedures for managing adversary proceedings, contested matters and other matters as may promote the progress of the chapter 11 case, including referring matters to mediation.

///

///

---

[1] The term "Debtor," as used in this order, refers to the debtor-in-possession or debtors-in-possession in the above-captioned bankruptcy case.

**B. CHAPTER 11 STATUS REPORT**.

1. Service of this Order. The Debtor must serve a copy of this order on the following parties, so that the order is received not later than 21 days before the status conference, and file a proof of service with the court: (a) the United States Trustee; (b) the official committee of unsecured creditors and its counsel or, if no committee has been appointed, the holders of the 20 largest unsecured claims (excluding insiders) (c) all holders of secured claims; and (d) all parties that have requested special notice in this case.

2. Service of Chapter 11 Status Report. At least 14 days before the status conference, the Debtor must file and serve on the parties identified in the preceding paragraph a written status report, and file a proof of service with the court.

3. Contents of Chapter 11 Status Report. The status report must comply with the "Status Conference Procedures" for Judge Scott H. Yun posted on the court's website, http://www.cacb.uscourts.gov. The procedures may be found by selecting "Judges," and then Judge Yun's name under "Our Judges," and then "Instructions/Procedures." In addition, the status report must include the following information:

A. A brief description of the Debtor's business and operations, if any, and the principal assets and liabilities of the estate.

B. Brief answers to the following questions:

1. What precipitated the filing of this case?

2. What does the Debtor hope to accomplish in this case?

3. What are the principal business and financial problems facing the Debtor and how does the Debtor intend to address these problems?

4. What are the main legal disputes facing the Debtor and likely to be encountered during this case, and how does the Debtor recommend that these disputes be resolved?

    5.  What is the Debtor's estimate regarding timing for confirmation of a plan?

    6.  Is the Debtor a small business debtor as defined in 11 U.S.C. § 101(51D)?

    7.  Is this case a single asset real estate case as contemplated in 11 U.S.C. § 101(51B)?

    8.  Has the Debtor complied with all of its duties under 11 U.S.C. §§ 521, 1106, & 1107, Fed. R. Bankr. P. 1007, and all applicable guidelines of the Office of the United States Trustee?

    9.  Do any parties claim an interest in cash collateral of the Debtor? Is the Debtor using cash that any party claims as its cash collateral, and if so, on what date did the Debtor obtain an order authorizing the use of such cash or the consent of the party?

C.  The identity of all professionals retained or to be retained by the estate, the dates on which applications for the employment of such professionals were filed or submitted to the United States Trustee, the dates on which orders were entered regarding such applications (if any),  a general description of the services to be rendered by each professional, and an estimate of the expected amount of compensation for each professional.

D.  In operating cases, evidence regarding projected income, expenses, and cash flow for the first six months of the case and a comparison to actual results for the 12 months preceding the filing of the case.

E.  Proposed deadlines for the filing of claims and objections to claims.

F.  A discussion of the unexpired leases and executory contracts to which the Debtor is a party, and the Debtor's intentions and a proposed timetable for addressing such leases and contracts.

///

///

///

G.  Whether the Debtor anticipates the sale of any estate assets by motion or in connection with a plan.

H.  A proposed deadline for the filing of a disclosure statement and plan.

4. <u>Sanctions for Failure to Comply</u>. Failure to comply with this order may result in sanctions including monetary sanctions, dismissal, conversion, or the appointment of a trustee.

###

Date: May 13, 2025

Scott H. Yun
United States Bankruptcy Judge