Leonard M. Shulman - Bar No. 126349
Rika M. Kido - Bar No. 273780
**SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:   (949) 340-3400
Facsimile:   (949) 340-3000
Email:       LShulman@shulmanbastian.com
             RKido@shulmanbastian.com

Attorneys for Sparknest, LLC, a Delaware
Limited Liability Company

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re | Case No. 6:25-bk-13004-SY |
| **FU BANG GROUP CORP, USA,** | Chapter 11 |
| Debtor. | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS CHAPTER 11 CASE PURSUANT TO 11 U.S.C. § 1112(b)** |
| | [Motion to Dismiss filed concurrently herewith] |
| | [Motion for Relief from Stay filed concurrently herewith] |
| | **Hearing Date:** |
| | Date:   June 12, 2025 |
| | Time:   1:30 p.m. |
| | Place:   Courtroom 302 |
| | 3420 Twelfth Street |
| | Riverside, CA 92501 |

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

1

**TO THE HONORABLE SCOTT H. YUN, UNITED STATES BANKRUPTCY JUDGE, TO THE DEBTOR AND HIS COUNSEL, AND TO ALL OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that secured creditor Sparknest, LLC, a Delaware Limited Liability Company ("Secured Creditor"), through its attorneys, Shulman Bastian Friedman Bui & O'Dea LLP, hereby requests, pursuant to Federal Rule of Evidence 201 made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9017, that this Honorable Court take judicial notice of the authenticity and content of the below documents to be considered in connection with Secured Creditor's Motion To Dismiss Chapter 11 Case Pursuant to 11 U.S.C. § 1112(b) ("Motion").

**JUDICIALLY NOTICED DOCUMENTS**

1. On December 16, 2013, a Grant Deed was recorded against the real property located at 2798 Troy Court, Corona, CA 92883, APN: 279-460-064-6 ("Property") in the Official Records for the County of Riverside ("Official Records"), Document No. 2013-0580700, a true and correct copy of which is attached hereto as **Exhibit 1**.

2. On or about April 7, 2016, a Construction Deed of Trust in favor of First Credit Bank, a California banking corporation ("FCB") was recorded against the Property in the Official Records, Document No. 2016-0137808, a true and correct copy of which is attached hereto as **Exhibit 2**.

3. On October 29, 2021, a Deed of Trust With Assignment of Rents was recorded against the Property in the Official Records, Document No. 2021-0643826, a true and correct copy of which is attached hereto as **Exhibit 3**.

4. On November 22, 2024, an Assignment of Deed of Trust With Assignment of Rents was recorded against the Property in the Official Records, Document No. 2024-0359829, a true and correct copy of which is attached hereto as **Exhibit 4**.

5. On December 12, 2024, a Notice of Default and Election to Sell Under Deed of Trust was recorded against the Property in the Official Records, Document No. 2024-0379120, a true and correct copy of which is attached hereto as **Exhibit 5**.

///

6. On February 26, 2025, First Credit Bank ("FCB") filed a Complaint for: (1) Specific Performance of Deed of Trust; (2) Injunctive Relief; (3) Enforcement of Commercial Guaranty; and (4) Enforcement of Commercial Guaranty ("Complaint") in the Superior Court of the State of California for the County of Riverside against Debtor, Lang Zhang and Mr. Don, Case No. CVRI2501055 ("State Court Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit 6**.

7. On March 13, 2025, a Notice of Trustee's Sale was recorded against the Property in the Official Records, Document No. 2025-0074460, a true and correct copy of which is attached hereto as **Exhibit 7**.

8. On March 19, 2025, FCB filed its *Ex Parte* Application for the Appointment of a Receiver and for a Temporary Restraining Order and a Preliminary Injunction, or in the Alternative, for an Order Shortening Time for Notice of Hearing in the State Court Action, a true and correct copy of which is attached as **Exhibit 8**.

9. On April 8, 2025, the Order Confirming Appointment of Receiver was filed in the State Court Action, a true and correct copy of which is attached as **Exhibit 9**.

10. On April 15, 2025, Richard Don filed a Chapter 13 Voluntary Petition ("Don Petition"), commencing *In re Richard Don dba Fu Bang Group Corp USA*, Case No. 2:25-bk-13063-NB ("Don BK"). A true and correct copy of the Don Petition is attached hereto as **Exhibit 10**.

11. On May 7, 2025, an Order Granting Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 (Real Property) was entered in the Don BK [Don BK, Dkt. No. 24], a true and correct copy of which is attached hereto as **Exhibit 11**.

12. On May 7, 2025, Debtor filed a Chapter 11 Voluntary Petition in the instant bankruptcy case [Dkt. No. 1], a true and correct copy which is attached hereto as **Exhibit 12**.

13. On May 19, 2025, Debtor filed a Motion to Extend Time to File Case Opening Documents in the instant bankruptcy case [Dkt. No. 11], a true and correct copy of which is attached hereto as **Exhibit 13**.

///

The above-mentioned documents are judicially noticeable pursuant to Federal Rule of Evidence 201. Federal courts may take judicial notice of facts which are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Federal Rule of Evidence 201(c)(2). Judicial notice may be taken of documents filed and orders or decisions entered in any federal or state court proceeding. *See, ReadyLink Healthcare, Inc. v. State Compensation Ins. Fund*, 754 F.3d 754, 756, fn. 1 (9th Cir. 2014). Federal courts may take notice of materials in their own files. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (court may take judicial notice of its own records in other cases); *Kinnett Dairies, Inc. v. Farrow*, 580 F.2d 1260, 1277-78 n. 33 (5th Cir. 1978) ("courts are particularly apt to take notice of material in court files"); *Marsh Investment Corp. v. Langford*, 490 F. Supp. 1320, 1322 (D. La. 1980) *aff'd* 652 F.2d 583 (5th Cir. 1981) *cert. denied sub. nom.*; *Ponchartrain State Bank v. Marsh Investment Corp.*, 454 U.S. 1163, (1982) ("judicial notice taken that defendant had filed a petition in bankruptcy"); *Matter of Maplewood Poultry Co.,* 2 B.R. 545, 546 (Bankr. D.Me. 1980) (bankruptcy court took judicial notice of "all administrative and judicial actions previously undertaken" in the bankruptcy case).

Respectfully submitted,

**SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP**

DATED: May 22, 2025

By:    /s/ Rika M. Kido
_____
Leonard M. Shulman
Rika M. Kido
Attorneys for Sparknest, LLC, a Delaware Limited Liability Company

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Page 5

# EXHIBIT 1

**Page 5**

LAWYERS TITLE

12/16/2013 08:00 AM Fees: $18.00
Page 1 of 2  Doc T Tax Paid
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

**RECORDING REQUESTED BY:**
Lawyers Title

**AND WHEN RECORDED MAIL TO:**

FU BANG GROUP CORP. USA

17700 CASTLETON ST. #378
CITY OF INDUSTRY, CA 91748

\*\*This document was electronically submitted
to the County of Riverside for recording\*\*
Receipted by: MGREGSTON

DTT OK - D

THIS SPACE FOR RECORDER'S USE ONLY:

11309843

| Title Order No.: 113091843 | Escrow No.: 122582-AW |
|---|---|

279.460.064 **GRANT DEED**

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
**DOCUMENTARY TRANSFER TAX is** $8,030.00
[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
~~[X] Unincorporated area~~  [ ] City of **AND**

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**IGI INVESTMENT, LLC, a California Limited Liability Company**

hereby GRANT(s) to:

**FU BANG GROUP CORP. USA, a California Corporation**

the real property in the City of Corona,  County of Riverside, State of California, described as:
Lot 2 of Tract No. 33151, in the City of Corona, County of Riverside, State of California,  as per map recorded in
Book 422, Pages 52  through 56, inclusive of Maps,  in the office of the County Recorder of said county.
Also Known as:  VACANT LAND APN# 279-460-064-6, CORONA, CA

TRA#004-160

**DATED August 22, 2013**
STATE OF CALIFORNIA
COUNTY OF __LOS ANGELES__
On __AUGUST 23, 2013__
before me, __H. C. WANG__,
A Notary Public personally appeared
VICTOR HONG and SHUN-HSING LU

who proved to me on the basis of satisfactory evidence to be
the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies),
and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s)
acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State
of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

Signature __A. C. Wang__

IGI INVESTMENT, LLC, a California Limited Liability
Company
    By:Green Century Development, LLC,   a California
    Limited Liability Company, Managing Member

By: _____
Victor Hong, Managing Member

By: _____
Shun-Hsing Lu, Managing Member

H. C. WANG
COMM. # 1891216
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
COMM. EXPIRES JUNE 24, 2014

(Seal)

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE:

**EXHIBIT "1"**

File No:  113091843

# EXHIBIT "A"

All that certain real property situated in the County of Riverside, State of California, described as follows:

Lot 2 of Tract No. 33151, in the City of Corona, County of Riverside, State of California, as per map recorded in Book 422, Pages 52 through 56, inclusive, of Maps, in the Office of the County Recorder of said County.

Assessor's Parcel Number: 279-460-064-6

# EXHIBIT "1"

Page 8

**EXHIBIT 2**

**Page 8**

DOC # 2016-0137808
04/07/2016 03:47 PM Fees: $49.00
Page 1 of 9
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: MARIA #309

**RECORDATION REQUESTED BY:**

# Old Republic Title Company
## Major Accounts - Commercial Division
2676007351-JL

**WHEN RECORDED MAIL TO:**
FIRST CREDIT BANK, a California banking corporation
Sunset-Doheny Branch
9255 SUNSET BOULEVARD
WEST HOLLYWOOD, CA  90069

**SEND TAX NOTICES TO:**
FU BANG GROUP CORP, USA, a California corporation
17700 CASTLETON STREET, SUITE 378
CITY OF INDUSTRY, CA  91748

**FOR RECORDER'S USE ONLY**



APN 279-460-064-6

## CONSTRUCTION DEED OF TRUST

**THIS DEED OF TRUST is dated March 18, 2016, among FU BANG GROUP CORP, USA, a California corporation, whose address is 17700 CASTLETON STREET, SUITE 378, CITY OF INDUSTRY, CA  91748 ("Trustor"); FIRST CREDIT BANK, a California banking corporation, whose address is Sunset-Doheny Branch, 9255 SUNSET BOULEVARD, WEST HOLLYWOOD, CA  90069 (referred to below sometimes as "Lender" and sometimes as "Beneficiary"); and FIRST CREDIT BANK, a California banking corporation, whose address is 9255 Sunset Boulevard, West Hollywood, CA  90069 (referred to below as "Trustee").**

**CONVEYANCE AND GRANT.** For valuable consideration, Trustor irrevocably grants, transfers and assigns to Trustee in trust, with power of sale, for the benefit of Lender as Beneficiary, all of Trustor's right, title, and interest in and to the following described real property, together with all existing or subsequently erected or affixed buildings, improvements and fixtures; all easements, rights of way, and appurtenances; all water, water rights and ditch rights (including stock in utilities with ditch or irrigation rights); and all other rights, royalties, and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar matters, **(the "Real Property") located in Riverside County, State of California:**

> **Lot 2 of Tract No. 33151, in the City of Corona, County of Riverside, State of California, as per map recorded in Book 422 Page(s) 52 through 56, inclusive of Maps, in the Office of the County Recorder of said County.**

Trustor presently assigns to Lender (also known as Beneficiary in this Deed of Trust) all of Trustor's right, title, and interest in and to all present and future leases of the Property and all Rents from the Property. This is an absolute assignment of Rents made in connection with an obligation secured by real property pursuant to California Civil Code Section 2938. In addition, Trustor grants to Lender a Uniform Commercial Code security interest in the Personal Property and Rents.

**THIS DEED OF TRUST, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS GIVEN TO SECURE (A) PAYMENT OF THE INDEBTEDNESS AND (B) PERFORMANCE OF ANY AND ALL OBLIGATIONS UNDER THE NOTE, THE RELATED DOCUMENTS, AND THIS DEED OF TRUST. THIS DEED OF TRUST, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS ALSO GIVEN TO SECURE ANY AND ALL OF TRUSTOR'S OBLIGATIONS UNDER THAT CERTAIN CONSTRUCTION LOAN AGREEMENT BETWEEN TRUSTOR AND LENDER OF EVEN DATE HEREWITH. ANY EVENT OF DEFAULT UNDER THE CONSTRUCTION LOAN AGREEMENT, OR ANY OF THE RELATED DOCUMENTS REFERRED TO THEREIN, SHALL ALSO BE AN EVENT OF DEFAULT UNDER THIS DEED OF TRUST. THIS DEED OF TRUST IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:**

**PAYMENT AND PERFORMANCE.** Except as otherwise provided in this Deed of Trust, Trustor shall pay to Lender all amounts secured by this Deed of Trust as they become due, and shall strictly and in a timely manner perform all of Trustor's obligations under the Note, this Deed of Trust, and the Related Documents.

**CONSTRUCTION MORTGAGE.** This Deed of Trust is a "construction mortgage" for the purposes of Sections 9-334 and 2A-309 of the Uniform Commercial Code, as those sections have been adopted by the State of California.

**POSSESSION AND MAINTENANCE OF THE PROPERTY.** Trustor agrees that Trustor's possession and use of the Property shall be governed by the following provisions:

> **Possession and Use.** Until the occurrence of an Event of Default, Trustor may (1) remain in possession and control of the Property; (2) use, operate or manage the Property; and (3) collect the Rents from the Property.

> **Duty to Maintain.** Trustor shall maintain the Property in tenantable condition and promptly perform all repairs, replacements, and

2676007351 (2)
Non-Order Search
Doc: 2016-137808 TDR 04-07-2016

**EXHIBIT "2"**
Page 1 of 20

Requested By: Richard Martinez , Printed: 10/8/2024 1:01 PM

**Page 9**

## DEED OF TRUST
### (Continued)

Page 2

maintenance necessary to preserve its value.

**Compliance With Environmental Laws.** Trustor represents and warrants to Lender that: (1) During the period of Trustor's ownership of the Property, there has been no use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance by any person on, under, about or from the Property; (2) Trustor has no knowledge of, or reason to believe that there has been, except as previously disclosed to and acknowledged by Lender in writing, (a) any breach or violation of any Environmental Laws, (b) any use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance on, under, about or from the Property by any prior owners or occupants of the Property, or (c) any actual or threatened litigation or claims of any kind by any person relating to such matters; and (3) Except as previously disclosed to and acknowledged by Lender in writing, (a) neither Trustor nor any tenant, contractor, agent or other authorized user of the Property shall use, generate, manufacture, store, treat, dispose of or release any Hazardous Substance on, under, about or from the Property; and (b) any such activity shall be conducted in compliance with all applicable federal, state, and local laws, regulations and ordinances, including without limitation all Environmental Laws. Trustor authorizes Lender and its agents to enter upon the Property to make such inspections and tests, at Trustor's expense, as Lender may deem appropriate to determine compliance of the Property with this section of the Deed of Trust. Any inspections or tests made by Lender shall be for Lender's purposes only and shall not be construed to create any responsibility or liability on the part of Lender to Trustor or to any other person. The representations and warranties contained herein are based on Trustor's due diligence in investigating the Property for Hazardous Substances. Trustor hereby (1) releases and waives any future claims against Lender for indemnity or contribution in the event Trustor becomes liable for cleanup or other costs under any such laws; and (2) agrees to indemnify, defend, and hold harmless Lender against any and all claims, losses, liabilities, damages, penalties, and expenses which Lender may directly or indirectly sustain or suffer resulting from a breach of this section of the Deed of Trust or as a consequence of any use, generation, manufacture, storage, disposal, release or threatened release occurring prior to Trustor's ownership or interest in the Property, whether or not the same was or should have been known to Trustor. The provisions of this section of the Deed of Trust, including the obligation to indemnify and defend, shall survive the payment of the Indebtedness and the satisfaction and reconveyance of the lien of this Deed of Trust and shall not be affected by Lender's acquisition of any interest in the Property, whether by foreclosure or otherwise.

**Nuisance, Waste.** Trustor shall not cause, conduct or permit any nuisance nor commit, permit, or suffer any stripping of or waste on or to the Property or any portion of the Property. Without limiting the generality of the foregoing, Trustor will not remove, or grant to any other party the right to remove, any timber, minerals (including oil and gas), coal, clay, scoria, soil, gravel or rock products without Lender's prior written consent.

**Removal of Improvements.** Trustor shall not demolish or remove any Improvements from the Real Property without Lender's prior written consent. As a condition to the removal of any Improvements, Lender may require Trustor to make arrangements satisfactory to Lender to replace such Improvements with Improvements of at least equal value.

**Lender's Right to Enter.** Lender and Lender's agents and representatives may enter upon the Real Property at all reasonable times to attend to Lender's interests and to inspect the Real Property for purposes of Trustor's compliance with the terms and conditions of this Deed of Trust.

**Compliance with Governmental Requirements.** Trustor shall promptly comply with all laws, ordinances, and regulations, now or hereafter in effect, of all governmental authorities applicable to the use or occupancy of the Property, including without limitation, the Americans With Disabilities Act. Trustor may contest in good faith any such law, ordinance, or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as Trustor has notified Lender in writing prior to doing so and so long as, in Lender's sole opinion, Lender's interests in the Property are not jeopardized. Lender may require Trustor to post adequate security or a surety bond, reasonably satisfactory to Lender, to protect Lender's interest.

**Duty to Protect.** Trustor agrees neither to abandon or leave unattended the Property. Trustor shall do all other acts, in addition to those acts set forth above in this section, which from the character and use of the Property are reasonably necessary to protect and preserve the Property.

**Construction Loan.** If some or all of the proceeds of the loan creating the Indebtedness are to be used to construct or complete construction of any Improvements on the Property, the Improvements shall be completed no later than the maturity date of the Note (or such earlier date as Lender may reasonably establish) and Trustor shall pay in full all costs and expenses in connection with the work. Lender will disburse loan proceeds under such terms and conditions as Lender may deem reasonably necessary to insure that the interest created by this Deed of Trust shall have priority over all possible liens, including those of material suppliers and workmen. Lender may require, among other things, that disbursement requests be supported by receipted bills, expense affidavits, waivers of liens, construction progress reports, and such other documentation as Lender may reasonably request.

**DUE ON SALE - CONSENT BY LENDER.** Lender may, at Lender's option, declare immediately due and payable all sums secured by this Deed of Trust upon the sale or transfer, without Lender's prior written consent, of all or any part of the Real Property, or any interest in the Real Property. A "sale or transfer" means the conveyance of Real Property or any right, title or interest in the Real Property; whether legal, beneficial or equitable; whether voluntary or involuntary; whether by outright sale, deed, installment sale contract, land contract, contract for deed, leasehold interest with a term greater than three (3) years, lease-option contract, or by sale, assignment, or transfer of any beneficial interest in or to any land trust holding title to the Real Property, or by any other method of conveyance of an interest in the Real Property. If any Trustor is a corporation, partnership or limited liability company, transfer also includes any change in ownership of more than twenty-five percent (25%) of the voting stock, partnership interests or limited liability company interests, as the case may be, of such Trustor. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law.

**TAXES AND LIENS.** The following provisions relating to the taxes and liens on the Property are part of this Deed of Trust:

**Payment.** Trustor shall pay when due (and in all events at least ten (10) days prior to delinquency) all taxes, special taxes, assessments, charges (including water and sewer), fines and impositions levied against or on account of the Property, and shall pay when due all claims for work done on or for services rendered or material furnished to the Property. Trustor shall maintain the Property free of all liens having priority over or equal to the interest of Lender under this Deed of Trust, except for the lien of taxes and assessments not due and except as otherwise provided in this Deed of Trust.

**EXHIBIT "2"**

Page 2 of 20

## DEED OF TRUST
### (Continued)

Page 3

**Right to Contest.** Trustor may withhold payment of any tax, assessment, or claim in connection with a good faith dispute over the obligation to pay, so long as Lender's interest in the Property is not jeopardized. If a lien arises or is filed as a result of nonpayment, Trustor shall within fifteen (15) days after the lien arises or, if a lien is filed, within fifteen (15) days after Trustor has notice of the filing, secure the discharge of the lien, or if requested by Lender, deposit with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender in an amount sufficient to discharge the lien plus any costs and attorneys' fees, or other charges that could accrue as a result of a foreclosure or sale under the lien. In any contest, Trustor shall defend itself and Lender and shall satisfy any adverse judgment before enforcement against the Property. Trustor shall name Lender as an additional obligee under any surety bond furnished in the contest proceedings.

**Evidence of Payment.** Trustor shall upon demand furnish to Lender satisfactory evidence of payment of the taxes or assessments and shall authorize the appropriate governmental official to deliver to Lender at any time a written statement of the taxes and assessments against the Property.

**Notice of Construction.** Trustor shall notify Lender at least fifteen (15) days before any work is commenced, any services are furnished, or any materials are supplied to the Property, if any mechanic's lien, materialmen's lien, or other lien could be asserted on account of the work, services, or materials and the cost exceeds $10,000.00. Trustor will upon request of Lender furnish to Lender advance assurances satisfactory to Lender that Trustor can and will pay the cost of such improvements.

**PROPERTY DAMAGE INSURANCE.** The following provisions relating to insuring the Property are a part of this Deed of Trust.

**Maintenance of Insurance.** Trustor shall procure and maintain policies of fire insurance with standard extended coverage endorsements on a replacement basis for the full insurable value covering all Improvements on the Real Property in an amount sufficient to avoid application of any coinsurance clause, and with a standard mortgagee clause in favor of Lender. Trustor shall also procure and maintain comprehensive general liability insurance in such coverage amounts as Lender may request with Trustee and Lender being named as additional insureds in such liability insurance policies. Additionally, Trustor shall maintain such other insurance, including but not limited to hazard, business interruption, and boiler insurance, as Lender may reasonably require. Notwithstanding the foregoing, in no event shall Trustor be required to provide hazard insurance in excess of the replacement value of the improvements on the Real Property. Policies shall be written in form, amounts, coverages and basis reasonably acceptable to Lender and issued by a company or companies reasonably acceptable to Lender. Trustor, upon request of Lender, will deliver to Lender from time to time the policies or certificates of insurance in form satisfactory to Lender, including stipulations that coverages will not be cancelled or diminished without at least ten (10) days prior written notice to Lender. Each insurance policy also shall include an endorsement providing that coverage in favor of Lender will not be impaired in any way by any act, omission or default of Trustor or any other person. Should the Real Property be located in an area designated by the Administrator of the Federal Emergency Management Agency as a special flood hazard area, Trustor agrees to obtain and maintain Federal Flood Insurance, if available, for the full unpaid principal balance of the loan and any prior liens on the property securing the loan, up to the maximum policy limits set under the National Flood Insurance Program, or as otherwise required by Lender, and to maintain such insurance for the term of the loan.

**Application of Proceeds.** Trustor shall promptly notify Lender of any loss or damage to the Property if the estimated cost of repair or replacement exceeds $5,000.00. Lender may make proof of loss if Trustor fails to do so within fifteen (15) days of the casualty. If in Lender's sole judgment Lender's security interest in the Property has been impaired, Lender may, at Lender's election, receive and retain the proceeds of any insurance and apply the proceeds to the reduction of the Indebtedness, payment of any lien affecting the Property, or the restoration and repair of the Property. If the proceeds are to be applied to restoration and repair, Trustor shall repair or replace the damaged or destroyed Improvements in a manner satisfactory to Lender. Lender shall, upon satisfactory proof of such expenditure, pay or reimburse Trustor from the proceeds for the reasonable cost of repair or restoration if Trustor is not in default under this Deed of Trust. Any proceeds which have not been disbursed within 180 days after their receipt and which Lender has not committed to the repair or restoration of the Property shall be used first to pay any amount owing to Lender under this Deed of Trust, then to pay accrued interest, and the remainder, if any, shall be applied to the principal balance of the Indebtedness. If Lender holds any proceeds after payment in full of the Indebtedness, such proceeds shall be paid to Trustor as Trustor's interests may appear.

**Trustor's Report on Insurance.** Upon request of Lender, however not more than once a year, Trustor shall furnish to Lender a report on each existing policy of insurance showing: (1) the name of the insurer; (2) the risks insured; (3) the amount of the policy; (4) the property insured, the then current replacement value of such property, and the manner of determining that value; and (5) the expiration date of the policy. Trustor shall, upon request of Lender, have an independent appraiser satisfactory to Lender determine the cash value replacement cost of the Property.

**LENDER'S EXPENDITURES.** If any action or proceeding is commenced that would materially affect Lender's interest in the Property or if Trustor fails to comply with any provision of this Deed of Trust or any Related Documents, including but not limited to Trustor's failure to discharge or pay when due any amounts Trustor is required to discharge or pay under this Deed of Trust or any Related Documents, Lender on Trustor's behalf may (but shall not be obligated to) take any action that Lender deems appropriate, including but not limited to discharging or paying all taxes, liens, security interests, encumbrances and other claims, at any time levied or placed on the Property and paying all costs for insuring, maintaining and preserving the Property. All such expenditures incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Note from the date incurred or paid by Lender to the date of repayment by Trustor. All such expenses will become a part of the Indebtedness and, at Lender's option, will (A) be payable on demand; (B) be added to the balance of the Note and be apportioned among and be payable with any installment payments to become due during either (1) the term of any applicable insurance policy; or (2) the remaining term of the Note; or (C) be treated as a balloon payment which will be due and payable at the Note's maturity. The Deed of Trust also will secure payment of these amounts. Such right shall be in addition to all other rights and remedies to which Lender may be entitled upon Default.

**WARRANTY; DEFENSE OF TITLE.** The following provisions relating to ownership of the Property are a part of this Deed of Trust:

**Title.** Trustor warrants that: (a) Trustor holds good and marketable title of record to the Property in fee simple, free and clear of all liens and encumbrances other than those set forth in the Real Property description or in any title insurance policy, title report, or final title opinion issued in favor of, and accepted by, Lender in connection with this Deed of Trust, and (b) Trustor has the full right, power, and authority to execute and deliver this Deed of Trust to Lender.

### EXHIBIT "2"

Non-Order Search
Doc: 2016-137808 TDR 04-07-2016

Requested By: Richard Martinez,  Printed: 10/8/2024 1:01 PM

**Page 11**

## DEED OF TRUST
### (Continued)

Page 4

**Defense of Title.** Subject to the exception in the paragraph above, Trustor warrants and will forever defend the title to the Property against the lawful claims of all persons. In the event any action or proceeding is commenced that questions Trustor's title or the interest of Trustee or Lender under this Deed of Trust, Trustor shall defend the action at Trustor's expense. Trustor may be the nominal party in such proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of Lender's own choice, and Trustor will deliver, or cause to be delivered, to Lender such instruments as Lender may request from time to time to permit such participation.

**Compliance With Laws.** Trustor warrants that the Property and Trustor's use of the Property complies with all existing applicable laws, ordinances, and regulations of governmental authorities.

**Survival of Representations and Warranties.** All representations, warranties, and agreements made by Trustor in this Deed of Trust shall survive the execution and delivery of this Deed of Trust, shall be continuing in nature, and shall remain in full force and effect until such time as Trustor's Indebtedness shall be paid in full.

**CONDEMNATION.** The following provisions relating to eminent domain and inverse condemnation proceedings are a part of this Deed of Trust:

**Proceedings.** If any eminent domain or inverse condemnation proceeding is commenced affecting the Property, Trustor shall promptly notify Lender in writing, and Trustor shall promptly take such steps as may be necessary to pursue or defend the action and obtain the award. Trustor may be the nominal party in any such proceeding, but Lender shall be entitled, at its election, to participate in the proceeding and to be represented in the proceeding by counsel of its own choice, and Trustor will deliver or cause to be delivered to Lender such instruments and documentation as may be requested by Lender from time to time to permit such participation.

**Application of Net Proceeds.** If any award is made or settlement entered into in any condemnation proceedings affecting all or any part of the Property or by any proceeding or purchase in lieu of condemnation, Lender may at its election, and to the extent permitted by law, require that all or any portion of the award or settlement be applied to the Indebtedness and to the repayment of all reasonable costs, expenses, and attorneys' fees incurred by Trustee or Lender in connection with the condemnation proceedings.

**IMPOSITION OF TAXES, FEES AND CHARGES BY GOVERNMENTAL AUTHORITIES.** The following provisions relating to governmental taxes, fees and charges are a part of this Deed of Trust:

**Current Taxes, Fees and Charges.** Upon request by Lender, Trustor shall execute such documents in addition to this Deed of Trust and take whatever other action is requested by Lender to perfect and continue Lender's lien on the Real Property. Trustor shall reimburse Lender for all taxes, as described below, together with all expenses incurred in recording, perfecting or continuing this Deed of Trust, including without limitation all taxes, fees, documentary stamps, and other charges for recording or registering this Deed of Trust.

**Taxes.** The following shall constitute taxes to which this section applies: (1) a specific tax upon this type of Deed of Trust or upon all or any part of the Indebtedness secured by this Deed of Trust; (2) a specific tax on Trustor which Trustor is authorized or required to deduct from payments on the Indebtedness secured by this type of Deed of Trust; (3) a tax on this type of Deed of Trust chargeable against the Lender or the holder of the Note; and (4) a specific tax on all or any portion of the Indebtedness or on payments of principal and interest made by Trustor.

**Subsequent Taxes.** If any tax to which this section applies is enacted subsequent to the date of this Deed of Trust, this event shall have the same effect as an Event of Default, and Lender may exercise any or all of its available remedies for an Event of Default as provided below unless Trustor either (1) pays the tax before it becomes delinquent, or (2) contests the tax as provided above in the Taxes and Liens section and deposits with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender.

**SECURITY AGREEMENT; FINANCING STATEMENTS.** The following provisions relating to this Deed of Trust as a security agreement are a part of this Deed of Trust:

**Security Agreement.** This instrument shall constitute a Security Agreement to the extent any of the Property constitutes fixtures, and Lender shall have all of the rights of a secured party under the Uniform Commercial Code as amended from time to time.

**Security Interest.** Upon request by Lender, Trustor shall take whatever action is requested by Lender to perfect and continue Lender's security interest in the Rents and Personal Property. Trustor shall reimburse Lender for all expenses incurred in perfecting or continuing this security interest. Upon default, Trustor shall not remove, sever or detach the Personal Property from the Property. Upon default, Trustor shall assemble any Personal Property not affixed to the Property in a manner and at a place reasonably convenient to Trustor and Lender and make it available to Lender within three (3) days after receipt of written demand from Lender to the extent permitted by applicable law.

**Addresses.** The mailing addresses of Trustor (debtor) and Lender (secured party) from which information concerning the security interest granted by this Deed of Trust may be obtained (each as required by the Uniform Commercial Code) are as stated on the first page of this Deed of Trust.

**FURTHER ASSURANCES; ATTORNEY-IN-FACT.** The following provisions relating to further assurances and attorney-in-fact are a part of this Deed of Trust:

**Further Assurances.** At any time, and from time to time, upon request of Lender, Trustor will make, execute and deliver, or will cause to be made, executed or delivered, to Lender or to Lender's designee, and when requested by Lender, cause to be filed, recorded, refiled, or rerecorded, as the case may be, at such times and in such offices and places as Lender may deem appropriate, any and all such mortgages, deeds of trust, security deeds, security agreements, financing statements, continuation statements, instruments of further assurance, certificates, and other documents as may, in the sole opinion of Lender, be necessary or desirable in order to effectuate, complete, perfect, continue, or preserve (1) Trustor's obligations under the Note, this Deed of Trust, and the Related Documents, and (2) the liens and security interests created by this Deed of Trust as first and prior liens on the Property, whether now owned or hereafter acquired by Trustor. Unless prohibited by law or Lender agrees to the contrary in writing, Trustor shall reimburse Lender for all costs and expenses incurred in connection with the matters referred to in this paragraph.

**Attorney-in-Fact.** If Trustor fails to do any of the things referred to in the preceding paragraph, Lender may do so for and in the name

<b>EXHIBIT "2"</b>

Non-Order Search                                      Page 4 of 20                Requested By: Richard Martinez, Printed: 10/8/2024 1:01 PM
Doc: 2016-137808 TDR 04-07-2016

Page 12

## DEED OF TRUST
## (Continued)

Page 5

---

of Trustor and at Trustor's expense. For such purposes, Trustor hereby irrevocably appoints Lender as Trustor's attorney-in-fact for the purpose of making, executing, delivering, filing, recording, and doing all other things as may be necessary or desirable, in Lender's sole opinion, to accomplish the matters referred to in the preceding paragraph.

**FULL PERFORMANCE.** If Trustor pays all the Indebtedness when due, and otherwise performs all the obligations imposed upon Trustor under this Deed of Trust, Lender shall execute and deliver to Trustee a request for full reconveyance and shall execute and deliver to Trustor suitable statements of termination of any financing statement on file evidencing Lender's security interest in the Rents and the Personal Property. Lender may charge Trustor a reasonable reconveyance fee at the time of reconveyance.

**EVENTS OF DEFAULT.** Each of the following, at Lender's option, shall constitute an Event of Default under this Deed of Trust:

**Payment Default.** Trustor fails to make any payment when due under the Indebtedness.

**Other Defaults.** Trustor fails to comply with or to perform any other term, obligation, covenant or condition contained in this Deed of Trust or in any of the Related Documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Trustor.

**Compliance Default.** Failure to comply with any other term, obligation, covenant or condition contained in this Deed of Trust, the Note or in any of the Related Documents.

**Default on Other Payments.** Failure of Trustor within the time required by this Deed of Trust to make any payment for taxes or insurance, or any other payment necessary to prevent filing of or to effect discharge of any lien.

**Default in Favor of Third Parties.** Should Grantor default under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Grantor's property or Grantor's ability to repay the Indebtedness or Grantor's ability to perform Grantor's obligations under this Deed of Trust or any of the Related Documents.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Trustor or on Trustor's behalf under this Deed of Trust or the Related Documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Defective Collateralization.** This Deed of Trust or any of the Related Documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Insolvency.** The dissolution or termination of Trustor's existence as a going business, the insolvency of Trustor, the appointment of a receiver for any part of Trustor's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Trustor.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Trustor or by any governmental agency against any property securing the Indebtedness. This includes a garnishment of any of Trustor's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Trustor as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Trustor gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Breach of Other Agreement.** Any breach by Trustor under the terms of any other agreement between Trustor and Lender that is not remedied within any grace period provided therein, including without limitation any agreement concerning any indebtedness or other obligation of Trustor to Lender, whether existing now or later.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any Guarantor of any of the Indebtedness or any Guarantor dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any Guaranty of the Indebtedness.

**Adverse Change.** A material adverse change occurs in Trustor's financial condition, or Lender believes the prospect of payment or performance of the Indebtedness is impaired.

**Insecurity.** Lender in good faith believes itself insecure.

**Right to Cure.** If any default, other than a default in payment, is curable and if Trustor has not been given a notice of a breach of the same provision of this Deed of Trust within the preceding twelve (12) months, it may be cured if Trustor, after Lender sends written notice to Trustor demanding cure of such default: (1) cures the default within fifteen (15) days; or (2) if the cure requires more than fifteen (15) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**RIGHTS AND REMEDIES ON DEFAULT.** If an Event of Default occurs under this Deed of Trust, at any time thereafter, Trustee or Lender may exercise any one or more of the following rights and remedies:

**Election of Remedies.** Election by Lender to pursue any remedy shall not exclude pursuit of any other remedy, and an election to make expenditures or to take action to perform an obligation of Trustor under this Deed of Trust, after Trustor's failure to perform, shall not affect Lender's right to declare a default and exercise its remedies.

**Foreclosure by Sale.** Upon an Event of Default under this Deed of Trust, Beneficiary may declare the entire Indebtedness secured by this Deed of Trust immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold the Property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed of Trust, the Note, other documents requested by Trustee, and all documents evidencing expenditures secured hereby. After the lapse of such time as may then be required by law following the recordation of the notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell the Property at the time and place fixed by it in the notice of sale, either as a whole or in separate parcels, and in such order as it may

**EXHIBIT "2"**

Page 5 of 20

Non-Order Search
Doc: 2016-137808 TDR 04-07-2016

Requested By: Richard Martinez, Printed: 10/8/2024 1:01 PM

Page 13

## DEED OF TRUST
### (Continued)

determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of the Property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement in accordance with applicable law. Trustee shall deliver to such purchaser its deed conveying the Property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee or Beneficiary may purchase at such sale. After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

**Judicial Foreclosure.** With respect to all or any part of the Real Property, Lender shall have the right in lieu of foreclosure by power of sale to foreclose by judicial foreclosure in accordance with and to the full extent provided by California law.

**UCC Remedies.** With respect to all or any part of the Personal Property, Lender shall have all the rights and remedies of a secured party under the Uniform Commercial Code, including without limitation the right to recover any deficiency in the manner and to the full extent provided by California law.

**Collect Rents.** Lender shall have the right, without notice to Trustor to take possession of and manage the Property and collect the Rents, including amounts past due and unpaid, and apply the net proceeds, over and above Lender's costs, against the Indebtedness. In furtherance of this right, Lender may require any tenant or other user of the Property to make payments of rent or use fees directly to Lender. If the Rents are collected by Lender, then Trustor irrevocably designates Lender as Trustor's attorney-in-fact to endorse instruments received in payment thereof in the name of Trustor and to negotiate the same and collect the proceeds. Payments by tenants or other users to Lender in response to Lender's demand shall satisfy the obligations for which the payments are made, whether or not any proper grounds for the demand existed. Lender may exercise its rights under this subparagraph either in person, by agent, or through a receiver.

**Appoint Receiver.** Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness. The receiver may serve without bond if permitted by law. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount. Employment by Lender shall not disqualify a person from serving as a receiver.

**Tenancy at Sufferance.** If Trustor remains in possession of the Property after the Property is sold as provided above or Lender otherwise becomes entitled to possession of the Property upon default of Trustor, Trustor shall become a tenant at sufferance of Lender or the purchaser of the Property and shall, at Lender's option, either (1) pay a reasonable rental for the use of the Property, or (2) vacate the Property immediately upon the demand of Lender.

**Other Remedies.** Trustee or Lender shall have any other right or remedy provided in this Deed of Trust or the Note or available at law or in equity.

**Notice of Sale.** Lender shall give Trustor reasonable notice of the time and place of any public sale of the Personal Property or of the time after which any private sale or other intended disposition of the Personal Property is to be made. Reasonable notice shall mean notice given at least ten (10) days before the time of the sale or disposition. Any sale of the Personal Property may be made in conjunction with any sale of the Real Property.

**Sale of the Property.** To the extent permitted by applicable law, Trustor hereby waives any and all rights to have the Property marshalled. In exercising its rights and remedies, the Trustee or Lender shall be free to sell all or any part of the Property together or separately, in one sale or by separate sales. Lender shall be entitled to bid at any public sale on all or any portion of the Property.

**Attorneys' Fees; Expenses.** If Lender institutes any suit or action to enforce any of the terms of this Deed of Trust, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid. Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees, title insurance, and fees for the Trustee, to the extent permitted by applicable law. Trustor also will pay any court costs, in addition to all other sums provided by law.

**Rights of Trustee.** Trustee shall have all of the rights and duties of Lender as set forth in this section.

**POWERS AND OBLIGATIONS OF TRUSTEE.** The following provisions relating to the powers and obligations of Trustee are part of this Deed of Trust:

**Powers of Trustee.** In addition to all powers of Trustee arising as a matter of law, Trustee shall have the power to take the following actions with respect to the Property upon the written request of Lender and Trustor: (a) join in preparing and filing a map or plat of the Real Property, including the dedication of streets or other rights to the public; (b) join in granting any easement or creating any restriction on the Real Property; and (c) join in any subordination or other agreement affecting this Deed of Trust or the interest of Lender under this Deed of Trust.

**Obligations to Notify.** Trustee shall not be obligated to notify any other party of a pending sale under any other trust deed or lien, or of any action or proceeding in which Trustor, Lender, or Trustee shall be a party, unless the action or proceeding is brought by Trustee.

**Trustee.** Trustee shall meet all qualifications required for Trustee under applicable law. In addition to the rights and remedies set

**EXHIBIT "2"**

Non-Order Search
Doc: 2016-137808 TDR 04-07-2016

Requested By: Richard Martinez, Printed: 10/8/2024 1:01 PM

**Page 14**

# DEED OF TRUST
## (Continued)

Page 7

forth above, with respect to all or any part of the Property, the Trustee shall have the right to foreclose by notice and sale, and Lender shall have the right to foreclose by judicial foreclosure, in either case in accordance with and to the full extent provided by applicable law.

**Successor Trustee.** Lender, at Lender's option, may from time to time appoint a successor Trustee to any Trustee appointed under this Deed of Trust by an instrument executed and acknowledged by Lender and recorded in the office of the recorder of Riverside County, State of California. The instrument shall contain, in addition to all other matters required by state law, the names of the original Lender, Trustee, and Trustor, the book and page where this Deed of Trust is recorded, and the name and address of the successor trustee, and the instrument shall be executed and acknowledged by Lender or its successors in interest. The successor trustee, without conveyance of the Property, shall succeed to all the title, power, and duties conferred upon the Trustee in this Deed of Trust and by applicable law. This procedure for substitution of Trustee shall govern to the exclusion of all other provisions for substitution.

**Acceptance by Trustee.** Trustee accepts this Trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law.

**NOTICES.** Any notice required to be given under this Deed of Trust shall be given in writing, and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Deed of Trust. Trustor requests that copies of any notices of default and sale be directed to Trustor's address shown near the beginning of this Deed of Trust. All copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust shall be sent to Lender's address, as shown near the beginning of this Deed of Trust. Any party may change its address for notices under this Deed of Trust by giving formal written notice to the other parties, specifying that the purpose of the notice is to change the party's address. For notice purposes, Trustor agrees to keep Lender informed at all times of Trustor's current address. Unless otherwise provided or required by law, if there is more than one Trustor, any notice given by Lender to any Trustor is deemed to be notice given to all Trustors.

**STATEMENT OF OBLIGATION FEE.** Lender may collect a fee, not to exceed the maximum amount permitted by law, for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Deed of Trust:

**Amendments.** This Deed of Trust, together with any Related Documents, constitutes the entire understanding and agreement of the parties as to the matters set forth in this Deed of Trust. No alteration of or amendment to this Deed of Trust shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

**Annual Reports.** If the Property is used for purposes other than Trustor's residence, Trustor shall furnish to Lender, upon request, a certified statement of net operating income received from the Property during Trustor's previous fiscal year in such form and detail as Lender shall require. "Net operating income" shall mean all cash receipts from the Property less all cash expenditures made in connection with the operation of the Property.

**Arbitration. Trustor and Lender agree that all disputes, claims and controversies between them whether individual, joint, or class in nature, arising from this Deed of Trust or otherwise, including without limitation contract and tort disputes, shall be arbitrated pursuant to the Rules of the American Arbitration Association in effect at the time the claim is filed, upon request of either party. No act to take or dispose of any Property shall constitute a waiver of this arbitration agreement or be prohibited by this arbitration agreement. This includes, without limitation, obtaining injunctive relief or a temporary restraining order; invoking a power of sale under any deed of trust or mortgage; obtaining a writ of attachment or imposition of a receiver; or exercising any rights relating to personal property, including taking or disposing of such property with or without judicial process pursuant to Article 9 of the Uniform Commercial Code. Any disputes, claims, or controversies concerning the lawfulness or reasonableness of any act, or exercise of any right, concerning any Property, including any claim to rescind, reform, or otherwise modify any agreement relating to the Property, shall also be arbitrated, provided however that no arbitrator shall have the right or the power to enjoin or restrain any act of any party. Trustor and Lender agree that in the event of an action for judicial foreclosure pursuant to California Code of Civil Procedure Section 726, or any similar provision in any other state, the commencement of such an action will not constitute a waiver of the right to arbitrate and the court shall refer to arbitration as much of such action, including counterclaims, as lawfully may be referred to arbitration. Judgment upon any award rendered by any arbitrator may be entered in any court having jurisdiction. Nothing in this Deed of Trust shall preclude any party from seeking equitable relief from a court of competent jurisdiction. The statute of limitations, estoppel, waiver, laches, and similar doctrines which would otherwise be applicable in an action brought by a party shall be applicable in any arbitration proceeding, and the commencement of an arbitration proceeding shall be deemed the commencement of an action for these purposes. The Federal Arbitration Act shall apply to the construction, interpretation, and enforcement of this arbitration provision.**

**Caption Headings.** Caption headings in this Deed of Trust are for convenience purposes only and are not to be used to interpret or define the provisions of this Deed of Trust.

**Merger.** There shall be no merger of the interest or estate created by this Deed of Trust with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender.

**Governing Law. This Deed of Trust will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of California without regard to its conflicts of law provisions. This Deed of Trust has been accepted by Lender in the State of California.**

**No Waiver by Lender.** Lender shall not be deemed to have waived any rights under this Deed of Trust unless such waiver is given in writing and signed by Lender. No delay or omission on the part of Lender in exercising any right shall operate as a waiver of such right or any other right. A waiver by Lender of a provision of this Deed of Trust shall not prejudice or constitute a waiver of Lender's right otherwise to demand strict compliance with that provision or any other provision of this Deed of Trust. No prior waiver by Lender, nor any course of dealing between Lender and Trustor, shall constitute a waiver of any of Lender's rights or of any of Trustor's obligations as to any future transactions. Whenever the consent of Lender is required under this Deed of Trust, the granting

Non-Order Search
Doc: 2016-137808 TDR 04-07-2016

Requested By: Richard Martinez, Printed: 10/8/2024 1:01 PM

**Page 15**

## DEED OF TRUST
## (Continued)

of such consent by Lender in any instance shall not constitute continuing consent to subsequent instances where such consent is required and in all cases such consent may be granted or withheld in the sole discretion of Lender.

**Severability.** If a court of competent jurisdiction finds any provision of this Deed of Trust to be illegal, invalid, or unenforceable as to any circumstance, that finding shall not make the offending provision illegal, invalid, or unenforceable as to any other circumstance. If feasible, the offending provision shall be considered modified so that it becomes legal, valid and enforceable. If the offending provision cannot be so modified, it shall be considered deleted from this Deed of Trust. Unless otherwise required by law, the illegality, invalidity, or unenforceability of any provision of this Deed of Trust shall not affect the legality, validity or enforceability of any other provision of this Deed of Trust.

**Successors and Assigns.** Subject to any limitations stated in this Deed of Trust on transfer of Trustor's interest, this Deed of Trust shall be binding upon and inure to the benefit of the parties, their successors and assigns. If ownership of the Property becomes vested in a person other than Trustor, Lender, without notice to Trustor, may deal with Trustor's successors with reference to this Deed of Trust and the Indebtedness by way of forbearance or extension without releasing Trustor from the obligations of this Deed of Trust or liability under the Indebtedness.

**Time is of the Essence.** Time is of the essence in the performance of this Deed of Trust.

**Waive Jury. To the extent permitted by applicable law, all parties to this Deed of Trust hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by any party against any other party.**

**DEFINITIONS.** The following capitalized words and terms shall have the following meanings when used in this Deed of Trust. Unless specifically stated to the contrary, all references to dollar amounts shall mean amounts in lawful money of the United States of America. Words and terms used in the singular shall include the plural, and the plural shall include the singular, as the context may require. Words and terms not otherwise defined in this Deed of Trust shall have the meanings attributed to such terms in the Uniform Commercial Code:

**Beneficiary.** The word "Beneficiary" means FIRST CREDIT BANK, a California banking corporation, and its successors and assigns.

**Borrower.** The word "Borrower" means FU BANG GROUP CORP, USA, a California corporation and includes all co-signers and co-makers signing the Note and all their successors and assigns.

**Deed of Trust.** The words "Deed of Trust" mean this Deed of Trust among Trustor, Lender, and Trustee, and includes without limitation all assignment and security interest provisions relating to the Personal Property and Rents.

**Default.** The word "Default" means the Default set forth in this Deed of Trust in the section titled "Default".

**Environmental Laws.** The words "Environmental Laws" mean any and all state, federal and local statutes, regulations and ordinances relating to the protection of human health or the environment, including without limitation the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. Section 9601, et seq. ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et seq., the Resource Conservation and Recovery Act, 42 U.S.C. Section 6901, et seq., Chapters 6.5 through 7.7 of Division 20 of the California Health and Safety Code, Section 25100, et seq., or other applicable state or federal laws, rules, or regulations adopted pursuant thereto.

**Event of Default.** The words "Event of Default" mean any of the events of default set forth in this Deed of Trust in the events of default section of this Deed of Trust.

**Guarantor.** The word "Guarantor" means any guarantor, surety, or accommodation party of any or all of the Indebtedness.

**Guaranty.** The word "Guaranty" means the guaranty from Guarantor to Lender, including without limitation a guaranty of all or part of the Note.

**Hazardous Substances.** The words "Hazardous Substances" mean materials that, because of their quantity, concentration or physical, chemical or infectious characteristics, may cause or pose a present or potential hazard to human health or the environment when improperly used, treated, stored, disposed of, generated, manufactured, transported or otherwise handled. The words "Hazardous Substances" are used in their very broadest sense and include without limitation any and all hazardous or toxic substances, materials or waste as defined by or listed under the Environmental Laws. The term "Hazardous Substances" also includes, without limitation, petroleum and petroleum by-products or any fraction thereof and asbestos.

**Improvements.** The word "Improvements" means all existing and future improvements, buildings, structures, mobile homes affixed on the Real Property, facilities, additions, replacements and other construction on the Real Property.

**Indebtedness.** The word "Indebtedness" means all principal, interest, and other amounts, costs and expenses payable under the Note or Related Documents, together with all renewals of, extensions of, modifications of, consolidations of and substitutions for the Note or Related Documents and any amounts expended or advanced by Lender to discharge Trustor's obligations or expenses incurred by Trustee or Lender to enforce Trustor's obligations under this Deed of Trust, together with interest on such amounts as provided in this Deed of Trust.

**Lender.** The word "Lender" means FIRST CREDIT BANK, a California banking corporation, its successors and assigns.

**Note.** The word "Note" means the promissory note dated March 18, 2016, **in the original principal amount of $12,000,000.00** from Trustor to Lender, together with all renewals of, extensions of, modifications of, refinancings of, consolidations of, and substitutions for the promissory note or agreement.

**Personal Property.** The words "Personal Property" mean all equipment, fixtures, and other articles of personal property now or hereafter owned by Trustor, and now or hereafter attached or affixed to the Real Property; together with all accessions, parts, and additions to, all replacements of, and all substitutions for, any of such property; and together with all proceeds (including without limitation all insurance proceeds and refunds of premiums) from any sale or other disposition of the Property. The words "Personal Property" also include all tangible and intangible items obtained or owned by, or in the possession of Trustor that are directly or indirectly related to the acquisition, development, design, construction, permitting, marketing, or habitation of the Real Property or the

## EXHIBIT "2"

Non-Order Search
Doc: 2016-137808 TDR 04-07-2016

Requested By: Richard Martinez, Printed: 10/8/2024 1:01 PM

# DEED OF TRUST
## (Continued)

**Page 9**

Improvements to be constructed on the Real Property, whether heretofore or hereafter issued, prepared, or executed, including without limitation all permits, licenses, authorizations and approvals, trademarks and tradenames, and any and all land use entitlements, development rights, sewer capacity, approvals, density allocations and other rights or approvals relating to or authorizing the development or occupancy of the Property, plus all utility or other deposits, reimbursement rights, studies, tests, contracts, plans and specifications, relating to the Property and Improvements.

**Property.** The word "Property" means collectively the Real Property and the Personal Property.

**Real Property.** The words "Real Property" mean the real property, interests and rights, as further described in this Deed of Trust.

**Related Documents.** The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness; except that the words do not mean any guaranty or environmental agreement, whether now or hereafter existing, executed in connection with the Indebtedness.

**Rents.** The word "Rents" means all present and future leases, rents, revenues, income, issues, royalties, profits, and other benefits derived from the Property together with the cash proceeds of the Rents.

**Trustee.** The word "Trustee" means FIRST CREDIT BANK, a California banking corporation, whose address is 9255 Sunset Boulevard, West Hollywood, CA  90069 and any substitute or successor trustees.

**Trustor.** The word "Trustor" means FU BANG GROUP CORP, USA, a California corporation.

**TRUSTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS DEED OF TRUST, AND TRUSTOR AGREES TO ITS TERMS.**

**TRUSTOR:**

**FU BANG GROUP CORP, USA, A CALIFORNIA CORPORATION**

By: _____
RICHARD DON, CEO/SECRETARY of FU BANG GROUP CORP, USA, a California corporation

---

## CERTIFICATE OF ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy or validity of that document.

STATE OF _California_                          )
                                               ) SS
COUNTY OF _Los Angeles_                        )

On _March 18th_ , 20 _16_ before me, _Lisa J Roberts, Notary Public_ ,
(here insert name and title of the officer)

personally appeared **RICHARD DON**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

LISA J. ROBERTS
Commission # 1995172
Notary Public - California
Los Angeles County
My Comm. Expires Nov 20, 2016    (Seal)

**EXHIBIT "2"**

DOC#2021-0643826
10/29/2021 03:08 PM Fees: $210.00
Page 1 of 5
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: MARIA #309

**RECORDING REQUESTED BY:**

**AND WHEN RECORDED MAIL TO:**

Mingzhe Li
62 Crater
Irvine CA 92618

**A.P.N.: 279-460-064-6**

# ACCOMODATION

SPACE ABOVE THIS LINE IS FOR RECORDER'S USE

## DEED OF TRUST WITH ASSIGNMENT OF RENTS

This **DEED OF TRUST**, made October 12, 2021, 2021, between **FU BANG GROUP CORP, USA, A CALIFORNIA CORPORATION** herein called TRUSTOR, whose address is **17700 CASTLETON STREET #378, City of Industry CA 91748**, Mingzhe Li, herein called TRUSTEE, and Mingzhe Li, herein called BENEFICIARY,

**Witnesseth:** That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS to TRUSTEE IN TRUST, WITH POWER OF SALE, that property in the City of Corona, County of Riverside, California, described as follows:

Lot 2 of Tract No. 33151, in the City of Corona, County of Riverside, State of California, as per map recorded in Book 422, Pages 52 through 56, inclusive, of Maps, in the Office of the County Recorder of said County.

Assessor's Parcel Number: 279-460-064-6

**Property Address Listed as: Vacant Land 279-460-064-6/ 2798 TROY CT, CORONA CA 92883**

**Together with** the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profit.

**For the Purpose of Securing** (1) payment of the sum of $2,000,000.00 with interest thereon according to the terms of a promissory note or notes of even date, with a maturity year of 2022 herewith made by Trustor, payable to order of Beneficiary, and extensions or renewals thereof; (2) the performance of each agreement of Trustor incorporated by reference or contained herein or reciting it is so secured; (3) Payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

To protect the security of this Deed of Trust, and with respect to the property above described, Trustor expressly makes each and all of the agreements, and adopts and agrees to perform and be bound by each and all of the terms and provisions set forth in subdivision A of that certain Fictitious Deed of Trust referenced herein, and it is mutually agreed that all of the provisions set forth in subdivision B of that certain Fictitious Deed of Trust recorded in the book and page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, namely:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|--------|------|------|--------|------|------|--------|------|------|--------|------|------|
| Alameda | 1288 | 556 | Kings | 858 | 713 | Placer | 1028 | 379 | Sierra | 38 | 187 |
| Alpine | 3 | 130-31 | Lake | 437 | 110 | Plumas | 166 | 1307 | Siskiyou | 506 | 762 |
| Amador | 133 | 438 | Lassen | 192 | 367 | Riverside | 3788 | 347 | Solano | 1287 | 621 |
| Butte | 1330 | 513 | Los Angeles | T-3878 | 874 | Sacramento | 71-10-26 | 615 | Sonoma | 2067 | 427 |
| Calaveras | 185 | 338 | Madera | 911 | 136 | San Benito | 300 | 405 | Stanislaus | 1970 | 56 |
| Colusa | 323 | 391 | Marin | 1849 | 122 | San Bernardino | 6213 | 768 | Sutter | 655 | 585 |
| Contra Costa | 4684 | 1 | Mariposa | 90 | 453 | San Francisco | A-804 | 596 | Tehama | 457 | 183 |
| Del Norte | 101 | 549 | Mendocino | 667 | 99 | San Joaquin | 2855 | 283 | Trinity | 108 | 595 |
| El Dorado | 704 | 635 | Merced | 1660 | 753 | San Luis Obispo | 1311 | 137 | Tulare | 2530 | 108 |

## EXHIBIT "2"

DOC #2021-0643826   Page 2 of 5

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Fresno | 5052 | 623 | Modoc | 191 | 93 | San Mateo | 4788 | 175 | Tuolumme | 177 | 160 |
| Glenn | 469 | 76 | Mono | 69 | 302 | Santa Barbara | 2065 | 881 | Ventura | 2607 | 237 |
| Humboldt | 801 | 83 | Monterey | 357 | 239 | Santa Clara | 6626 | 664 | Yolo | 769 | 16 |
| Imperial | 1189 | 701 | Napa | 704 | 742 | Santa Cruz | 1638 | 607 | Yuba | 398 | 693 |
| Inyo | 165 | 672 | Nevada | 363 | 94 | Shasta | 800 | 633 | | | |
| Kern | 3756 | 690 | Orange | 7182 | 18 | San Diego SERIES 3 Book 1964, Page 149774 | | | | | |

shall inure to and bind the parties hereto, with respect to the property above described.  Said agreements, terms and provisions contained in said subdivision A and B, (identical in all counties are printed on the reverse side hereof) are by the within reference thereto, incorporated herein and made a part of this Deed of Trust for all purposes as fully as if set forth at length herein, and Beneficiary may charge for a statement regarding the obligation secured hereby, provided the charge thereof does not exceed the maximum allowed by laws.

The foregoing assignment of rents is absolute unless initialed here, in which case, the assignment serves as additional security.

The undersigned Trustor, requests that a copy of any notice of default and any notice of sale hereunder be mailed to him at this address hereinbefore set forth.

**FU BANG GROUP CORP, USA, A CALIFORNIA CORPORATION**

Dated:  October 12, 2021

_Richard Don_
Richard Don, CEO/Secretary of Fu Bang Group, USA, a California Corporation

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF ~~CALIFORNIA~~ _Tennessee_ )
COUNTY OF ___ _Knox_ ___ )
On ___ _10/13/2021_ ___ before me, ___ _Roy Bolinger, CNSA_ ___, a notary public,
personally appeared ___ _Richard Don_ ___

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _See attatched_ ___

(This area for official notary seal)

**EXHIBIT "2"**

## ALL-PURPOSE ACKNOWLEDGEMENT

> A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of **Tennessee** ⎫
County of **Knox**   ⎬

On ___10/13/2021___ before me, **Roy Bolinger, CNSA,** Notary Public, personally

appeared ___**Richard Don**_____

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of State of __**Tennessee**__ that the foregoing paragraph is true and correct.

ROY BOLINGER
STATE OF
TENNESSEE
NOTARY
PUBLIC
KNOX COUNTY
MY COMMISSION EXPIRES 1-29-2022

WITNESS my hand and official seal.

SIGNATURE_____

PLACE NOTARY SEAL ABOVE

**EXHIBIT "2"**

Non-Order Search
Doc: 2021-643826 TDR 10-29-2021

**DO NOT RECORD**

The following is a copy of Subdivision A and B of the fictitious Deed of Trust recorded in each county in California as stated in the foregoing Deed of Trust and incorporated by reference is said Deed of Trust as being as part thereof as if set forth at length therein.

A.    To protect the security of this Deed of Trust, Trustor agrees:

   (1)    To keep said property in good condition and repair not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefore; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

   (2)    To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy my be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

   (3)    To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

   (4)    To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, changes and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

   (5)    To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

B.    It is mutually greed:

   (1)    That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

   (2)    That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

   (3)    That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured herby, Trustee may: reconvey any part of said property; consent to the making of any map or plate thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

   (4)    That upon written request of beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention or other disposition as Trustee in its sole discretion may choose and upon payment of its fees, Trustee shall reconvey, without warranty, the property then hereunder. The recitals in such reconveyance of any matter or facts shall be conclusive proof of the truthfulness thereof. The Grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

   (5)    That as additional security, Trustor herby gives to and confers upon Beneficiary the right, power and authority, during the continuances of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

   (6)    That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale, Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the persons legally entitled thereto.

   (7)    Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

   (8)    That this Deed applies to, insures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledges, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

   (9)    That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

# EXHIBIT "2"

DOC #2021-0643826   Page 5 of 5

TO, TRUSTEE:                                              REQUEST FOR FULL RECONVEYANCE

The undersigned is the legal owner and holder of the note or notes, and of all other indebtedness secured by the foregoing Deed of Trust.  Said note or notes, together with all other indebtedness secured by said Deed of Trust, have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel said note or notes above mentioned, and all other evidences of indebtedness secured by said Deed of Trust delivered to you herewith, together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, all the estate now held by you under the same.

Date _____          _____

                                        _____

Signature must be notarized

Please mail Deed of Trust,
Note and Reconveyance to _____

<u>Do not lose or destroy this Deed of Trust OR THE NOTE which it secures.  Both must be delivered to the Trustee for cancellation before reconveyance will be made.</u>

**EXHIBIT "2"**

**DOC # 2024-0129646**
05/03/2024 11:17 AM Fees: $217.00
Page 1 of 6
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: TERESA #134

Recording Requested By:

Peter Y. Hong APC

**WHEN RECORDED MAIL TO:**

U.S. Discount Center Corp.
125 Vineland Avenue
City of Industry, CA 91746

APN: 279-460-064-6

SPACE ABOVE THIS LINE IS FOR RECORDER'S USE

# DEED OF TRUST WITH ASSIGNMENT OF RENTS

This **DEED OF TRUST**, made this _1st_ day of May, 2024, between FU BANG GROUP CORP. USA, a California corporation, as Trustor, and

U.S. Discount Center Corp., a California corporation, as Trustee and Beneficiary, whose address is at 125 Vineland Avenue, City of Industry, California 91746.

**WITNESSETH:** That Trustor irrevocably grants, transfers and assigns to Trustee in trust, **WITH POWER OF SALE**, together with right of entry and possession, the following real property, commonly known as a vacant land and 2798 Troy Court, situated in the City of Corona, the County of Riverside, State of California, with Assessor's Parcel Number 279-460-064-6 (hereinafter, the "Property"), legally described as:

    PARCEL 2:

    LOT 2 OF TRACT NO. 33151, IN THE CITY OF CORONA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER MAP FILED N BOOK 422, PAGE 52 THROUGH 56, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

**TOGETHER WITH** the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits.

In the event the Property or any part thereof, or any interest therein is sold, conveyed or alienated by the Trustor, whether voluntarily or involuntarily, except as prohibited by law, all obligation secured by this instrument, irrespective of the maturity dates express therein, at the option of the holder hereof and without demand or notice, shall immediately become due and payable.

**For the Purpose of Securing:** (1) payment of the indebtedness evidenced by a secured promissory note executed by Trustor dated on or about May 1, 2024, in the principal sum of Four Hundred and Sixty Thousand Dollars ($460,000.00), and any extensions, renewals or modifications thereof (the "Note");

Trust Deed: APN 279-460-064-6                      Page 1 of 6

Non-Order Search            Page 15 of 20       Requested By: Richard Martinez, Printed: 10/8/2024 1:01 PM
Doc: 2024-129646 TDD 05-03-2024

(2) the payment of any substitute notes, renewals, reamortizations and extensions of all indebtedness secured by this Deed of Trust; (3) the performance of every obligation and agreement of Trustor whether contained in any loan documents or guaranty executed by Trustor in favor or Beneficiary, with respect to any loan or advance secured by this Deed of Trust; (4) the payment of all sums expended or advanced by Beneficiary under or pursuant to the terms of this Deed of Trust, together with interest thereon as herein provided; and (5) the performance of each agreement contained in this Deed of Trust.

**A.      To protect the security of this Deed of Trust**, Trustor agrees:

1.      <u>Maintenance and Repair.</u>  To keep the Property in good condition, working order and repair; not to remove, destroy or suffer the removal or destruction of any building or other improvements or fixtures thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon; to pay when due all claims for labor performed and materials furnished for the Property; to comply with all laws, covenants and restrictions affecting the Property or requiring any alterations or improvements to be made on the Property; not to commit or permit waste thereof; not to commit, suffer or permit any act upon the Property in violation of law; to do all other acts which from the charter or use of the Property may be reasonably necessary the specific enumerations herein not excluding the general; to observe and perform all obligations of Trustor under any lease of the Property.

2.      <u>Insurance.</u>  To provide, maintain and deliver to Beneficiary fire and all other types of insurance of the type and in amounts as Beneficiary may require, with loss payable to Beneficiary. In the event of loss, the insurance proceeds, or any part thereof, may be applied by Beneficiary, at its option, to the reduction of the indebtedness hereby secured or to the restoration or repair of the Property damaged. In the event that the Trustor shall fail to provide satisfactory hazard insurance, the Beneficiary may procure, on the Trustor's behalf, insurance in favor of the Beneficiary alone. If insurance cannot be secured by Trustor to provide the required coverage, such inability shall constitute an event of default hereunder.

3.      <u>Defense of Security.</u> To appear in and litigate any action or proceeding purporting to affect the security hereof, the title to the Property, or the rights of powers of Beneficiary or Trustee; Beneficiary or Trustee may appear in and litigate any such action or proceedings, including any bankruptcy, partition, condemnation proceeding, affecting the Property, or Beneficiary's interest therein and any suit brought by Beneficiary to foreclose this Deed of Trust, in which event Trustor agrees to pay all costs and expenses thereof, including attorney's fees and costs of securing evidence of title.

4.      <u>Payment of Liens and Taxes.</u>  To pay, at least 10 days before delinquency, all taxes and assessments affecting the Property, including all assessments upon water company stock and all rents, assessments and charges for water, appurtenant to or used in connection with the Property; to pay, when due, all encumbrances, charges and liens, on the Property or any part thereof, which at any time appear to be prior or superior hereto.  If Trustor fails to make any payment or to do any act as provided in this Deed of Trust, then Beneficiary or Trustee may (but is not obligated to) make the payment or do the act in the required manner and to the extent deemed necessary by Beneficiary or Trustee to protect the security of this Deed of Trust.  The performance by Beneficiary or Trustee of such an act shall not require notice to or demand on Trustor and shall

Trust Deed: APN 279-460-064-6                                    Page 2 of 6

**EXHIBIT "2"**

Non-Order Search                                    Page 16 of 20          Requested By: Richard Martinez, Printed: 10/8/2024 1:01 PM
Doc: 2024-129646 TDD 05-03-2024

not release Trustor from any obligation under this Deed of Trust. Beneficiary or Trustee shall also have the following related rights and powers: to enter on the Property for the foregoing purposes; to appear in and defend any action or proceeding purporting to affect the security of this Deed of Trust or the rights or powers of Beneficiary or Trustee; to pay, purchase, contest, or compromise any encumbrance, charge or lien that in the judgment of either appears to be prior or superior to this Deed of Trust; to employ counsel; and to pay necessary expenses and costs, including attorneys' fees.

5.      Reimbursement of Fees and Costs. To pay the reasonable amount of any attorney's fees, together with costs, incurred by Beneficiary in the event the obligation secured hereby is referred to an attorney for enforcement of Beneficiary's rights hereunder, or if Beneficiary retains an attorney to advise Beneficiary in connection with this Deed of Trust, or any other agreement related to the indebtedness secured by this Deed of Trust. The fees and costs described herein and elsewhere in this Deed of Trust shall be in addition to those set forth in the loan agreement or any other written agreement between Trustor and Beneficiary.

6.      Waiver of Right to Offset. No portion of the indebtedness secured by this Deed of Trust shall be or be deemed to be offset or compensated by all or any part of any claim, cause of action, counterclaim, or cross-claim, whether liquidated or unliquidated, that Trustor may have or claim to have against any parties, including Beneficiary or Trustee; and, if any permitted or provided by laws, Trustor hereby waives any of such right to offset.

**B.**      The Parties agree that:

1.      Condemnation Award. Any award of damages in connection with any taking or condemnation, or for injury to the Property by reason of public use, or for damages for private trespass or injury to the Property, is hereby assigned and shall be paid to Beneficiary as further security for all obligations secured by this Deed of Trust. On receipt of any such proceeds, Beneficiary may hold the proceeds as further security, or apply or release them in the same manner and with the same effect as provided in this Deed of Trust for the disposition of proceeds of fire or other insurance.

2.      Waiver of Late Payments. By accepting payment of any sum secured by this Deed of Trust after its due date, Beneficiary does not waive its right either to require prompt payment when due of all other sums se secured or to declare default for failure to pay any indebtedness secured by this Deed of Trust.

3.      Trustee's Powers. On written request of Beneficiary and presentation of this Deed of Trust and the Note for endorsement, Trustee may (a) reconvey all or any part of the Property; (b) consent to the making and recording, or either, of any map or plat of all or any part of the Property; (c) join in granting any easement on the Property; or (d) join in or consent to any extension agreement or any agreement subordinating the lien, encumbrance, or charge of this Deed of Trust. Trustee need not provide Trustor with notice before taking any of the foregoing actions, and shall not affect the personal liability of any person for payment of the indebtedness secured by this Deed of Trust, or the lien of this Deed of Trust on the remaining property as security for the repayment of the full amount secured by this Deed of Trust.

Trust Deed: APN 279-460-064-6                                          Page 3 of 6

**EXHIBIT "2"**

Non-Order Search                                   Requested By: Richard Martinez, Printed: 10/8/2024 1:01 PM
Doc: 2024-129646 TDD 05-03-2024

DOC #2024-0129646 Page 4 of 6

4.      Assignment of Rents.   As additional security, Trustor hereby gives to and confers on Beneficiary the right, power, and authority during the continuance of these Trusts, to collect the rents, issues, and profits of the Property, but reserves the right, prior to any default by Trustor in payment of any indebtedness secured by this Deed of Trust or in the performance of any agreement under this Deed of Trust, to collect and retain these rents, issues, and profits as they become due and payable.  On any such default, Beneficiary may pursue any of the enforcement mechanism specified in Civil Code Section 2938(c).  The exercise of these enforcement rights by Beneficiary shall not cure or waive any default or notice of default under this Deed of Trust or invalidate any act done pursuant to such a notice.

5.      Acceleration and Sale on Default.  On default by Trustor in the payment of any indebtedness secured by the Note, this Deed of Trust or in the performance of any obligation under this Deed of Trust, Beneficiary may declare all sums secured by this Deed of Trust immediately due and payable and delivering to Trustee a written declaration of default and demand for sale and a written notice of default and election to sell the Property.

6.      No Waiver.  The failure on the part of the Beneficiary to promptly enforce any right hereunder shall not operate as a waiver of such right and the waiver by Beneficiary of any default shall not constitute a waiver of any other or subsequent defaults. Subsequent acceptance of any payment by the holder hereof shall not be deemed a waiver of any default by Trustor, or of Beneficiary's rights hereunder as the result of any sale, agreement to sell, conveyance or alienation, regardless of holder's knowledge of such default, sale, agreement to sell, conveyance or alienation at the time of acceptance of such payment.

7.      General Provisions.  This Deed of Trust applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the holder and owner of any note secured hereby; or, if the note has been pledged, the pledgee thereof. In this Deed of Trust, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural. All obligations of Trustor hereunder are joint and several.

8.      No Duty of Notice. Trustee is not obligated to notify any party hereto of pending sale under any other deed of trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

9.      Substitution of Trustees.  Beneficiary, or any successor in ownership of any indebtedness secured by this Deed of Trust, may, from time to time or at any time, by written instrument, substitute a successor or successors to any Trustee named in or acting under this Deed of Trust. The substitution instrument shall set forth the following: the date of recordation of this Deed of Trust; the name of Trustor; the book and page where this Deed of Trust is recorded in the office of the recorder of the county or counties where the Property is situated, the substitution instrument shall be conclusive proof of property substitution of the successor Trustee or Trustees. Any successor Trustee or Trustees shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties.

Trust Deed: APN 279-460-064-6                                        Page 4 of 6

**EXHIBIT "2"**

Non-Order Search                    Page 18 of 20         Requested By: Richard Martinez   Printed: 12/8/2024 1:01 PM
Doc: 2024-129646 TDD 05-03-2024

10.    Cumulative Powers and Remedies. The powers and remedies conferred in this Deed of Trust are concurrent and cumulative to all other rights and remedies provided in this Deed of Trust or given by law. These powers and remedies may be exercised singly, successively, or together, and as often as deemed necessary.

11.    Severability. In the event any one or more of the provisions contained in this Deed of Trust or in any promissory note hereby secured shall for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision of this Deed of Trust or said promissory note, but this Deed of Trust and said promissory notes shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein or therein.

12.    Notice. The undersigned Trustor agrees that he is entitled only to those notices required by applicable law and requests that a copy of any notice of default and of any notice of sale thereunder be mailed to Trustor at the address set forth above.

13.    Execution in Counterparts. This Deed of Trust may be executed simultaneously in two (2) or more counterparts, each of which will be considered an original, but all of which together will constitute one and the same instrument.

**Trustor**
**FU BANG GROUP CORP. USA**
**A California corporation**

Dated:    05/01/2024

By: _____
_Lang Zhang_
Chief Executive Officer

Trust Deed: APN 279-460-064-6                                          Page 5 of 6

**EXHIBIT "2"**

# ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                          )
                                             ) ss
County of LOS ANGELES                        )

On May 1, 2024 _____ before me, Ana I Cuc _____, Notary Public, personally appeared Lang Zhang, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____          (SEAL)

ANA I. CUC
Notary Public - California
Los Angeles County
Commission # 2334947
My Comm. Expires Oct 6, 2024

Trust Deed: APN 279-460-064-6                          Page 6 of 6

# EXHIBIT "2"

**EXHIBIT 3**

DOC #2021-0643826
10/29/2021 03:08 PM Fees: $210.00
Page 1 of 5
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: MARIA #309

RECORDING REQUESTED BY:

AND WHEN RECORDED MAIL TO:

Mingzhe Li
62 Crater
Irvine CA 92618

A.P.N.: 279-460-064-6

# ACCOMODATION

SPACE ABOVE THIS LINE IS FOR RECORDER'S USE

## DEED OF TRUST WITH ASSIGNMENT OF RENTS

This **DEED OF TRUST**, made October 12, 2021, 2021, between **FU BANG GROUP CORP, USA, A CALIFORNIA CORPORATION** herein called TRUSTOR, whose address is **17700 CASTLETON STREET #378, City of Industry CA 91748**, Mingzhe Li, herein called TRUSTEE, and Mingzhe Li, herein called BENEFICIARY,

**Witnesseth:** That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS to TRUSTEE IN TRUST, WITH POWER OF SALE, that property in the City of Corona, County of Riverside, California, described as follows:

Lot 2 of Tract No. 33151, in the City of Corona, County of Riverside, State of California, as per map recorded in Book 422, Pages 52 through 56, inclusive, of Maps, in the Office of the County Recorder of said County.

Assessor's Parcel Number: 279-460-064-6

**Property Address Listed as: Vacant Land 279-460-064-6/ 2798 TROY CT, CORONA CA 92883**

**Together with** the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profit.

**For the Purpose of Securing** (1) payment of the sum of $2,000,000.00 with interest thereon according to the terms of a promissory note or notes of even date, with a maturity year of 2022 herewith made by Trustor, payable to order of Beneficiary, and extensions or renewals thereof; (2) the performance of each agreement of Trustor incorporated by reference or contained herein or reciting it is so secured; (3) Payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

To protect the security of this Deed of Trust, and with respect to the property above described, Trustor expressly makes each and all of the agreements, and adopts and agrees to perform and be bound by each and all of the terms and provisions set forth in subdivision A of that certain Fictitious Deed of Trust referenced herein, and it is mutually agreed that all of the provisions set forth in subdivision B of that certain Fictitious Deed of Trust recorded in the book and page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, namely:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 1288 | 556 | Kings | 858 | 713 | Placer | 1028 | 379 | Sierra | 38 | 187 |
| Alpine | 3 | 130-31 | Lake | 437 | 110 | Plumas | 166 | 1307 | Siskiyou | 506 | 762 |
| Amador | 133 | 438 | Lassen | 192 | 367 | Riverside | 3788 | 347 | Solano | 1287 | 621 |
| Butte | 1330 | 513 | Los Angeles | T-3878 | 874 | Sacramento | 71-10-26 | 615 | Sonoma | 2067 | 427 |
| Calaveras | 185 | 338 | Madera | 911 | 136 | San Benito | 300 | 405 | Stanislaus | 1970 | 56 |
| Colusa | 323 | 391 | Marin | 1849 | 122 | San Bernardino | 6213 | 768 | Sutter | 655 | 585 |
| Contra Costa | 4684 | 1 | Mariposa | 90 | 453 | San Francisco | A-804 | 596 | Tehama | 457 | 183 |
| Del Norte | 101 | 549 | Mendocino | 667 | 99 | San Joaquin | 2855 | 283 | Trinity | 108 | 595 |
| El Dorado | 704 | 635 | Merced | 1660 | 753 | San Luis Obispo | 1311 | 137 | Tulare | 2530 | 108 |

# EXHIBIT "3"

Page 30

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Fresno | 5052 | 623 | Modoc | 191 | 93 | San Mateo | 4788 | 175 | Tuolumme | 177 | 160 |
| Glenn | 469 | 76 | Mono | 69 | 302 | Santa Barbara | 2065 | 881 | Ventura | 2607 | 237 |
| Humboldt | 801 | 83 | Monterey | 357 | 239 | Santa Clara | 6626 | 664 | Yolo | 769 | 16 |
| Imperial | 1189 | 701 | Napa | 704 | 742 | Santa Cruz | 1638 | 607 | Yuba | 398 | 693 |
| Inyo | 165 | 672 | Nevada | 363 | 94 | Shasta | 800 | 633 | | | |
| Kern | 3756 | 690 | Orange | 7182 | 18 | San Diego SERIES 3 Book 1964, Page 149774 | | | | | |

shall inure to and bind the parties hereto, with respect to the property above described.  Said agreements, terms and provisions contained in said subdivision A and B, (identical in all counties are printed on the reverse side hereof) are by the within reference thereto, incorporated herein and made a part of this Deed of Trust for all purposes as fully as if set forth at length herein, and Beneficiary may charge for a statement regarding the obligation secured hereby, provided the charge thereof does not exceed the maximum allowed by laws.

The foregoing assignment of rents is absolute unless initialed here, in which case, the assignment serves as additional security.

The undersigned Trustor, requests that a copy of any notice of default and any notice of sale hereunder be mailed to him at this address hereinbefore set forth.

**FU BANG GROUP CORP, USA, A CALIFORNIA CORPORATION**

Dated:  October 12, 2021

Richard Don, CEO/Secretary of Fu Bang Group, USA, a California Corporation

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF ~~CALIFORNIA~~ Tennessee )
COUNTY OF _Knox_ )
On _10/13/2021_ before me, _Roy Bolinger, CNSA_ , a notary public,
personally appeared _Richard Don_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _See attatched—_

(This area for official notary seal)

**EXHIBIT "3"**

**Page 31**

## ALL-PURPOSE ACKNOWLEDGEMENT

A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of **Tennessee**
County of **Knox**

On __10/13/2021__ before me, **Roy Bolinger, CNSA**, Notary Public, personally appeared __Richard Don__

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of State of __Tennessee__ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

SIGNATURE _____

PLACE NOTARY SEAL ABOVE

**EXHIBIT "3"**

**DO NOT RECORD**

The following is a copy of Subdivision A and B of the fictitious Deed of Trust recorded in each county in California as stated in the foregoing Deed of Trust and incorporated by reference is said Deed of Trust as being as part thereof as if set forth at length therein.

A.    To protect the security of this Deed of Trust, Trustor agrees:

   (1)    To keep said property in good condition and repair not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefore; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

   (2)    To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy my be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

   (3)    To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

   (4)    To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, changes and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

   (5)    To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

B.    It is mutually greed:

   (1)    That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

   (2)    That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

   (3)    That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured herby, Trustee may: reconvey any part of said property; consent to the making of any map or plate thereof; join In granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

   (4)    That upon written request of beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention or other disposition as Trustee in its sole discretion may choose and upon payment of its fees, Trustee shall reconvey, without warranty, the property then hereunder. The recitals in such reconveyance of any matter or facts shall be conclusive proof of the truthfulness thereof. The Grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

   (5)    That as additional security, Trustor herby gives to and confers upon Beneficiary the right, power and authority, during the continuances of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

   (6)    That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale, Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the persons legally entitled thereto.

   (7)    Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

   (8)    That this Deed applies to, insures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledges, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

   (9)    That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding In which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

**EXHIBIT "3"**

**Page 33**

TO, TRUSTEE:                                                    REQUEST FOR FULL RECONVEYANCE

The undersigned is the legal owner and holder of the note or notes, and of all other indebtedness secured by the foregoing Deed of Trust.  Said note or notes, together with all other indebtedness secured by said Deed of Trust, have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel said note or notes above mentioned, and all other evidences of indebtedness secured by said Deed of Trust delivered to you herewith, together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, all the estate now held by you under the same.

Date _____              _____

                                             _____

Signature must be notarized

Please mail Deed of Trust,
Note and Reconveyance to _____—

Do not lose or destroy this Deed of Trust OR THE NOTE which it secures.  Both must be delivered to the Trustee for cancellation before reconveyance will be made.

**EXHIBIT "3"**

**Page 34**

# EXHIBIT 4

ACCOMODATION

RECORDING REQUESTED BY:

SPARKNEST LLC

WHEN RECORDED RETURN TO:

SPARKNEST LLC
8 The Green, Ste. A
Dover, DE 19901

DOC #2024-0359829
11/22/2024 08:00 AM Fees: $208.00
Page 1 of 3
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: TERESA #134

Parcel No.: 279-460-064-6                    (SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE)

# ASSIGNMENT OF DEED OF TRUST WITH ASSIGNMENT OF RENTS

FOR VALUE RECEIVED, the undersigned grants, assigns and transfers to:

**ASSIGNEE:**   SPARKNEST, LLC, a Delaware Limited Liability Company ("Assignee")

all of the undersigned's beneficial interest under that certain Deed of Trust dated October 12, 2021, executed by **FU BANG GROUP CORP, USA, a California Corporation**, as Trustor, in favor of the undersigned **MINGZHE LI**, as Trustee and Beneficiary, which was recorded on October 29, 2021 as Instrument No. 2021-0643826 in the Official Records in the office of the County Recorder of Riverside County, State of California (the "Deed of Trust"), describing land commonly known as **VACANT LAND 279-460-064-6/ 2798 TROY COURT, CORONA CA 92883** and described therein as:

LOT 2 OF TRACT NO. 33151, IN THE CITY OF CORONA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 422, PAGES 52 THROUGH 56, INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

TOGETHER with the note therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

The undersigned has independently and contemporaneously assigned and transferred to Assignee all of the undersigned's right, title and interest in and to the promissory note which is secured by the Deed of Trust.

Dated: _____Sep. 30._____, 2024

_____Mingzhe Li_____
MINGZHE LI

**EXHIBIT "4"**

**Page 36**

DOC #2024-0359829  Page 2 of 3

## NOTARY ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                                    )

County of **ORANGE**                                    )

On **SEPTEMBER 30th**            , 2024 before me, **DAVID J. LEE**                          , a
Notary Public, personally appeared Mingzhe Li, who proved to me on the basis of satisfactory evidence to be the persons whose names are subscribed to the within instrument and acknowledged to me that they executed the same in their authorized capacity, and that by their signature on the instrument the persons, or the entity upon behalf of which the persons acted, executed the instrument.

I certify under PENALTY of PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____          (Seal)

> DAVID J. LEE
> COMM. # 2459723
> NOTARY PUBLIC-CALIFORNIA
> ORANGE COUNTY
> MY COMM. EXP. AUG. 18, 2027

**EXHIBIT "4"**

**Page 37**

# CALIFORNIA ALL- PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California }

County of Orange }

On **September 30th**, 2024 before me, _____David J. Lee, Notary Public_____,
<span style="font-size: smaller;">(Here insert name and title of the officer)</span>
personally appeared ___**Mingzhe Li**_____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public Signature

(Notary Public Seal)

DAVID J. LEE
COMM. # 2459723
NOTARY PUBLIC- CALIFORNIA
ORANGE COUNTY
MY COMM. EXP. AUG. 18, 2027

---

## ADDITIONAL OPTIONAL INFORMATION

**DESCRIPTION OF THE ATTACHED DOCUMENT**

**Purchase and Assignment of**
(Title or description of attached document)
**Promissory Note**
(Title or description of attached document continued)

Number of Pages **4** Document Date **9/30/2024**

### CAPACITY CLAIMED BY THE SIGNER
☐ Individual (s)
☐ Corporate Officer
_____
(Title)
☐ Partner(s)
☐ Attorney-in-Fact
☐ Trustee(s)
☐ Other _____

## INSTRUCTIONS FOR COMPLETING THIS FORM

*This form complies with current California statutes regarding notary wording and, if needed, should be completed and attached to the document. Acknowledgments from other states may be completed for documents being sent to that state so long as the wording does not require the California notary to violate California notary law.*

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they, is /are ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  - ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  - ❖ Indicate title or type of attached document, number of pages and date.
  - ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document with a staple.

2015 Version www.NotaryClasses.com 800-873-9865

EXHIBIT "4"

# EXHIBIT 5

**RECORDING REQUESTED BY**

**First American Title Insurance Company**

**AND WHEN RECORDED MAIL TO**

**First American Title Insurance Company**
**9255 Town Center Drive**
**Suite 200**
**San Diego, CA  92121**

**DOC # 2024-0379120**
12/12/2024 01:03 PM Fees: $104.00
Page 1 of 2
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: CRISTINA #7700

_____

**Space above this line for recorder's use only**

**Trustee Sale No. 1241812   Loan No.    APN: 279-460-064-6**

## IMPORTANT NOTICE
## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION, and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property.  No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).**

**This amount is $2,473,005.12 as of 11/26/2024 and will increase until your account becomes current.**

**While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage.  If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing.  In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.**

**Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay.  You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made.  However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).**

**EXHIBIT "5"**

**Page 40**

**Trustee Sale No. 1241812  Loan No.    Title Order No.**

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

Sparknest, LLC
c/o Shulman Bastian Friedman & Bui LLP
100 Spectrum Center Drive, Ste 600
Irvine, CA 92618
Attn: Leonard M. Shulman (949) 340-3400

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.  Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.  NOTICE IS HEREBY GIVEN THAT: First American Title Insurance Company is the duly appointed Trustee under a Deed of Trust dated 10/12/2021, executed by Fu Bang Group Corp. USA, as trustor, to secure obligations in favor of Mingzhe Li, as Beneficiary recorded on October 29, 2021 as Document Number 2021-0643826 of official records in the Office of the Recorder of Riverside County, California, as more fully described on said Deed of Trust, including the note(s) for the sum of $2,000,000.00; The beneficial interest under said Deed of Trust and the obligations secured thereby are presently held by the beneficiary; that a breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the payment has not been made of: THE UNPAID PRINCIPAL BALANCE OF $2,000,000.00 WHICH BECAME DUE ON 06/01/2022 PLUS ACCRUED INTEREST AND LATE CHARGES.

That by reason thereof, the present beneficiary under such Deed of Trust, has executed and delivered to said Trustee, a written Declaration and Demand for Sale, and has deposited with said duly appointed Trustee, such Deed of Trust and all documents evidencing the obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

DATE: 12/12/24

First American Title Insurance Company

_____
David Z. Bark, Foreclosure Trustee

**EXHIBIT "5"**

# EXHIBIT 6

Electronically FILED by Superior Court of California, County of Riverside on 02/26/2025 10:00 AM
Case Number CVRI2501055 0000121060755 - Jason B. Galkin, Executive Officer/Clerk of the Court By Courtney Flores, Clerk

Dennette A. Mulvaney (SBN 133423)
    dmulvaney@leechtishman.com
Ivan M. Posey (SBN 196386)
    iposey@leechtishman.com
**LEECH TISHMAN NELSON HARDIMAN, INC.**
**A Professional Corporation**
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024
Telephone: (424) 738-4000
Facsimile: (424) 738-5080

*Attorneys for Plaintiff*
*FIRST CREDIT BANK*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| FIRST CREDIT BANK, a California banking corporation,<br><br>                    Plaintiff,<br><br>        vs.<br><br>FU BANG GROUP CORP., USA, a California corporation; LANG ZHANG, an individual; RICHARD DON, an individual; and DOES 1 THROUGH 50, inclusive.<br><br>                    Defendants. | Case No.:   CVRI2501055<br><br>**COMPLAINT FOR:**<br><br>**(1) SPECIFIC PERFORMANCE OF DEED OF TRUST;**<br>**(2) INJUNCTIVE RELIEF;**<br>**(3) ENFORCEMENT OF COMMERCIAL GUARANTY; AND**<br>**(4) ENFORCEMENT OF COMMERICAL GUARANTY** |

COMES NOW Plaintiff FIRST CREDIT BANK, ("Plaintiff") who alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1.      At all material times hereto, Plaintiff is and was a California banking corporation which is duly organized and existing under and by virtue of the laws of the United States and the State of California, with its principal place of business in West Hollywood, California, and which is duly authorized to conduct business in the State of California.

2.      Plaintiff is informed and believes, and based thereon alleges, that at all times material

1

COMPLAINT

**EXHIBIT "6"**                    **Page 43**

hereto, Defendant FU BANG GROUP CORP, USA (hereafter referred to as "FUND BANG GROUP" or "BORROWER") is and was a corporation organized and existing under the laws of the State of California, with its principal place of business in Riverside County, California.

3.     Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto, Defendant LANG ZHANG, an individual (hereafter referred to as "LANG ZHANG" or "ZHANG GUARANTOR"), is and was a resident of the State of California, residing in Riverside County, California.

4.     Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto, Defendant RICHARD DON, an individual (hereafter referred to as "RICHARD DON" or "DON GUARANTOR"), is and was a resident of the State of California, residing in Riverside County, California.  LANG ZHANG, RICHARD DON, and DOES 1-20 are sometimes collectively referred to as the "Individual Defendants" or "Guarantors".

5.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 60, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

6.     Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were actually and proximately caused by their conduct.

7.     Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto, each defendant was the agent, servant, authorized representative, spouse, predecessor, successor, co-conspirator, employer and/or employee of each co-defendant, and in doing the things and acts herein alleged, was acting within the course and scope of said relationship(s); and further, that each defendant has ratified and/or endorsed the acts of each remaining co-defendant.

8.     The real property which is the subject matter of this action is located in the County of Riverside, State of California, and is improved with a 51-unit residential building located at 2798 Troy Court, Corona, California 92883-5631 and is legally described on Exhibit 2 hereto ("Real Property").

9.     Some or all of the acts, events, contracts and/or breaches of contract herein alleged

2

occurred in this County so as to render jurisdiction and venue in this County properly. Plaintiff is informed and believes, and based thereon alleges, that all or some of the property/collateral which is the subject of this action are presently located in this County.

10. Jurisdiction and venue are proper in this State and County.

11. This action is not subject to the provisions of California Civil Code Section 1812.10 and/or 2984.4 and/or California Code of Civil Procedure Section 395(b).

**FIRST CAUSE OF ACTION**

(Specific Performance of Deed of Trust/Appointment of Receiver)

(Against Defendants FU BANG GROUP CORP, USA and Does 1 through 50)

12. Plaintiff repeats and realleges each and all of the allegations of paragraphs 1 through 11, inclusive, and incorporates those allegations at this place by this reference as though set forth in full.

13. On or about March 18, 2016, the Borrower made, executed and delivered to First Credit Bank a Promissory Note (" Note"), which was in the principal sum of $12,000,000.00. A true and complete copy of the Note is attached hereto as Exhibit 1 and is incorporated herein by reference.

14. To secure the obligations which are contained in the Note and to secure performance of certain other obligations, on or about March 18, 2016, the Borrower made, executed and delivered, for valuable consideration, to First Credit Bank as beneficiary, a Construction Deed of Trust ("Deed of Trust") in which the Borrower granted to First Credit Bank a security interest in the real and personal property described therein ("Personal Property" or "Real Property", or collectively, "Property". The Deed of Trust was recorded on April 7, 2016 in the Riverside County Recorder's Office as Instrument No. 2016-0137808. The Deed of Trust represents a first priority deed of trust against the Property. A true and complete copy of the Deed of Trust is attached hereto as Exhibit 2 and incorporated herein by this reference.

15. Plaintiff is informed and believes that, from on or about March 18, 2016, and thereafter, the Borrower was the owner of the Property.

16. On or about April 18, 2020, Defendant Lang Zhang executed a Commercial Guaranty ("Zhang Guaranty"). A true and correct copy of the Zhang Guaranty is attached hereto as Exhibit 3

3

COMPLAINT

and is incorporated herein by this reference.  The Zhang Guaranty states, by its own terms, that the Guarantor shall pay reasonable attorneys' fees, all costs, and other expenses incurred in enforcing the Zhang Guaranty.

17.   On or about March 18, 2016, Defendant Richard Don executed a Commercial Guaranty ("Don Guaranty").  A true and correct copy of the Don Guaranty is attached hereto as Exhibit 4 and is incorporated herein by this reference.  The Don Guaranty states, by its own terms, that the Guarantor shall pay reasonable attorneys' fees, all costs, and other expenses incurred in enforcing the Don Guaranty.  The Zhang Guaranty and the Don Guaranty are sometimes collectively referred to as the "Guarantees".

18.   The Borrower failed to meet its obligations as set forth in the Note.  Pursuant to the Note there is now due, owing and unpaid from Defendants and each of them the principal sum of $10,000,000 on the Guarantees plus interest, reasonable attorneys' fees and other sums on the Guarantees, according to proof at the time of trial.  The Guarantors have failed to pay the outstanding loan balance.

19.   Plaintiff has performed all of the conditions precedent on its part which were required to be performed pursuant to the loan documents, copies of which are attached hereto as Exhibits 1, 2, 3 and 4 inclusive (sometimes referred to herein collectively as the "Loan Documents".

20.   Paragraph "Rights and Remedies on Default" of the Deed of Trust provides that upon default: "Rights and Remedies on Default" of the Deed of Trust provides that upon default: **"Collect Rents.**  Lender shall have the right, without notice to Trustor to take possession of and manage the Property and collect the Rents, including amounts past due and unpaid, and apply the net proceeds, over and above Lender's costs, against the Indebtedness... Lender may exercise its rights under this subparagraph either in person, by agent, or through a receiver.  **Appoint Receiver.**  Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership against the Indebtedness.  The receiver may serve without bond if permitted by law. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the

4

COMPLAINT

Property exceeds the Indebtedness by substantial amount.   Employment by Lender shall not disqualify a person from serving as a receiver".

21.     Paragraph "Possession and Maintenance of the Property" of the Deed of Trust provides in pertinent part that:  "Until the occurrence of an Event of Default, Trustor may (1) remain in possession and control of the Property; (2) use, operate or manage the Property; and (3) collect the Rents from the Property".

22.     The Borrower is in default of the terms of the Loan Documents in that, among other things, the Borrower has failed to pay the payment due for November, 2024 and all payments due thereafter.  As a result of these defaults, there is now due and owing and unpaid thereunder from Defendants to Plaintiff, as of February 25, 2025, the principal sum of $10,000,000, together with interest and late charges in the amount of $537,038.90, foreclosure fees in the amount of $24,520.50, together with additional interest, late charges, costs, reasonable attorney's fees and other sums pursuant to the terms of the Loan Documents and according to proof at the time of trial.

23.     Pursuant to Paragraph Rights and Remedies on Default in the Deed of Trust and the Assignment of Rents, Plaintiff is entitled to the appointment of a Receiver to collect and retain all rents, issues and profits of the Property and to apply theses rents, issues and profits to satisfy the obligations of Defendants under the Note.

24.     It is impractical and impossible for Plaintiff to enjoy the rights granted to it under the Deed of Trust without the appointment of a Receiver who has the power and authority to take possession of the Property and to manage and operate the Property, collecting the rents, earnings, incomes, issues and profits therefrom.

25.     Plaintiff has no plain, speedy and adequate remedy at law, and will suffer irreparable injury, damage and harm unless equitable relief in the form of an appointment of a Receiver is granted.

26.     Plaintiff is entitled to specific performance of the terms, conditions and provisions of the Loan Documents, and is entitled thereunder, pursuant to Paragraph Rights and Remedies on Default in the Deed of Trust and Assignment, to the appointment of a Receiver, pending trial of the issues in this case, to take possession of the Property, to care for and operate the Property, collecting

5

COMPLAINT

the rental, earnings, incomes, receipts, revenues and profits from the Property and to pay therefrom the costs of operating the Property, court costs, including Receiver's fees and other charges allowed by this Court, and to pay any balance remaining to Plaintiff against the obligations secured by the Deed of Trust.

27.   Plaintiff has been required to retain the services of the law firm of Leech Tishman Nelson Hardiman, Inc. to prosecute the within action and has been required to incur fees, costs, and expenses and will continue to incur the same in an amount to be established according to proof at trial.

## SECOND CAUSE OF ACTION

(For Injunctive Relief)

(Against Defendants FU BANG GROUP CORP, USA, LANG ZHANG, RICHARD DON and

Does 1 through 50)

28.   Plaintiff repeats and realleges each and all of the allegations of paragraphs 1 through 27, inclusive, and incorporates those allegations at this place by this reference as though set forth in full.

29.   Plaintiff is informed and believes and thereon alleges that the Property generates substantial monthly rental income of approximately $125,000.00 per month.  Plaintiff is further informed and believes and thereon alleges that Defendants are threatening to collect or are collecting the monthly rents, issues and profits accruing from the Property for Defendants' use and benefit which right to do so was terminated by virtue of their default under the Loan Documents.  Based thereon, absent the appointment of a Receiver and a temporary restraining order enjoining Defendants and/or their agents from interfering with the Receiver's right to operate and manage the Property pending foreclosure and to collect the rents therefrom, Plaintiff will be irreparably harmed in its ability to collect those rents coming due.

30.   Unless this Court specifically enforces the terms, provisions, and conditions of the Deed of Trust by appointing a Receiver, Plaintiff will suffer irreparable injury in that the rents, issues and profits from the Property will be misappropriated by Defendants in derogation of Plaintiff's rights under the Loan Documents.

31.    Unless restrained and enjoined by the Court as requested herein, Defendants' conduct will cause irreparable damage and injury to Plaintiff, the amount of which will be extremely difficult and impractical to ascertain and fix and for which Plaintiff has no adequate legal remedy.

## THIRD CAUSE OF ACTION

### (For Enforcement of Commercial Guaranty)

### (Against Defendants LANG ZHANG and Does 1 through 50)

32.    Plaintiff repeats and realleges each and all of the allegations of paragraphs 1 through 31, inclusive, and incorporates those allegations at this place by this reference as though set forth in full.

33.    As set forth above, on or about March 18, 2016, Defendant Lang Zhang executed the Zhang Guaranty.  A true and correct copy of the Zhang Guaranty is attached hereto as Exhibit 3 and is incorporated herein by this reference.

34.    Plaintiff has performed all of the terms, conditions, and obligations on its part to be performed pursuant to the Note and the Zhang Guaranty, except those things excused, waived and/or made impossible by the conduct of the Defendants.

35.    Within four (4) years last past, the Zhang Guarantor breached the Zhang Guaranty by failing to pay the outstanding balance pursuant to the referenced Note as required under the terms of the Zhang Guaranty, although timely demand therefore has been made by Plaintiff.

36.    Pursuant to the Zhang Guaranty, there is now due, owing and unpaid from Defendants and each of them, as of February 25, 2025, the principal sum of $10,000,000 on the Zhang Guaranty plus interest and late charges in the amount of $537,038.90, foreclosure fees in the amount of $24,520.50, together with additional interest, late charges, costs reasonable attorney's fees and other sums on the Zhang Guaranty, according to proof at the time of trial.

### FOURTH CAUSE OF ACTION

### (For Enforcement of Commercial Guaranty)

### (Against Defendants RICHARD DON and Does 1 through 50)

37.    Plaintiff repeats and realleges each and all of the allegations of paragraphs 1 through

7

COMPLAINT

34, inclusive, and incorporates those allegations at this place by this reference as though set forth in full.

**38.**     As set forth above, on or about March 18, 2016, Defendant Richard Don executed the Don Guaranty.  A true and correct copy of the Don Guaranty is attached hereto as Exhibit 3 and is incorporated herein by this reference.

**39.**     Plaintiff has performed all of the terms, conditions, and obligations on its part to be performed pursuant to the Note and the Don Guaranty, except those things excused, waived and/or made impossible by the conduct of the Defendants.

**40.**     Within four (4) years last past, the Don Guarantor breached the Don Guaranty by failing to pay the outstanding balance pursuant to the referenced Note as required under the terms of the Guaranty, although timely demand therefore has been made by Plaintiff.

**41.**     Pursuant to the Don Guaranty, there is now due, owing and unpaid from Defendants and each of them, as of February 25, 2025, the principal sum of $10,000,000 on the Don Guaranty plus interest and late charges in the amount of $537,038.90, foreclosure fees in the amount of $24,520.50, together with additional interest, late charges, costs, reasonable attorney's fees and other sums on the Don Guaranty, according to proof at the time of trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

### ON THE FIRST CAUSE OF ACTION

1.     That a Receiver be appointed to take possession of the Property to conserve and protect it, and collect any and all rents, profits, issues and income therefrom pending the sale under the Deed of Trust;

2.     That Defendants and anyone holding under them be ordered to deliver possession of the Property to the Receiver forthwith;

3.     That the Receiver pay all taxes, insurance and other obligations necessary for the management and conservation of the Property in accordance with any further Order of this Court and the provisions of the Loan Documents;

4.     For compensation to the Receiver as the Court may deem just and proper for his or

her services.

## ON THE SECOND CAUSE OF ACTION

1. For a Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction enjoining Defendants and their successors-in-interest, agents, servants and employees and all persons acting under, in concert, with, or for any of them from:

    a. Interfering with or molesting the Receiver or its agents, officers, employees, and servants in the collection of rents, issues and profits from the Property; and

    b. Interfering with or molesting the Receiver or its agents, officers, employees, and servants, in the possession, operation, maintenance and conservation of the Property; and

    c. Interfering with or molesting any tenants on the Property and the collection of rents, issues and profits from any of them; and

    d. Taking any other action whatsoever with respect to the Property without further Order of this Court.

2. For an Order of this Court directing Defendants to show cause, if any they have, at the time and place appointed in the Order, why they, and each of them, should not be enjoined and restrained, during the pendency of this action, from doing any of the acts described above, and why a Preliminary Injunction should not issue and a Receiver not be appointed as prayed for herein;

3. For an Order decreeing that the Deed of Trust be specifically performed by Defendants.

## ON THE THIRD CAUSE OF ACTION

1. For the principal sum of $ 10,000,000 on the Zhang Guaranty;

2. For interest;

3. For reasonable attorneys' fees;

4. For collection expenses;

5. For the costs of suit herein.

## ON THE FOURTH CAUSE OF ACTION

1. For the principal sum of $ 10,000,000 on the Don Guaranty;

2. For interest;

9

COMPLAINT

3.  For reasonable attorneys' fees;

4.  For collection expenses;

5.  For the costs of suit herein.

### ON ALL CAUSES OF ACTION

1.  For reasonable attorney fees and costs of suit incurred herein; and

2.  For such other and further relief as the Court may deem just and proper.

Dated: February 26, 2025                    **LEECH TISHMAN NELSON HARDIMAN, INC.**

By: _____
     Dennette A. Mulvaney
     Ivan M. Posey

     *Attorneys for Plaintiff*
     *FIRST CREDIT BANK*

10

COMPLAINT

**EXHIBIT "6"**                                    **Page 52**

# Exhibit 1

First Credit Bank

# PROMISSORY NOTE

| Borrower: | FU BANG GROUP CORP, USA, a California corporation<br>17700 CASTLETON STREET, SUITE 378<br>CITY OF INDUSTRY, CA 91748 | Lender: | FIRST CREDIT BANK, a California banking corporation<br>Sunset-Doheny Branch<br>9255 SUNSET BOULEVARD<br>WEST HOLLYWOOD, CA 90069 |
|---|---|---|---|

**Principal Amount: $12,000,000.00**                                **Date of Note: March 18, 2016**

PROMISE TO PAY. FU BANG GROUP CORP, USA, a California corporation ("Borrower") promises to pay to FIRST CREDIT BANK, a California banking corporation ("Lender"), or order, in lawful money of the United States of America, the principal amount of Twelve Million & 00/100 Dollars ($12,000,000.00) or so much as may be outstanding, together with interest on the unpaid outstanding principal balance of each advance, calculated as described in the "INTEREST CALCULATION METHOD" paragraph using an interest rate of 10.000%. Interest shall be calculated from the date of each advance until repayment of each advance. The interest rate may change under the terms and conditions of the "INTEREST AFTER DEFAULT" section.

PAYMENT. Borrower will pay this loan in one payment of all outstanding principal plus all accrued unpaid interest on March 18, 2017. In addition, Borrower will pay regular monthly payments of all accrued unpaid interest due as of each payment date, beginning April 18, 2016, with all subsequent interest payments to be due on the same day of each month after that. Unless otherwise agreed or required by applicable law, payments will be applied first to any unpaid collection costs; then to any late charges; then to any accrued unpaid interest; and then to principal. Borrower will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.

INTEREST CALCULATION METHOD. Interest on this Note is computed on a 365/360 basis; that is, by applying the ratio of the interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. All interest payable under this Note is computed using this method.

PREPAYMENT. Borrower agrees that all loan fees and other prepaid finance charges are earned fully as of the date of the loan and will not be subject to refund upon early payment (whether voluntary or as a result of default), except as otherwise required by law. Except for the foregoing, Borrower may pay without penalty all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments of accrued unpaid interest. Rather, early payments will reduce the principal balance due. Borrower agrees not to send Lender payments marked "paid in full", "without recourse", or similar language. If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Note, and Borrower will remain obligated to pay any further amount owed to Lender. All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: FIRST CREDIT BANK, a California banking corporation; Sunset-Doheny Branch; 9255 SUNSET BOULEVARD; WEST HOLLYWOOD, CA 90069.

LATE CHARGE. If a payment is 10 days or more late, Borrower will be charged 6.000% of the unpaid portion of the regularly scheduled payment or $5.00, whichever is greater.

INTEREST AFTER DEFAULT. Upon default, the interest rate on this Note shall, if permitted under applicable law, immediately increase by 5.000 percentage points.

DEFAULT. Each of the following shall constitute an event of default ("Event of Default") under this Note:

**Payment Default.** Borrower fails to make any payment when due under this Note.

**Other Defaults.** Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower.

**Default in Favor of Third Parties.** Borrower or any Grantor defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Borrower's property or Borrower's ability to repay this Note or perform Borrower's obligations under this Note or any of the related documents.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Insolvency.** The dissolution or termination of Borrower's existence as a going business, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against any collateral securing the loan. This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Insufficient Account Balance.** Failure to satisfy Lender's requirement set forth in the Insufficient Account Balance section of the Assignment of Deposit Account.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any Guarantor of any of the indebtedness or any Guarantor dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

**Change In Ownership.** Any change in ownership of twenty-five percent (25%) or more of the common stock of Borrower.

**Adverse Change.** A material adverse change occurs in Borrower's financial condition, or Lender believes the prospect of payment or performance of this Note is impaired.

**Insecurity.** Lender in good faith believes itself insecure.

**EXHIBIT "6"**

**Page 54**

**Cure Provisions.** If any default, other than a default in payment, is curable and if Borrower has not been given a notice of a breach of the same provision of this Note within the preceding twelve (12) months, it may be cured if Borrower, after Lender sends written notice to Borrower demanding cure of such default: (1) cures the default within fifteen (15) days; or (2) if the cure requires more than fifteen (15) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due, and then Borrower will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. Borrower also will pay any court costs, in addition to all other sums provided by law.

**JURY WAIVER.** To the extent permitted by applicable law, Lender and Borrower hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or Borrower against the other.

**GOVERNING LAW.** This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of California without regard to its conflicts of law provisions. This Note has been accepted by Lender in the State of California.

**COLLATERAL.** Borrower acknowledges this Note is secured by , in addition to any other collateral

(A) Three Deeds of Trust as follows:

(a) A Deed of Trust of even date herewith from Fu Bang Group Corp. USA, a California corporation, to Lender, encumbering real property situated in Riverside County, California;

(b) A Deed of Trust of even date herewith from Dos Lagos Center 2, LLC, a California limited liability company, to Lender, encumbering real property situated in Riverside County, California; and

(c) A Deed of Trust of even date herewith from California Education and Performing Arts Center, LLC, a California limited liability company

The above Deeds of Trust contain the following due on sale provision: Lender may, at Lender's option, declare immediately due and payable all sums secured by the Deed of Trust upon the sale or transfer, without Lender's prior written consent, of all or any part of the Real Property, or any interest in the Real Property. A "sale or transfer" means the conveyance of Real Property or any right, title or interest in the Real Property; whether legal, beneficial or equitable; whether voluntary or involuntary; whether by outright sale, deed, installment sale contract, land contract, contract for deed, leasehold interest with a term greater than three (3) years, lease-option contract, or by sale, assignment, or transfer of any beneficial interest in or to any land trust holding title to the Real Property, or by any other method of conveyance of an interest in the Real Property. If any Trustor is a corporation, partnership or limited liability company, transfer also includes any change in ownership of more than twenty-five percent (25%) of the voting stock, partnership interests or limited liability company interests, as the case may be, of such Trustor. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law.

(B) collateral described in a Commercial Security Agreement dated March 18, 2016.

(C) deposit accounts described in an Assignment of Deposit Account dated March 18,, 2016.

**LINE OF CREDIT.** This Note evidences a straight line of credit. Once the total amount of principal has been advanced, Borrower is not entitled to further loan advances. Borrower agrees to be liable for all sums either: (A) advanced in accordance with the instructions of an authorized person or (B) credited to any of Borrower's accounts with Lender. The unpaid principal balance owing on this Note at any time may be evidenced by endorsements on this Note or by Lender's internal records, including daily computer print-outs.

**LOAN FEES.** Borrower acknowledges that the loan evidenced by this Note is subject to a loan fee in the amount of $360,000.00, which amount will be subtracted from the proceeds of this loan. Additionally, Borrower must pay processing and documentation fees and, where applicable, appraisal fees, environmental assessment fees, escrow fees, title fees and any other related fees, costs and expenses, all of which fees, costs and expenses shall be payable prior to the execution by Borrower of the loan documents.

**LATE CHARGE APPLICABLE TO ALL DELINQUENT PAYMENTS.** Notwithstanding anything to the contrary contained herein, if payment of any amount due under this Note, including any outstanding balance of principal at maturity, is not received by Lender within 10 days of when such payment is due, then in addition to the remedies conferred upon Lender pursuant to the provisions of this Note and/or the Related Documents, a late charge of six percent (6.0%) of the amount of principal payment due will be due and owing by Borrower and will be added to the delinquent amount to compensate Lender for the costs, expenses and damages of Lender related to the delinquency of Borrower in making such principal payment, regardless of any notice or cure period, if any. Acceptance of any late charge will not constitute a waiver of default with respect to the overdue payment, and will not prevent or delay Lender from exercising any of its rights and remedies under this Note and/or the Related Documents.

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon Borrower, and upon Borrower's heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**GENERAL PROVISIONS.** If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive any applicable statute of limitations, presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral; and take any other action deemed necessary by Lender without the consent of or notice to anyone. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several.

**EXHIBIT "6"**                                                                                           **Page 55**

**PROMISSORY NOTE
(Continued)**

PRIOR TO SIGNING THIS NOTE, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE.  BORROWER AGREES TO THE TERMS OF THE NOTE.

BORROWER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.

BORROWER:

FU BANG GROUP CORP, USA, A CALIFORNIA CORPORATION

By: _____
    RICHARD  DON,  CEO/SECRETARY  of  FU  BANG
    GROUP CORP, USA, a California corporation

LaserPro, Ver. 16.1.0.035  Copr. D + H USA Corporation 1997, 2016.  All Rights Reserved.  - CA  G:\CFI\LPL\D20.FC  TR-1609  PR-22

**EXHIBIT "6"**                                              **Page 56**

**First Credit Bank**

# CHANGE IN TERMS AGREEMENT

| Borrower: | FU BANG GROUP CORP, USA, a California corporation<br>126 Vineland Avenue<br>City of Industry, CA 91746 | Lender: | FIRST CREDIT BANK, a California banking corporation<br>Sunset-Doheny Branch<br>9255 SUNSET BOULEVARD<br>WEST HOLLYWOOD, CA 90069 |
|---|---|---|---|

**Principal Amount: $10,000,000.00**                              **Date of Agreement: April 18, 2024**

**DESCRIPTION OF EXISTING INDEBTEDNESS.** Loan in the original principal amount of $12,000,000.00 as evidenced by a Promissory Note dated March 18, 2016, which Promissory Note has subsequently been amended by several agreements, the most recent of which is a Change in Terms Agreement dated April 18, 2023.

**PROMISE TO PAY.** FU BANG GROUP CORP, USA, a California corporation ("Borrower") promises to pay to FIRST CREDIT BANK, a California banking corporation ("Lender"), or order, in lawful money of the United States of America, the principal amount of Ten Million & 00/100 Dollars ($10,000,000.00) or so much as may be outstanding, together with interest on the unpaid outstanding principal balance of each advance. Interest shall be calculated from the date of each advance until repayment of each advance.

**PAYMENT.** Borrower will pay this loan in one payment of all outstanding principal plus all accrued unpaid interest on April 18, 2025. In addition, Borrower will pay regular monthly payments of all accrued unpaid interest due as of each payment date, beginning May 18, 2024, with all subsequent interest payments to be due on the same day of each month after that. Unless otherwise agreed or required by applicable law, payments will be applied first to any unpaid collection costs; then to any late charges; then to any accrued unpaid interest; and then to principal. Borrower will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.

**VARIABLE INTEREST RATE.** The interest rate on this loan is subject to change from time to time based on changes in an index which is the New York Prime Published in WSJ (the "Index"). New York Prime Rate (WSJ). Lender will tell Borrower the current Index rate upon Borrower's request. The interest rate change will not occur more often than each day. Borrower understands that Lender may make loans based on other rates as well. The Index currently is 8.500% per annum. Interest on the unpaid principal balance of this loan will be calculated as described in the "INTEREST CALCULATION METHOD" paragraph using a rate of 1.000 percentage point over the Index, adjusted if necessary for any minimum and maximum rate limitations described below, resulting in an initial rate of 9.500%. NOTICE: Under no circumstances will the interest rate on this loan be less than 4.750% per annum or more than the maximum rate allowed by applicable law.

**INTEREST CALCULATION METHOD.** Interest on this loan is computed on a 365/360 basis; that is, by applying the ratio of the interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. All interest payable under this loan is computed using this method.

**PREPAYMENT.** Borrower agrees that all loan fees and other prepaid finance charges are earned fully as of the date of the loan and will not be subject to refund upon early payment (whether voluntary or as a result of default), except as otherwise required by law. Except for the foregoing, Borrower may pay without penalty all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments of accrued unpaid interest. Rather, early payments will reduce the principal balance due. Borrower agrees not to send Lender payments marked "paid in full", "without recourse", or similar language. If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Agreement, and Borrower will remain obligated to pay any further amount owed to Lender. All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: FIRST CREDIT BANK, a California banking corporation; Sunset-Doheny Branch; 9255 SUNSET BOULEVARD; WEST HOLLYWOOD, CA 90069.

**LATE CHARGE.** If a payment is 10 days or more late, Borrower will be charged 6.000% of the unpaid portion of the regularly scheduled payment or $5.00, whichever is greater.

**INTEREST AFTER DEFAULT.** Upon maturity of this loan, whether the scheduled maturity date or due to this loan being accelerated by Lender because of a default under this Agreement, the interest rate on this loan shall immediately increase by adding an additional 5.000 percentage point margin ("Default Rate Margin"). The Default Rate Margin shall also apply to each succeeding interest rate change that would have applied had there been no default. However, in no event will the interest rate applied under this paragraph exceed the maximum interest rate permitted under applicable law.

**DEFAULT.** Each of the following shall constitute an Event of Default under this Agreement:

**Payment Default.** Borrower fails to make any payment when due under the Indebtedness.

**Other Defaults.** Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Agreement or in any of the Related Documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower.

**Default in Favor of Third Parties.** Any guarantor or Borrower defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of any guarantor's or Borrower's property or ability to perform their respective obligations under this Agreement or any of the Related Documents.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Borrower or on Borrower's behalf under this Agreement or the Related Documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Insolvency.** The dissolution or termination of Borrower's existence as a going business, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against any collateral securing the Indebtedness. This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**EXHIBIT "6"**                              **Page 57**

CHANGE IN TERMS AGREEMENT
(Continued)

Page 2

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any Guarantor of any of the Indebtedness or any Guarantor dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any Guaranty of the Indebtedness evidenced by this Note.

**Change In Ownership.** Any change in ownership of twenty-five percent (25%) or more of the common stock of Borrower.

**Adverse Change.** A material adverse change occurs in Borrower's financial condition, or Lender believes the prospect of payment or performance of the Indebtedness is impaired.

**Insecurity.** Lender in good faith believes itself insecure.

**Cure Provisions.** If any default, other than a default in payment, is curable and if Borrower has not been given a notice of a breach of the same provision of this Agreement within the preceding twelve (12) months, it may be cured if Borrower, after Lender sends written notice to Borrower demanding cure of such default: (1) cures the default within fifteen (15) days; or (2) if the cure requires more than fifteen (15) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire unpaid principal balance under this Agreement and all accrued unpaid interest immediately due, and then Borrower will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Agreement if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. Borrower also will pay any court costs, in addition to all other sums provided by law.

**JURY WAIVER.** To the extent permitted by applicable law, Lender and Borrower hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or Borrower against the other.

**GOVERNING LAW.** This Agreement will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of California without regard to its conflicts of law provisions. This Agreement has been accepted by Lender in the State of California.

**COLLATERAL.** Borrower acknowledges this Agreement is secured by , in addition to any other collateral:

(A) Two Deeds of Trust as follows:

(i) A Construction Deed of Trust from Fu Bang Group Corp, USA, a California corporation, to Lender, Recorded April 7, 2016 as Doc# 2016-0137808 in the official records of Riverside County, State of California. and;

(ii) A Deed of Trust from Dos Lagos Center 2. LLC, a California limited liability company, to Lender, Recorded April 8, 2016 as Doc# 2016-0138249 in the official records of Riverside County, State of California.

The above Deeds of Trust each contain the following due on sale provision: Lender may, at Lender's option, declare immediately due and payable all sums secured by the Deed of Trust upon the sale or transfer, without Lender's prior written consent, of all or any part of the Real Property, or any interest in the Real Property. A "sale or transfer" means the conveyance of Real Property or any right, title or interest in the Real Property; whether legal, beneficial or equitable; whether voluntary or involuntary; whether by outright sale, deed, installment sale contract, land contract, contract for deed, leasehold interest with a term greater than three (3) years, lease-option contract, or by sale, assignment, or transfer of any beneficial interest in or to any land trust holding title to the Real Property, or by any other method of conveyance of an interest in the Real Property. If any Trustor is a corporation, partnership or limited liability company, transfer also includes any change in ownership of more than twenty-five percent (25%) of the voting stock, partnership interests or limited liability company interests, as the case may be, of such Trustor. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law.

**LINE OF CREDIT.** This Agreement evidences a straight line of credit. Once the total amount of principal has been advanced, Borrower is not entitled to further loan advances. Borrower agrees to be liable for all sums either: (A) advanced in accordance with the instructions of an authorized person or (B) credited to any of Borrower's accounts with Lender. The unpaid principal balance owing on this Agreement at any time may be evidenced by endorsements on this Agreement or by Lender's internal records, including daily computer print-outs.

**CONTINUING VALIDITY.** Except as expressly changed by this Agreement, the terms of the original obligation or obligations, including all agreements evidenced or securing the obligation(s), remain unchanged and in full force and effect. Consent by Lender to this Agreement does not waive Lender's right to strict performance of the obligation(s) as changed, nor obligate Lender to make any future change in terms. Nothing in this Agreement will constitute a satisfaction of the obligation(s). It is the intention of Lender to retain as liable parties all makers and endorsers of the original obligation(s), including accommodation parties, unless a party is expressly released by Lender in writing. Any maker or endorser, including accommodation makers, will not be released by virtue of this Agreement. If any person who signed the original obligation does not sign this Agreement below, then all persons signing below acknowledge that this Agreement is given conditionally, based on the representation to Lender that the non-signing party consents to the changes and provisions of this Agreement or otherwise will not be released by it. This waiver applies not only to any initial extension, modification or release, but also to all such subsequent actions.

**LATE CHARGE APPLICABLE TO ALL DELINQUENT PAYMENTS.** Notwithstanding anything to the contrary contained herein, if payment of any amount due under this Note, including any outstanding balance of principal at maturity, is not received by Lender within 10 days of when such payment is due, then in addition to the remedies conferred upon Lender pursuant to the provisions of this Note and/or the Related Documents, a late charge of six percent (6.0%) of the amount of principal payment due will be due and owing by Borrower and will be added to the delinquent amount to compensate Lender for the costs, expenses and damages of Lender related to the delinquency of Borrower in making such principal payment, regardless of any notice or cure period, if any. Acceptance of any late charge will not constitute a waiver of default with respect to the overdue payment, and will not prevent or delay Lender from exercising any of its rights and remedies under this Note and/or the Related Documents.

**SUCCESSORS AND ASSIGNS.** Subject to any limitations stated in this Agreement on transfer of Borrower's interest, this Agreement shall be binding upon and inure to the benefit of the parties, their successors and assigns. If ownership of the Collateral becomes vested in a person other than Borrower, Lender, without notice to Borrower, may deal with Borrower's successors with reference to this Agreement and the Indebtedness by way of forbearance or extension without releasing Borrower from the obligations of this Agreement or liability under the Indebtedness.

**MISCELLANEOUS PROVISIONS.** If any part of this Agreement cannot be enforced, this fact will not affect the rest of the Agreement. Lender may delay or forgo enforcing any of its rights or remedies under this Agreement without losing them. Borrower and any other person who signs, guarantees or endorses this Agreement, to the extent allowed by law, waive any applicable statute of limitations, presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Agreement, and unless otherwise expressly stated in writing, no party who signs this Agreement, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such

**EXHIBIT "6"**          **Page 58**

CHANGE IN TERMS AGREEMENT
(Continued)

Page 3

parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral; and take any other action deemed necessary by Lender without the consent of or notice to anyone.  All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made.  The obligations under this Agreement are joint and several

PRIOR TO SIGNING THIS AGREEMENT, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS AGREEMENT, INCLUDING THE VARIABLE INTEREST RATE PROVISIONS.  BORROWER AGREES TO THE TERMS OF THE AGREEMENT.

BORROWER:

FU BANG GROUP CORP, USA, A CALIFORNIA CORPORATION

By: _____

LANG ZHANG, Director/CEO of FU BANG GROUP
CORP, USA, a California corporation

LaserPro, Ver. 25.1.0.027  Copr. Finastra USA Corporation 1997, 2024.  All Rights Reserved.  CA  Q:\CFI\LPL\D20C.FC  TR-1609  PR-27

**EXHIBIT "6"**                    **Page 59**

# Exhibit 2

**EXHIBIT "6"**                    **Page 60**

DOC #2016-0137803
04/07/2016 03:47 PM Fees: $49.00
Page 1 of 9
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: MARIA #309

**RECORDATION REQUESTED BY:**

# Old Republic Title Company
## Major Accounts – Commercial Division

2676007351-JL

**WHEN RECORDED MAIL TO:**
FIRST CREDIT BANK, a California banking corporation
Sunset-Doheny Branch
9255 SUNSET BOULEVARD
WEST HOLLYWOOD, CA  90069

**SEND TAX NOTICES TO:**
FU BANG GROUP CORP, USA, a California corporation
17700 CASTLETON STREET, SUITE 378
CITY OF INDUSTRY, CA  91748

_____
FOR RECORDER'S USE ONLY



APN 279-460-064-6

## CONSTRUCTION DEED OF TRUST

THIS DEED OF TRUST is dated March 18, 2016, among FU BANG GROUP CORP, USA, a California corporation, whose address is 17700 CASTLETON STREET, SUITE 378, CITY OF INDUSTRY, CA  91748 ("Trustor"); FIRST CREDIT BANK, a California banking corporation, whose address is Sunset-Doheny Branch, 9255 SUNSET BOULEVARD, WEST HOLLYWOOD, CA  90069 (referred to below sometimes as "Lender" and sometimes as "Beneficiary"); and FIRST CREDIT BANK, a California banking corporation, whose address is 9255 Sunset Boulevard, West Hollywood, CA  90069 (referred to below as "Trustee").

CONVEYANCE AND GRANT. For valuable consideration, Trustor irrevocably grants, transfers and assigns to Trustee in trust, with power of sale, for the benefit of Lender as Beneficiary, all of Trustor's right, title, and interest in and to the following described real property, together with all existing or subsequently erected or affixed buildings, improvements and fixtures; all easements, rights of way, and appurtenances; all water, water rights and ditch rights (including stock in utilities with ditch or irrigation rights); and all other rights, royalties, and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar matters, (the "Real Property") located in Riverside County, State of California:

> Lot 2 of Tract No. 33151, in the City of Corona, County of Riverside, State of California, as per map recorded in Book 422 Page(s) 52 through 56, inclusive of Maps, in the Office of the County Recorder of said County.

Trustor presently assigns to Lender (also known as Beneficiary in this Deed of Trust) all of Trustor's right, title, and interest in and to all present and future leases of the Property and all Rents from the Property. This is an absolute assignment of Rents made in connection with an obligation secured by real property pursuant to California Civil Code Section 2938. In addition, Trustor grants to Lender a Uniform Commercial Code security interest in the Personal Property and Rents.

THIS DEED OF TRUST, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS GIVEN TO SECURE (A) PAYMENT OF THE INDEBTEDNESS AND (B) PERFORMANCE OF ANY AND ALL OBLIGATIONS UNDER THE NOTE, THE RELATED DOCUMENTS, AND THIS DEED OF TRUST. THIS DEED OF TRUST, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS ALSO GIVEN TO SECURE ANY AND ALL OF TRUSTOR'S OBLIGATIONS UNDER THAT CERTAIN CONSTRUCTION LOAN AGREEMENT BETWEEN TRUSTOR AND LENDER OF EVEN DATE HEREWITH. ANY EVENT OF DEFAULT UNDER THE CONSTRUCTION LOAN AGREEMENT, OR ANY OF THE RELATED DOCUMENTS REFERRED TO THEREIN, SHALL ALSO BE AN EVENT OF DEFAULT UNDER THIS DEED OF TRUST. THIS DEED OF TRUST IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:

PAYMENT AND PERFORMANCE. Except as otherwise provided in this Deed of Trust, Trustor shall pay to Lender all amounts secured by this Deed of Trust as they become due, and shall strictly and in a timely manner perform all of Trustor's obligations under the Note, this Deed of Trust, and the Related Documents.

CONSTRUCTION MORTGAGE. This Deed of Trust is a "construction mortgage" for the purposes of Sections 9-334 and 2A-309 of the Uniform Commercial Code, as those sections have been adopted by the State of California.

POSSESSION AND MAINTENANCE OF THE PROPERTY. Trustor agrees that Trustor's possession and use of the Property shall be governed by the following provisions:

> Possession and Use. Until the occurrence of an Event of Default, Trustor may (1) remain in possession and control of the Property; (2) use, operate or manage the Property; and (3) collect the Rents from the Property.

> Duty to Maintain. Trustor shall maintain the Property in tenantable condition and promptly perform all repairs, replacements, and

2676007351 (2)

**EXHIBIT "6"**

Page 61

RECORDATION REQUESTED BY:

**Old Republic Title Company**
**Major Accounts - Commercial Division**
2676007351-JL

**WHEN RECORDED MAIL TO:**
FIRST CREDIT BANK, a California banking corporation
Sunset-Doheny Branch
9255 SUNSET BOULEVARD
WEST HOLLYWOOD, CA  90069

**SEND TAX NOTICES TO:**
FU BANG GROUP CORP, USA, a California corporation
17700 CASTLETON STREET, SUITE 378
CITY OF INDUSTRY, CA  91748                           FOR RECORDER'S USE ONLY

 **First Credit Bank**

APN 279-460-064-6

## CONSTRUCTION DEED OF TRUST

THIS DEED OF TRUST is dated March 18, 2016, among FU BANG GROUP CORP, USA, a California corporation, whose address is 17700 CASTLETON STREET, SUITE 378, CITY OF INDUSTRY, CA  91748 ("Trustor"); FIRST CREDIT BANK, a California banking corporation, whose address is Sunset-Doheny Branch, 9255 SUNSET BOULEVARD, WEST HOLLYWOOD, CA  90069 (referred to below sometimes as "Lender" and sometimes as "Beneficiary"); and FIRST CREDIT BANK, a California banking corporation, whose address is 9255 Sunset Boulevard, West Hollywood, CA  90069 (referred to below as "Trustee").

CONVEYANCE AND GRANT. For valuable consideration, Trustor irrevocably grants, transfers and assigns to Trustee in trust, with power of sale, for the benefit of Lender as Beneficiary, all of Trustor's right, title, and interest in and to the following described real property, together with all existing or subsequently erected or affixed buildings, improvements and fixtures; all easements, rights of way, and appurtenances; all water, water rights and ditch rights (including stock in utilities with ditch or irrigation rights); and all other rights, royalties, and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar matters, (the "Real Property") located in Riverside County, State of California:

Lot 2 of Tract No. 33151, in the City of Corona, County of Riverside, State of California, as per map recorded in Book 422 Page(s) 52 through 56, inclusive of Maps, in the Office of the County Recorder of said County.

Trustor presently assigns to Lender (also known as Beneficiary in this Deed of Trust) all of Trustor's right, title, and interest in and to all present and future leases of the Property and all Rents from the Property. This is an absolute assignment of Rents made in connection with an obligation secured by real property pursuant to California Civil Code Section 2938. In addition, Trustor grants to Lender a Uniform Commercial Code security interest in the Personal Property and Rents.

THIS DEED OF TRUST, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS GIVEN TO SECURE  (A)  PAYMENT OF THE INDEBTEDNESS AND  (B)  PERFORMANCE OF ANY AND ALL OBLIGATIONS UNDER THE NOTE, THE RELATED DOCUMENTS, AND THIS DEED OF TRUST. THIS DEED OF TRUST, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS ALSO GIVEN TO SECURE ANY AND ALL OF TRUSTOR'S OBLIGATIONS UNDER THAT CERTAIN CONSTRUCTION LOAN AGREEMENT BETWEEN TRUSTOR AND LENDER OF EVEN DATE HEREWITH. ANY EVENT OF DEFAULT UNDER THE CONSTRUCTION LOAN AGREEMENT, OR ANY OF THE RELATED DOCUMENTS REFERRED TO THEREIN, SHALL ALSO BE AN EVENT OF DEFAULT UNDER THIS DEED OF TRUST. THIS DEED OF TRUST IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:

PAYMENT AND PERFORMANCE. Except as otherwise provided in this Deed of Trust, Trustor shall pay to Lender all amounts secured by this Deed of Trust as they become due, and shall strictly and in a timely manner perform all of Trustor's obligations under the Note, this Deed of Trust, and the Related Documents.

CONSTRUCTION MORTGAGE. This Deed of Trust is a "construction mortgage" for the purposes of Sections 9-334 and 2A-309 of the Uniform Commercial Code, as those sections have been adopted by the State of California.

POSSESSION AND MAINTENANCE OF THE PROPERTY. Trustor agrees that Trustor's possession and use of the Property shall be governed by the following provisions:

Possession and Use. Until the occurrence of an Event of Default, Trustor may  (1)  remain in possession and control of the Property; (2)  use, operate or manage the Property; and  (3)  collect the Rents from the Property.

Duty to Maintain. Trustor shall maintain the Property in tenantable condition and promptly perform all repairs, replacements, and

2676007351 (2)                    **EXHIBIT "6"**                          **Page 62**

## DEED OF TRUST
### (Continued)

maintenance necessary to preserve its value. .

**Compliance With Environmental Laws.** Trustor represents and warrants to Lender that: (1) During the period of Trustor's ownership of the Property, there has been no use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance by any person on, under, about or from the Property; (2) Trustor has no knowledge of, or reason to believe that there has been, except as previously disclosed to and acknowledged by Lender in writing, (a) any breach or violation of any Environmental Laws, (b) any use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance on, under, about or from the Property by any prior owners or occupants of the Property, or (c) any actual or threatened litigation or claims of any kind by any person relating to such matters; and (3) Except as previously disclosed to and acknowledged by Lender in writing, (a) neither Trustor nor any tenant, contractor, agent or other authorized user of the Property shall use, generate, manufacture, store, treat, dispose of or release any Hazardous Substance on, under, about or from the Property; and (b) any such activity shall be conducted in compliance with all applicable federal, state, and local laws, regulations and ordinances, including without limitation all Environmental Laws. Trustor authorizes Lender and its agents to enter upon the Property to make such inspections and tests, at Trustor's expense, as Lender may deem appropriate to determine compliance of the Property with this section of the Deed of Trust. Any inspections or tests made by Lender shall be for Lender's purposes only and shall not be construed to create any responsibility or liability on the part of Lender to Trustor or to any other person. The representations and warranties contained herein are based on Trustor's due diligence in investigating the Property for Hazardous Substances. Trustor hereby (1) releases and waives any future claims against Lender for indemnity or contribution in the event Trustor becomes liable for cleanup or other costs under any such laws; and (2) agrees to indemnify, defend, and hold harmless Lender against any and all claims, losses, liabilities, damages, penalties, and expenses which Lender may directly or indirectly sustain or suffer resulting from a breach of this section of the Deed of Trust or as a consequence of any use, generation, manufacture, storage, disposal, release or threatened release occurring prior to Trustor's ownership or interest in the Property, whether or not the same was or should have been known to Trustor. The provisions of this section of the Deed of Trust, including the obligation to indemnify and defend, shall survive the payment of the Indebtedness and the satisfaction and reconveyance of the lien of this Deed of Trust and shall not be affected by Lender's acquisition of any interest in the Property, whether by foreclosure or otherwise.

**Nuisance, Waste.** Trustor shall not cause, conduct or permit any nuisance nor commit, permit, or suffer any stripping of or waste on or to the Property or any portion of the Property. Without limiting the generality of the foregoing, Trustor will not remove, or grant to any other party the right to remove, any timber, minerals (including oil and gas), coal, clay, scoria, soil, gravel or rock products without Lender's prior written consent.

**Removal of Improvements.** Trustor shall not demolish or remove any Improvements from the Real Property without Lender's prior written consent. As a condition to the removal of any Improvements, Lender may require Trustor to make arrangements satisfactory to Lender to replace such Improvements with Improvements of at least equal value.

**Lender's Right to Enter.** Lender and Lender's agents and representatives may enter upon the Real Property at all reasonable times to attend to Lender's interests and to inspect the Real Property for purposes of Trustor's compliance with the terms and conditions of this Deed of Trust.

**Compliance with Governmental Requirements.** Trustor shall promptly comply with all laws, ordinances, and regulations, now or hereafter in effect, of all governmental authorities applicable to the use or occupancy of the Property, including without limitation, the Americans With Disabilities Act. Trustor may contest in good faith any such law, ordinance, or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as Trustor has notified Lender in writing prior to doing so and so long as, in Lender's sole opinion, Lender's interests in the Property are not jeopardized. Lender may require Trustor to post adequate security or a surety bond, reasonably satisfactory to Lender, to protect Lender's interest.

**Duty to Protect.** Trustor agrees neither to abandon or leave unattended the Property. Trustor shall do all other acts, in addition to those acts set forth above in this section, which from the character and use of the Property are reasonably necessary to protect and preserve the Property.

**Construction Loan.** If some or all of the proceeds of the loan creating the Indebtedness are to be used to construct or complete construction of any Improvements on the Property, the Improvements shall be completed no later than the maturity date of the Note (or such earlier date as Lender may reasonably establish) and Trustor shall pay in full all costs and expenses in connection with the work. Lender will disburse loan proceeds under such terms and conditions as Lender may deem reasonably necessary to insure that the interest created by this Deed of Trust shall have priority over all possible liens, including those of material suppliers and workmen. Lender may require, among other things, that disbursement requests be supported by receipted bills, expense affidavits, waivers of liens, construction progress reports, and such other documentation as Lender may reasonably request.

**DUE ON SALE - CONSENT BY LENDER.** Lender may, at Lender's option, declare immediately due and payable all sums secured by this Deed of Trust upon the sale or transfer, without Lender's prior written consent, of all or any part of the Real Property, or any interest in the Real Property. A "sale or transfer" means the conveyance of Real Property or any right, title or interest in the Real Property; whether legal, beneficial or equitable; whether voluntary or involuntary; whether by outright sale, deed, installment sale contract, land contract, contract for deed, leasehold interest with a term greater than three (3) years, lease-option contract, or by sale, assignment, or transfer of any beneficial interest in or to any land trust holding title to the Real Property, or by any other method of conveyance of an interest in the Real Property. If any Trustor is a corporation, partnership or limited liability company, transfer also includes any change in ownership of more than twenty-five percent (25%) of the voting stock, partnership interests or limited liability company interests, as the case may be, of such Trustor. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law.

**TAXES AND LIENS.** The following provisions relating to the taxes and liens on the Property are part of this Deed of Trust:

**Payment.** Trustor shall pay when due (and in all events at least ten (10) days prior to delinquency) all taxes, special taxes, assessments, charges (including water and sewer), fines and impositions levied against or on account of the Property, and shall pay when due all claims for work done on or for services rendered or material furnished to the Property. Trustor shall maintain the Property free of all liens having priority over or equal to the interest of Lender under this Deed of Trust, except for the lien of taxes and assessments not due and except as otherwise provided in this Deed of Trust.

## DEED OF TRUST
### (Continued)

**Right to Contest.** Trustor may withhold payment of any tax, assessment, or claim in connection with a good faith dispute over the obligation to pay, so long as Lender's interest in the Property is not jeopardized. If a lien arises or is filed as a result of nonpayment, Trustor shall within fifteen (15) days after the lien arises or, if a lien is filed, within fifteen (15) days after Trustor has notice of the filing, secure the discharge of the lien, or if requested by Lender, deposit with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender in an amount sufficient to discharge the lien plus any costs and attorneys' fees, or other charges that could accrue as a result of a foreclosure or sale under the lien. In any contest, Trustor shall defend itself and Lender and shall satisfy any adverse judgment before enforcement against the Property. Trustor shall name Lender as an additional obligee under any surety bond furnished in the contest proceedings.

**Evidence of Payment.** Trustor shall upon demand furnish to Lender satisfactory evidence of payment of the taxes or assessments and shall authorize the appropriate governmental official to deliver to Lender at any time a written statement of the taxes and assessments against the Property.

**Notice of Construction.** Trustor shall notify Lender at least fifteen (15) days before any work is commenced, any services are furnished, or any materials are supplied to the Property, if any mechanic's lien, materialmen's lien, or other lien could be asserted on account of the work, services, or materials and the cost exceeds $10,000.00. Trustor will upon request of Lender furnish to Lender advance assurances satisfactory to Lender that Trustor can and will pay the cost of such improvements.

**PROPERTY DAMAGE INSURANCE.** The following provisions relating to insuring the Property are a part of this Deed of Trust.

**Maintenance of Insurance.** Trustor shall procure and maintain policies of fire insurance with standard extended coverage endorsements on a replacement basis for the full insurable value covering all Improvements on the Real Property in an amount sufficient to avoid application of any coinsurance clause, and with a standard mortgagee clause in favor of Lender. Trustor shall also procure and maintain comprehensive general liability insurance in such coverage amounts as Lender may request with Trustee and Lender being named as additional insureds in such liability insurance policies. Additionally, Trustor shall maintain such other insurance, including but not limited to hazard, business interruption, and boiler insurance, as Lender may reasonably require. Notwithstanding the foregoing, in no event shall Trustor be required to provide hazard insurance in excess of the replacement value of the improvements on the Real Property. Policies shall be written in form, amounts, coverages and basis reasonably acceptable to Lender and issued by a company or companies reasonably acceptable to Lender. Trustor, upon request of Lender, will deliver to Lender from time to time the policies or certificates of insurance in form satisfactory to Lender, including stipulations that coverages will not be cancelled or diminished without at least ten (10) days prior written notice to Lender. Each insurance policy also shall include an endorsement providing that coverage in favor of Lender will not be impaired in any way by any act, omission or default of Trustor or any other person. Should the Real Property be located in an area designated by the Administrator of the Federal Emergency Management Agency as a special flood hazard area, Trustor agrees to obtain and maintain Federal Flood Insurance, if available, for the full unpaid principal balance of the loan and any prior liens on the property securing the loan, up to the maximum policy limits set under the National Flood Insurance Program, or as otherwise required by Lender, and to maintain such insurance for the term of the loan.

**Application of Proceeds.** Trustor shall promptly notify Lender of any loss or damage to the Property if the estimated cost of repair or replacement exceeds $5,000.00. Lender may make proof of loss if Trustor fails to do so within fifteen (15) days of the casualty. If in Lender's sole judgment Lender's security interest in the Property has been impaired, Lender may, at Lender's election, receive and retain the proceeds of any insurance and apply the proceeds to the reduction of the Indebtedness, payment of any lien affecting the Property, or the restoration and repair of the Property. If the proceeds are to be applied to restoration and repair, Trustor shall repair or replace the damaged or destroyed Improvements in a manner satisfactory to Lender. Lender shall, upon satisfactory proof of such expenditure, pay or reimburse Trustor from the proceeds for the reasonable cost of repair or restoration if Trustor is not in default under this Deed of Trust. Any proceeds which have not been disbursed within 180 days after their receipt and which Lender has not committed to the repair or restoration of the Property shall be used first to pay any amount owing to Lender under this Deed of Trust, then to pay accrued interest, and the remainder, if any, shall be applied to the principal balance of the Indebtedness. If Lender holds any proceeds after payment in full of the Indebtedness, such proceeds shall be paid to Trustor as Trustor's interests may appear.

**Trustor's Report on Insurance.** Upon request of Lender, however not more than once a year, Trustor shall furnish to Lender a report on each existing policy of insurance showing: (1) the name of the insurer; (2) the risks insured; (3) the amount of the policy; (4) the property insured, the then current replacement value of such property, and the manner of determining that value; and (5) the expiration date of the policy. Trustor shall, upon request of Lender, have an independent appraiser satisfactory to Lender determine the cash value replacement cost of the Property.

**LENDER'S EXPENDITURES.** If any action or proceeding is commenced that would materially affect Lender's interest in the Property or if Trustor fails to comply with any provision of this Deed of Trust or any Related Documents, including but not limited to Trustor's failure to discharge or pay when due any amounts Trustor is required to discharge or pay under this Deed of Trust or any Related Documents, Lender on Trustor's behalf may (but shall not be obligated to) take any action that Lender deems appropriate, including but not limited to discharging or paying all taxes, liens, security interests, encumbrances and other claims, at any time levied or placed on the Property and paying all costs for insuring, maintaining and preserving the Property. All such expenditures incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Note from the date incurred or paid by Lender to the date of repayment by Trustor. All such expenses will become a part of the Indebtedness and, at Lender's option, will (A) be payable on demand; (B) be added to the balance of the Note and be apportioned among and be payable with any installment payments to become due during either (1) the term of any applicable insurance policy; or (2) the remaining term of the Note; or (C) be treated as a balloon payment which will be due and payable at the Note's maturity. The Deed of Trust also will secure payment of these amounts. Such right shall be in addition to all other rights and remedies to which Lender may be entitled upon Default.

**WARRANTY; DEFENSE OF TITLE.** The following provisions relating to ownership of the Property are a part of this Deed of Trust:

**Title.** Trustor warrants that: (a) Trustor holds good and marketable title of record to the Property in fee simple, free and clear of all liens and encumbrances other than those set forth in the Real Property description or in any title insurance policy, title report, or final title opinion issued in favor of, and accepted by, Lender in connection with this Deed of Trust, and (b) Trustor has the full right, power, and authority to execute and deliver this Deed of Trust to Lender.

**EXHIBIT "6"**          **Page 64**

## DEED OF TRUST
### (Continued)

Page 4

---

**Defense of Title.** Subject to the exception in the paragraph above, Trustor warrants and will forever defend the title to the Property against the lawful claims of all persons. In the event any action or proceeding is commenced that questions Trustor's title or the interest of Trustee or Lender under this Deed of Trust, Trustor shall defend the action at Trustor's expense. Trustor may be the nominal party in such proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of Lender's own choice, and Trustor will deliver, or cause to be delivered, to Lender such instruments as Lender may request from time to time to permit such participation.

**Compliance With Laws.** Trustor warrants that the Property and Trustor's use of the Property complies with all existing applicable laws, ordinances, and regulations of governmental authorities.

**Survival of Representations and Warranties.** All representations, warranties, and agreements made by Trustor in this Deed of Trust shall survive the execution and delivery of this Deed of Trust, shall be continuing in nature, and shall remain in full force and effect until such time as Trustor's Indebtedness shall be paid in full.

**CONDEMNATION.** The following provisions relating to eminent domain and inverse condemnation proceedings are a part of this Deed of Trust:

**Proceedings.** If any eminent domain or inverse condemnation proceeding is commenced affecting the Property, Trustor shall promptly notify Lender in writing, and Trustor shall promptly take such steps as may be necessary to pursue or defend the action and obtain the award. Trustor may be the nominal party in any such proceeding, but Lender shall be entitled, at its election, to participate in the proceeding and to be represented in the proceeding by counsel of its own choice, and Trustor will deliver or cause to be delivered to Lender such instruments and documentation as may be requested by Lender from time to time to permit such participation.

**Application of Net Proceeds.** If any award is made or settlement entered into in any condemnation proceedings affecting all or any part of the Property or by any proceeding or purchase in lieu of condemnation, Lender may at its election, and to the extent permitted by law, require that all or any portion of the award or settlement be applied to the Indebtedness and to the repayment of all reasonable costs, expenses, and attorneys' fees incurred by Trustee or Lender in connection with the condemnation proceedings.

**IMPOSITION OF TAXES, FEES AND CHARGES BY GOVERNMENTAL AUTHORITIES.** The following provisions relating to governmental taxes, fees and charges are a part of this Deed of Trust:

**Current Taxes, Fees and Charges.** Upon request by Lender, Trustor shall execute such documents in addition to this Deed of Trust and take whatever other action is requested by Lender to perfect and continue Lender's lien on the Real Property. Trustor shall reimburse Lender for all taxes, as described below, together with all expenses incurred in recording, perfecting or continuing this Deed of Trust, including without limitation all taxes, fees, documentary stamps, and other charges for recording or registering this Deed of Trust.

**Taxes.** The following shall constitute taxes to which this section applies: (1) a specific tax upon this type of Deed of Trust or upon all or any part of the Indebtedness secured by this Deed of Trust; (2) a specific tax on Trustor which Trustor is authorized or required to deduct from payments on the Indebtedness secured by this type of Deed of Trust; (3) a tax on this type of Deed of Trust chargeable against the Lender or the holder of the Note; and (4) a specific tax on all or any portion of the Indebtedness or on payments of principal and interest made by Trustor.

**Subsequent Taxes.** If any tax to which this section applies is enacted subsequent to the date of this Deed of Trust, this event shall have the same effect as an Event of Default, and Lender may exercise any or all of its available remedies for an Event of Default as provided below unless Trustor either (1) pays the tax before it becomes delinquent, or (2) contests the tax as provided above in the Taxes and Liens section and deposits with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender.

**SECURITY AGREEMENT; FINANCING STATEMENTS.** The following provisions relating to this Deed of Trust as a security agreement are a part of this Deed of Trust:

**Security Agreement.** This instrument shall constitute a Security Agreement to the extent any of the Property constitutes fixtures, and Lender shall have all of the rights of a secured party under the Uniform Commercial Code as amended from time to time.

**Security Interest.** Upon request by Lender, Trustor shall take whatever action is requested by Lender to perfect and continue Lender's security interest in the Rents and Personal Property. Trustor shall reimburse Lender for all expenses incurred in perfecting or continuing this security interest. Upon default, Trustor shall not remove, sever or detach the Personal Property from the Property. Upon default, Trustor shall assemble any Personal Property not affixed to the Property in a manner and at a place reasonably convenient to Trustor and Lender and make it available to Lender within three (3) days after receipt of written demand from Lender to the extent permitted by applicable law.

**Addresses.** The mailing addresses of Trustor (debtor) and Lender (secured party) from which information concerning the security interest granted by this Deed of Trust may be obtained (each as required by the Uniform Commercial Code) are as stated on the first page of this Deed of Trust.

**FURTHER ASSURANCES; ATTORNEY-IN-FACT.** The following provisions relating to further assurances and attorney-in-fact are a part of this Deed of Trust:

**Further Assurances.** At any time, and from time to time, upon request of Lender, Trustor will make, execute and deliver, or will cause to be made, executed or delivered, to Lender or to Lender's designee, and when requested by Lender, cause to be filed, recorded, refiled, or rerecorded, as the case may be, at such times and in such offices and places as Lender may deem appropriate, any and all such mortgages, deeds of trust, security deeds, security agreements, financing statements, continuation statements, instruments of further assurance, certificates, and other documents as may, in the sole opinion of Lender, be necessary or desirable in order to effectuate, complete, perfect, continue, or preserve (1) Trustor's obligations under the Note, this Deed of Trust, and the Related Documents, and (2) the liens and security interests created by this Deed of Trust as first and prior liens on the Property, whether now owned or hereafter acquired by Trustor. Unless prohibited by law or Lender agrees to the contrary in writing, Trustor shall reimburse Lender for all costs and expenses incurred in connection with the matters referred to in this paragraph.

**Attorney-in-Fact.** If Trustor fails to do any of the things referred to in the preceding paragraph, Lender may do so for and in the name

**DEED OF TRUST**
**(Continued)**                                                                                            Page 5

of Trustor and at Trustor's expense. For such purposes, Trustor hereby irrevocably appoints Lender as Trustor's attorney-in-fact for the purpose of making, executing, delivering, filing, recording, and doing all other things as may be necessary or desirable, in Lender's sole opinion, to accomplish the matters referred to in the preceding paragraph.

**FULL PERFORMANCE.** If Trustor pays all the Indebtedness when due, and otherwise performs all the obligations imposed upon Trustor under this Deed of Trust, Lender shall execute and deliver to Trustee a request for full reconveyance and shall execute and deliver to Trustor suitable statements of termination of any financing statement on file evidencing Lender's security interest in the Rents and the Personal Property. Lender may charge Trustor a reasonable reconveyance fee at the time of reconveyance.

**EVENTS OF DEFAULT.** Each of the following, at Lender's option, shall constitute an Event of Default under this Deed of Trust:

**Payment Default.** Trustor fails to make any payment when due under the Indebtedness.

**Other Defaults.** Trustor fails to comply with or to perform any other term, obligation, covenant or condition contained in this Deed of Trust or in any of the Related Documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Trustor.

**Compliance Default.** Failure to comply with any other term, obligation, covenant or condition contained in this Deed of Trust, the Note or in any of the Related Documents.

**Default on Other Payments.** Failure of Trustor within the time required by this Deed of Trust to make any payment for taxes or insurance, or any other payment necessary to prevent filing of or to effect discharge of any lien.

**Default in Favor of Third Parties.** Should Grantor default under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Grantor's property or Grantor's ability to repay the Indebtedness or Grantor's ability to perform Grantor's obligations under this Deed of Trust or any of the Related Documents.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Trustor or on Trustor's behalf under this Deed of Trust or the Related Documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Defective Collateralization.** This Deed of Trust or any of the Related Documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Insolvency.** The dissolution or termination of Trustor's existence as a going business, the insolvency of Trustor, the appointment of a receiver for any part of Trustor's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Trustor.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Trustor or by any governmental agency against any property securing the Indebtedness. This includes a garnishment of any of Trustor's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Trustor as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Trustor gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Breach of Other Agreement.** Any breach by Trustor under the terms of any other agreement between Trustor and Lender that is not remedied within any grace period provided therein, including without limitation any agreement concerning any indebtedness or other obligation of Trustor to Lender, whether existing now or later.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any Guarantor of any of the Indebtedness or any Guarantor dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any Guaranty of the Indebtedness.

**Adverse Change.** A material adverse change occurs in Trustor's financial condition, or Lender believes the prospect of payment or performance of the Indebtedness is impaired.

**Insecurity.** Lender in good faith believes itself insecure.

**Right to Cure.** If any default, other than a default in payment, is curable and if Trustor has not been given a notice of a breach of the same provision of this Deed of Trust within the preceding twelve (12) months, it may be cured if Trustor, after Lender sends written notice to Trustor demanding cure of such default: (1) cures the default within fifteen (15) days; or (2) if the cure requires more than fifteen (15) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**RIGHTS AND REMEDIES ON DEFAULT.** If an Event of Default occurs under this Deed of Trust, at any time thereafter, Trustee or Lender may exercise any one or more of the following rights and remedies:

**Election of Remedies.** Election by Lender to pursue any remedy shall not exclude pursuit of any other remedy, and an election to make expenditures or to take action to perform an obligation of Trustor under this Deed of Trust, after Trustor's failure to perform, shall not affect Lender's right to declare a default and exercise its remedies.

**Foreclosure by Sale.** Upon an Event of Default under this Deed of Trust, Beneficiary may declare the entire Indebtedness secured by this Deed of Trust immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold the Property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed of Trust, the Note, other documents requested by Trustee, and all documents evidencing expenditures secured hereby. After the lapse of such time as may then be required by law following the recordation of the notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell the Property at the time and place fixed by it in the notice of sale, either as a whole or in separate parcels, and in such order as it may

## DEED OF TRUST
### (Continued)

determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of the Property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement in accordance with applicable law. Trustee shall deliver to such purchaser its deed conveying the Property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee or Beneficiary may purchase at such sale. After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

**Judicial Foreclosure.** With respect to all or any part of the Real Property, Lender shall have the right in lieu of foreclosure by power of sale to foreclose by judicial foreclosure in accordance with and to the full extent provided by California law.

**UCC Remedies.** With respect to all or any part of the Personal Property, Lender shall have all the rights and remedies of a secured party under the Uniform Commercial Code, including without limitation the right to recover any deficiency in the manner and to the full extent provided by California law.

**Collect Rents.** Lender shall have the right, without notice to Trustor to take possession of and manage the Property and collect the Rents, including amounts past due and unpaid, and apply the net proceeds, over and above Lender's costs, against the Indebtedness. In furtherance of this right, Lender may require any tenant or other user of the Property to make payments of rent or use fees directly to Lender. If the Rents are collected by Lender, then Trustor irrevocably designates Lender as Trustor's attorney-in-fact to endorse instruments received in payment thereof in the name of Trustor and to negotiate the same and collect the proceeds. Payments by tenants or other users to Lender in response to Lender's demand shall satisfy the obligations for which the payments are made, whether or not any proper grounds for the demand existed. Lender may exercise its rights under this subparagraph either in person, by agent, or through a receiver.

**Appoint Receiver.** Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness. The receiver may serve without bond if permitted by law. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount. Employment by Lender shall not disqualify a person from serving as a receiver.

**Tenancy at Sufferance.** If Trustor remains in possession of the Property after the Property is sold as provided above or Lender otherwise becomes entitled to possession of the Property upon default of Trustor, Trustor shall become a tenant at sufferance of Lender or the purchaser of the Property and shall, at Lender's option, either (1) pay a reasonable rental for the use of the Property, or (2) vacate the Property immediately upon the demand of Lender.

**Other Remedies.** Trustee or Lender shall have any other right or remedy provided in this Deed of Trust or the Note or available at law or in equity.

**Notice of Sale.** Lender shall give Trustor reasonable notice of the time and place of any public sale of the Personal Property or of the time after which any private sale or other intended disposition of the Personal Property is to be made. Reasonable notice shall mean notice given at least ten (10) days before the time of the sale or disposition. Any sale of the Personal Property may be made in conjunction with any sale of the Real Property.

**Sale of the Property.** To the extent permitted by applicable law, Trustor hereby waives any and all rights to have the Property marshalled. In exercising its rights and remedies, the Trustee or Lender shall be free to sell all or any part of the Property together or separately, in one sale or by separate sales. Lender shall be entitled to bid at any public sale on all or any portion of the Property.

**Attorneys' Fees; Expenses.** If Lender institutes any suit or action to enforce any of the terms of this Deed of Trust, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid. Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees, title insurance, and fees for the Trustee, to the extent permitted by applicable law. Trustor also will pay any court costs, in addition to all other sums provided by law.

**Rights of Trustee.** Trustee shall have all of the rights and duties of Lender as set forth in this section.

**POWERS AND OBLIGATIONS OF TRUSTEE.** The following provisions relating to the powers and obligations of Trustee are part of this Deed of Trust:

**Powers of Trustee.** In addition to all powers of Trustee arising as a matter of law, Trustee shall have the power to take the following actions with respect to the Property upon the written request of Lender and Trustor: (a) join in preparing and filing a map or plat of the Real Property, including the dedication of streets or other rights to the public; (b) join in granting any easement or creating any restriction on the Real Property; and (c) join in any subordination or other agreement affecting this Deed of Trust or the interest of Lender under this Deed of Trust.

**Obligations to Notify.** Trustee shall not be obligated to notify any other party of a pending sale under any other trust deed or lien, or of any action or proceeding in which Trustor, Lender, or Trustee shall be a party, unless the action or proceeding is brought by Trustee.

**Trustee.** Trustee shall meet all qualifications required for Trustee under applicable law. In addition to the rights and remedies set

forth above, with respect to all or any part of the Property, the Trustee shall have the right to foreclose by notice and sale, and Lender shall have the right to foreclose by judicial foreclosure, in either case in accordance with and to the full extent provided by applicable law.

**Successor Trustee.** Lender, at Lender's option, may from time to time appoint a successor Trustee to any Trustee appointed under this Deed of Trust by an instrument executed and acknowledged by Lender and recorded in the office of the recorder of Riverside County, State of California. The instrument shall contain, in addition to all other matters required by state law, the names of the original Lender, Trustee, and Trustor, the book and page where this Deed of Trust is recorded, and the name and address of the successor trustee, and the instrument shall be executed and acknowledged by Lender or its successors in interest. The successor trustee, without conveyance of the Property, shall succeed to all the title, power, and duties conferred upon the Trustee in this Deed of Trust and by applicable law. This procedure for substitution of Trustee shall govern to the exclusion of all other provisions for substitution.

**Acceptance by Trustee.** Trustee accepts this Trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law.

**NOTICES.** Any notice required to be given under this Deed of Trust shall be given in writing, and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Deed of Trust. Trustor requests that copies of any notices of default and sale be directed to Trustor's address shown near the beginning of this Deed of Trust. All copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust shall be sent to Lender's address, as shown near the beginning of this Deed of Trust. Any party may change its address for notices under this Deed of Trust by giving formal written notice to the other parties, specifying that the purpose of the notice is to change the party's address. For notice purposes, Trustor agrees to keep Lender informed at all times of Trustor's current address. Unless otherwise provided or required by law, if there is more than one Trustor, any notice given by Lender to any Trustor is deemed to be notice given to all Trustors.

**STATEMENT OF OBLIGATION FEE.** Lender may collect a fee, not to exceed the maximum amount permitted by law, for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Deed of Trust:

**Amendments.** This Deed of Trust, together with any Related Documents, constitutes the entire understanding and agreement of the parties as to the matters set forth in this Deed of Trust. No alteration of or amendment to this Deed of Trust shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

**Annual Reports.** If the Property is used for purposes other than Trustor's residence, Trustor shall furnish to Lender, upon request, a certified statement of net operating income received from the Property during Trustor's previous fiscal year in such form and detail as Lender shall require. "Net operating income" shall mean all cash receipts from the Property less all cash expenditures made in connection with the operation of the Property.

**Arbitration.** Trustor and Lender agree that all disputes, claims and controversies between them whether individual, joint, or class in nature, arising from this Deed of Trust or otherwise, including without limitation contract and tort disputes, shall be arbitrated pursuant to the Rules of the American Arbitration Association in effect at the time the claim is filed, upon request of either party. No act to take or dispose of any Property shall constitute a waiver of this arbitration agreement or be prohibited by this arbitration agreement. This includes, without limitation, obtaining injunctive relief or a temporary restraining order; invoking a power of sale under any deed of trust or mortgage; obtaining a writ of attachment or imposition of a receiver; or exercising any rights relating to personal property, including taking or disposing of such property with or without judicial process pursuant to Article 9 of the Uniform Commercial Code. Any disputes, claims, or controversies concerning the lawfulness or reasonableness of any act, or exercise of any right, concerning any Property, including any claim to rescind, reform, or otherwise modify any agreement relating to the Property, shall also be arbitrated, provided however that no arbitrator shall have the right or the power to enjoin or restrain any act of any party. Trustor and Lender agree that in the event of an action for judicial foreclosure pursuant to California Code of Civil Procedure Section 726, or any similar provision in any other state, the commencement of such an action will not constitute a waiver of the right to arbitrate and the court shall refer to arbitration as much of such action, including counterclaims, as lawfully may be referred to arbitration. Judgment upon any award rendered by any arbitrator may be entered in any court having jurisdiction. Nothing in this Deed of Trust shall preclude any party from seeking equitable relief from a court of competent jurisdiction. The statute of limitations, estoppel, waiver, laches, and similar doctrines which would otherwise be applicable in an action brought by a party shall be applicable in any arbitration proceeding, and the commencement of an arbitration proceeding shall be deemed the commencement of an action for these purposes. The Federal Arbitration Act shall apply to the construction, interpretation, and enforcement of this arbitration provision.

**Caption Headings.** Caption headings in this Deed of Trust are for convenience purposes only and are not to be used to interpret or define the provisions of this Deed of Trust.

**Merger.** There shall be no merger of the interest or estate created by this Deed of Trust with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender.

**Governing Law. This Deed of Trust will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of California without regard to its conflicts of law provisions. This Deed of Trust has been accepted by Lender in the State of California.**

**No Waiver by Lender.** Lender shall not be deemed to have waived any rights under this Deed of Trust unless such waiver is given in writing and signed by Lender. No delay or omission on the part of Lender in exercising any right shall operate as a waiver of such right or any other right. A waiver by Lender of a provision of this Deed of Trust shall not prejudice or constitute a waiver of Lender's right otherwise to demand strict compliance with that provision or any other provision of this Deed of Trust. No prior waiver by Lender, nor any course of dealing between Lender and Trustor, shall constitute a waiver of any of Lender's rights or of any of Trustor's obligations as to any future transactions. Whenever the consent of Lender is required under this Deed of Trust, the granting

## DEED OF TRUST
### (Continued)

Page 8

---

of such consent by Lender in any instance shall not constitute continuing consent to subsequent instances where such consent is required and in all cases such consent may be granted or withheld in the sole discretion of Lender.

**Severability.** If a court of competent jurisdiction finds any provision of this Deed of Trust to be illegal, invalid, or unenforceable as to any circumstance, that finding shall not make the offending provision illegal, invalid, or unenforceable as to any other circumstance. If feasible, the offending provision shall be considered modified so that it becomes legal, valid and enforceable. If the offending provision cannot be so modified, it shall be considered deleted from this Deed of Trust. Unless otherwise required by law, the illegality, invalidity, or unenforceability of any provision of this Deed of Trust shall not affect the legality, validity or enforceability of any other provision of this Deed of Trust.

**Successors and Assigns.** Subject to any limitations stated in this Deed of Trust on transfer of Trustor's interest, this Deed of Trust shall be binding upon and inure to the benefit of the parties, their successors and assigns. If ownership of the Property becomes vested in a person other than Trustor, Lender, without notice to Trustor, may deal with Trustor's successors with reference to this Deed of Trust and the Indebtedness by way of forbearance or extension without releasing Trustor from the obligations of this Deed of Trust or liability under the Indebtedness.

**Time is of the Essence.** Time is of the essence in the performance of this Deed of Trust.

**Waive Jury.** To the extent permitted by applicable law, all parties to this Deed of Trust hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by any party against any other party.

**DEFINITIONS.** The following capitalized words and terms shall have the following meanings when used in this Deed of Trust. Unless specifically stated to the contrary, all references to dollar amounts shall mean amounts in lawful money of the United States of America. Words and terms used in the singular shall include the plural, and the plural shall include the singular, as the context may require. Words and terms not otherwise defined in this Deed of Trust shall have the meanings attributed to such terms in the Uniform Commercial Code:

**Beneficiary.** The word "Beneficiary" means FIRST CREDIT BANK, a California banking corporation, and its successors and assigns.

**Borrower.** The word "Borrower" means FU BANG GROUP CORP, USA, a California corporation and includes all co-signers and co-makers signing the Note and all their successors and assigns.

**Deed of Trust.** The words "Deed of Trust" mean this Deed of Trust among Trustor, Lender, and Trustee, and includes without limitation all assignment and security interest provisions relating to the Personal Property and Rents.

**Default.** The word "Default" means the Default set forth in this Deed of Trust in the section titled "Default".

**Environmental Laws.** The words "Environmental Laws" mean any and all state, federal and local statutes, regulations and ordinances relating to the protection of human health or the environment, including without limitation the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. Section 9601, et seq. ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et seq., the Resource Conservation and Recovery Act, 42 U.S.C. Section 6901, et seq., Chapters 6.5 through 7.7 of Division 20 of the California Health and Safety Code, Section 25100, et seq., or other applicable state or federal laws, rules, or regulations adopted pursuant thereto.

**Event of Default.** The words "Event of Default" mean any of the events of default set forth in this Deed of Trust in the events of default section of this Deed of Trust.

**Guarantor.** The word "Guarantor" means any guarantor, surety, or accommodation party of any or all of the Indebtedness.

**Guaranty.** The word "Guaranty" means the guaranty from Guarantor to Lender, including without limitation a guaranty of all or part of the Note.

**Hazardous Substances.** The words "Hazardous Substances" mean materials that, because of their quantity, concentration or physical, chemical or infectious characteristics, may cause or pose a present or potential hazard to human health or the environment when improperly used, treated, stored, disposed of, generated, manufactured, transported or otherwise handled. The words "Hazardous Substances" are used in their very broadest sense and include without limitation any and all hazardous or toxic substances, materials or waste as defined by or listed under the Environmental Laws. The term "Hazardous Substances" also includes, without limitation, petroleum and petroleum by-products or any fraction thereof and asbestos.

**Improvements.** The word "Improvements" means all existing and future improvements, buildings, structures, mobile homes affixed on the Real Property, facilities, additions, replacements and other construction on the Real Property.

**Indebtedness.** The word "Indebtedness" means all principal, interest, and other amounts, costs and expenses payable under the Note or Related Documents, together with all renewals of, extensions of, modifications of, consolidations of and substitutions for the Note or Related Documents and any amounts expended or advanced by Lender to discharge Trustor's obligations or expenses incurred by Trustee or Lender to enforce Trustor's obligations under this Deed of Trust, together with interest on such amounts as provided in this Deed of Trust.

**Lender.** The word "Lender" means FIRST CREDIT BANK, a California banking corporation, its successors and assigns.

**Note.** The word "Note" means the promissory note dated March 18, 2016, **in the original principal amount of $12,000,000.00** from Trustor to Lender, together with all renewals of, extensions of, modifications of, refinancings of, consolidations of, and substitutions for the promissory note or agreement.

**Personal Property.** The words "Personal Property" mean all equipment, fixtures, and other articles of personal property now or hereafter owned by Trustor, and now or hereafter attached or affixed to the Real Property; together with all accessions, parts, and additions to, all replacements of, and all substitutions for, any of such property; and together with all proceeds (including without limitation all insurance proceeds and refunds of premiums) from any sale or other disposition of the Property. The words "Personal Property" also include all tangible and intangible items obtained or owned by, or in the possession of Trustor that are directly or indirectly related to the acquisition, development, design, construction, permitting, marketing, or habitation of the Real Property or the

## DEED OF TRUST
### (Continued)

Page 9

Improvements to be constructed on the Real Property, whether heretofore or hereafter issued, prepared, or executed, including without limitation all permits, licenses, authorizations and approvals, trademarks and tradenames, and any and all land use entitlements, development rights, sewer capacity, approvals, density allocations and other rights or approvals relating to or authorizing the development or occupancy of the Property, plus all utility or other deposits, reimbursement rights, studies, tests, contracts, plans and specifications, relating to the Property and Improvements.

**Property.** The word "Property" means collectively the Real Property and the Personal Property.

**Real Property.** The words "Real Property" mean the real property, interests and rights, as further described in this Deed of Trust.

**Related Documents.** The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness; except that the words do not mean any guaranty or environmental agreement, whether now or hereafter existing, executed in connection with the Indebtedness.

**Rents.** The word "Rents" means all present and future leases, rents, revenues, income, issues, royalties, profits, and other benefits derived from the Property together with the cash proceeds of the Rents.

**Trustee.** The word "Trustee" means FIRST CREDIT BANK, a California banking corporation, whose address is 9255 Sunset Boulevard, West Hollywood, CA 90069 and any substitute or successor trustees.

**Trustor.** The word "Trustor" means FU BANG GROUP CORP, USA, a California corporation.

**TRUSTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS DEED OF TRUST, AND TRUSTOR AGREES TO ITS TERMS.**

**TRUSTOR:**

**FU BANG GROUP CORP, USA, A CALIFORNIA CORPORATION**

By: _____
RICHARD DON, CEO/SECRETARY of FU BANG GROUP CORP, USA, a California corporation

---

## CERTIFICATE OF ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy or validity of that document.

STATE OF _California_ )
) SS
COUNTY OF _Los Angeles_ )

On _March 18th_, 20_16_ before me, _Lisa J. Roberts, Notary Public_,
(here insert name and title of the officer)

personally appeared **RICHARD DON**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

LISA J. ROBERTS
Commission # 1995172
Notary Public - California
Los Angeles County
My Comm. Expires Nov 20, 2016    (Seal)

**EXHIBIT "6"**    **Page 70**

**ORDER NO. :** 2676007351-48

# EXHIBIT A

The land referred to is situated in the County of Riverside, City of Corona, State of California, and is described as follows:

Lot 2 of Tract No. 33151, in the City of Corona, County of Riverside, State of California, as per map recorded in Book 422 Page(s) 52 through 56 inclusive of Maps, in the Office of the County Recorder of said County.

Page 1 of 1

**EXHIBIT "6"**                                              **Page 71**



# Exhibit 3



# COMMERCIAL GUARANTY

| | |
|---|---|
| **Borrower:** FU BANG GROUP CORP, USA, a California corporation<br>4261 Odyssey Drive #117<br>Corona, CA 92883 | **Lender:** FIRST CREDIT BANK, a California banking corporation<br>Sunset-Doheny Branch<br>9255 SUNSET BOULEVARD<br>WEST HOLLYWOOD, CA 90069 |
| **Guarantor:** LANG ZHANG<br>918 Pomello Drive<br>Claremont, CA 91711 | |

**CONTINUING GUARANTEE OF PAYMENT AND PERFORMANCE.** For good and valuable consideration, Guarantor absolutely and unconditionally guarantees full and punctual payment and satisfaction of the Indebtedness of Borrower to Lender, and the performance and discharge of all Borrower's obligations under the Note and the Related Documents. This is a guaranty of payment and performance and not of collection, so Lender can enforce this Guaranty against Guarantor even when Lender has not exhausted Lender's remedies against anyone else obligated to pay the Indebtedness or against any collateral securing the Indebtedness, this Guaranty or any other guaranty of the Indebtedness. Guarantor will make any payments to Lender or its order, on demand, in legal tender of the United States of America, in same-day funds, without set-off or deduction or counterclaim, and will otherwise perform Borrower's obligations under the Note and Related Documents. Under this Guaranty, Guarantor's liability is unlimited and Guarantor's obligations are continuing.

**INDEBTEDNESS.** The word "Indebtedness" as used in this Guaranty means all of the principal amount outstanding from time to time and at any one or more times, accrued unpaid interest thereon and all collection costs and legal expenses related thereto permitted by law, attorneys' fees, arising from any and all debts, liabilities and obligations of every nature or form, now existing or hereafter arising or acquired, that Borrower individually or collectively or interchangeably with others, owes or will owe Lender. "Indebtedness" includes, without limitation, loans, advances, debts, overdraft indebtedness, credit card indebtedness, lease obligations, liabilities and obligations under any interest rate protection agreements or foreign currency exchange agreements or commodity price protection agreements, other obligations, and liabilities of Borrower, and any present or future judgments against Borrower, future advances, loans or transactions that renew, extend, modify, refinance, consolidate or substitute these debts, liabilities and obligations whether: voluntarily or involuntarily incurred; due or to become due by their terms or acceleration; absolute or contingent; liquidated or unliquidated; determined or undetermined; direct or indirect; primary or secondary in nature or arising from a guaranty or surety; secured or unsecured; joint or several or joint and several; evidenced by a negotiable or non-negotiable instrument or writing; originated by Lender or another or others; barred or unenforceable against Borrower for any reason whatsoever; for any transactions that may be voidable for any reason (such as infancy, insanity, ultra vires or otherwise); and originated then reduced or extinguished and then afterwards increased or reinstated.

If Lender presently holds one or more guaranties, or hereafter receives additional guaranties from Guarantor, Lender's rights under all guaranties shall be cumulative. This Guaranty shall not (unless specifically provided below to the contrary) affect or invalidate any such other guaranties. Guarantor's liability will be Guarantor's aggregate liability under the terms of this Guaranty and any such other unterminated guaranties.

**CONTINUING GUARANTY.** THIS IS A "CONTINUING GUARANTY" UNDER WHICH GUARANTOR AGREES TO GUARANTEE THE FULL AND PUNCTUAL PAYMENT, PERFORMANCE AND SATISFACTION OF THE INDEBTEDNESS OF BORROWER TO LENDER, NOW EXISTING OR HEREAFTER ARISING OR ACQUIRED, ON AN OPEN AND CONTINUING BASIS. ACCORDINGLY, ANY PAYMENTS MADE ON THE INDEBTEDNESS WILL NOT DISCHARGE OR DIMINISH GUARANTOR'S OBLIGATIONS AND LIABILITY UNDER THIS GUARANTY FOR ANY REMAINING AND SUCCEEDING INDEBTEDNESS EVEN WHEN ALL OR PART OF THE OUTSTANDING INDEBTEDNESS MAY BE A ZERO BALANCE FROM TIME TO TIME.

**DURATION OF GUARANTY.** This Guaranty will take effect when received by Lender without the necessity of any acceptance by Lender, or any notice to Guarantor or to Borrower, and will continue in full force until all the Indebtedness incurred or contracted before receipt by Lender of any notice of revocation shall have been fully and finally paid and satisfied and all of Guarantor's other obligations under this Guaranty shall have been performed in full. If Guarantor elects to revoke this Guaranty, Guarantor may only do so in writing. Guarantor's written notice of revocation must be mailed to Lender, by certified mail, at Lender's address listed above or such other place as Lender may designate in writing. Written revocation of this Guaranty will apply only to new Indebtedness created after actual receipt by Lender of Guarantor's written revocation. For this purpose and without limitation, the term "new Indebtedness" does not include the Indebtedness which at the time of notice of revocation is contingent, unliquidated, undetermined or not due and which later becomes absolute, liquidated, determined or due. For this purpose and without limitation, "new Indebtedness" does not include all or part of the Indebtedness that is: incurred by Borrower prior to revocation; incurred under a commitment that became binding before revocation; any renewals, extensions, substitutions, and modifications of the Indebtedness. This Guaranty shall bind Guarantor's estate as to the Indebtedness created both before and after Guarantor's death or incapacity, regardless of Lender's actual notice of Guarantor's death. Subject to the foregoing, Guarantor's executor or administrator or other legal representative may terminate this Guaranty in the same manner in which Guarantor might have terminated it and with the same effect. Release of any other guarantor or termination of any other guaranty of the Indebtedness shall not affect the liability of Guarantor under this Guaranty. A revocation Lender receives from any one or more Guarantors shall not affect the liability of any remaining Guarantors under this Guaranty. Guarantor's obligations under this Guaranty shall be in addition to any of Guarantor's obligations, or any of them, under any other guaranties of the Indebtedness or any other person heretofore or hereafter given to Lender unless such other guaranties are modified or revoked in writing; and this Guarantor shall not, unless provided in this Guaranty, affect, invalidate, or supersede any such other guaranty. It is anticipated that fluctuations may occur in the aggregate amount of the Indebtedness covered by this Guaranty, and Guarantor specifically acknowledges and agrees that reductions in the amount of the Indebtedness, even to zero dollars ($0.00), shall not constitute a termination of this Guaranty. This Guaranty is binding upon Guarantor and Guarantor's heirs, successors and assigns so long as any of the Indebtedness remains unpaid and even though the Indebtedness may from time to time be zero dollars ($0.00).

**OBLIGATIONS OF MARRIED PERSONS.** Any married person who signs this Guaranty hereby expressly agrees that recourse under this Guaranty may be had against both his or her separate property and community property.

**GUARANTOR'S AUTHORIZATION TO LENDER.** Guarantor authorizes Lender, either before or after any revocation hereof, without notice or demand and without lessening Guarantor's liability under this Guaranty, from time to time: (A) prior to revocation as set forth above, to make one or more additional secured or unsecured loans to Borrower, to lease equipment or other goods to Borrower, or otherwise to extend additional credit to Borrower; (B) to alter, compromise, renew, extend, accelerate, or otherwise change one or more times the time for payment or other terms of the Indebtedness or any part of the Indebtedness, including increases and decreases of the rate of interest on the Indebtedness; extensions may be repeated and may be for longer than the original loan term; (C) to take and hold security for the payment of this Guaranty or the Indebtedness, and exchange, enforce, waive, subordinate, fail or decide not to perfect, and release any such security, with or without the substitution of new collateral; (D) to release, substitute, agree not to sue, or deal with any one or more of Borrower's sureties,

**EXHIBIT "6"**  **Page 74**

## COMMERCIAL GUARANTY
### (Continued)

Page 2

endorsers, or other guarantors on any terms or in any manner Lender may choose; (E) to determine how, when and what application of payments and credits shall be made on the Indebtedness; (F) to apply such security and direct the order or manner of sale thereof, including without limitation, any nonjudicial sale permitted by the terms of the controlling security agreement or deed of trust, as Lender in its discretion may determine; (G) to sell, transfer, assign or grant participations in all or any part of the Indebtedness; and (H) to assign or transfer this Guaranty in whole or in part.

**GUARANTOR'S REPRESENTATIONS AND WARRANTIES.** Guarantor represents and warrants to Lender that (A) no representations or agreements of any kind have been made to Guarantor which would limit or qualify in any way the terms of this Guaranty; (B) this Guaranty is executed at Borrower's request and not at the request of Lender; (C) Guarantor has full power, right and authority to enter into this Guaranty; (D) the provisions of this Guaranty do not conflict with or result in a default under any agreement or other instrument binding upon Guarantor and do not result in a violation of any law, regulation, court decree or order applicable to Guarantor; (E) Guarantor has not and will not, without the prior written consent of Lender, sell, lease, assign, encumber, hypothecate, transfer, or otherwise dispose of all or substantially all of Guarantor's assets, or any interest therein; (F) upon Lender's request, Guarantor will provide to Lender financial and credit information in form acceptable to Lender, and all such financial information which currently has been, and all future financial information which will be provided to Lender is and will be true and correct in all material respects and fairly present Guarantor's financial condition as of the dates the financial information is provided; (G) no material adverse change has occurred in Guarantor's financial condition since the date of the most recent financial statements provided to Lender and no event has occurred which may materially adversely affect Guarantor's financial condition; (H) no litigation, claim, investigation, administrative proceeding or similar action (including those for unpaid taxes) against Guarantor is pending or threatened; (I) Lender has made no representation to Guarantor as to the creditworthiness of Borrower; and (J) Guarantor has established adequate means of obtaining from Borrower on a continuing basis information regarding Borrower's financial condition. Guarantor agrees to keep adequately informed from such means of any facts, events, or circumstances which might in any way affect Guarantor's risks under this Guaranty, and Guarantor further agrees that, absent a request for information, Lender shall have no obligation to disclose to Guarantor any information or documents acquired by Lender in the course of its relationship with Borrower.

**GUARANTOR'S WAIVERS.** Except as prohibited by applicable law, Guarantor waives any right to require Lender to (A) make any presentment, protest, demand, or notice of any kind, including notice of change of any terms of repayment of the Indebtedness, default by Borrower or any other guarantor or surety, any action or nonaction taken by Borrower, Lender, or any other guarantor or surety of Borrower, or the creation of new or additional Indebtedness; (B) proceed against any person, including Borrower, before proceeding against Guarantor; (C) proceed against any collateral for the Indebtedness, including Borrower's collateral, before proceeding against Guarantor; (D) apply any payments or proceeds received against the Indebtedness in any order; (E) give notice of the terms, time, and place of any sale of the collateral pursuant to the Uniform Commercial Code or any other law governing such sale; (F) disclose any information about the Indebtedness, the Borrower, the collateral, or any other guarantor or surety, or about any action or nonaction of Lender; or (G) pursue any remedy or course of action in Lender's power whatsoever.

Guarantor also waives any and all rights or defenses arising by reason of (H) any disability or other defense of Borrower, any other guarantor or surety or any other person; (I) the cessation from any cause whatsoever, other than payment in full, of the Indebtedness; (J) the application of proceeds of the Indebtedness by Borrower for purposes other than the purposes understood and intended by Guarantor and Lender; (K) any act of omission or commission by Lender which directly or indirectly results in or contributes to the discharge of Borrower or any other guarantor or surety, or the Indebtedness, or the loss or release of any collateral by operation of law or otherwise; (L) any statute of limitations in any action under this Guaranty or on the Indebtedness; or (M) any modification or change in terms of the Indebtedness, whatsoever, including without limitation, the renewal, extension, acceleration, or other change in the time payment of the Indebtedness is due and any change in the interest rate, and including any such modification or change in terms after revocation of this Guaranty on the Indebtedness incurred prior to such revocation.

Guarantor waives all rights of subrogation, reimbursement, indemnification, and contribution and any other rights and defenses that are or may become available to Guarantor by reason of California Civil Code Sections 2787 to 2855, inclusive.

Guarantor waives all rights and any defenses arising out of an election of remedies by Lender even though that the election of remedies, such as a non-judicial foreclosure with respect to security for a guaranteed obligation, has destroyed Guarantor's rights of subrogation and reimbursement against Borrower by operation of Section 580d of the California Code of Civil Procedure or otherwise.

Guarantor waives all rights and defenses that Guarantor may have because Borrower's obligation is secured by real property. This means among other things: (N) Lender may collect from Guarantor without first foreclosing on any real or personal property collateral pledged by Borrower. (O) If Lender forecloses on any real property collateral pledged by Borrower: (1) the amount of Borrower's obligation may be reduced only by the price for which the collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price. (2) Lender may collect from Guarantor even if Lender, by foreclosing on the real property collateral, has destroyed any right Guarantor may have to collect from Borrower. This is an unconditional and irrevocable waiver of any rights and defenses Guarantor may have because Borrower's obligation is secured by real property. These rights and defenses include, but are not limited to, any rights and defenses based upon Section 580a, 580b, 580d, or 726 of the Code of Civil Procedure.

Guarantor understands and agrees that the foregoing waivers are unconditional and irrevocable waivers of substantive rights and defenses to which Guarantor might otherwise be entitled under state and federal law. The rights and defenses waived include, without limitation, those provided by California laws of suretyship and guaranty, anti-deficiency laws, and the Uniform Commercial Code. Guarantor acknowledges that Guarantor has provided these waivers of rights and defenses with the intention that they be fully relied upon by Lender. Guarantor further understands and agrees that this Guaranty is a separate and independent contract between Guarantor and Lender, given for full and ample consideration, and is enforceable on its own terms. Until all of the Indebtedness is paid in full, Guarantor waives any right to enforce any remedy Guarantor may have against the Borrower or any other guarantor, surety, or other person, and further, Guarantor waives any right to participate in any collateral for the Indebtedness now or hereafter held by Lender.

**Guarantor's Understanding With Respect To Waivers.** Guarantor warrants and agrees that each of the waivers set forth above is made with Guarantor's full knowledge of its significance and consequences and that, under the circumstances, the waivers are reasonable and not contrary to public policy or law. If any such waiver is determined to be contrary to any applicable law or public policy, such waiver shall be effective only to the extent permitted by law or public policy.

**Subordination of Borrower's Debts to Guarantor.** Guarantor agrees that the Indebtedness, whether now existing or hereafter created, shall be superior to any claim that Guarantor may now have or hereafter acquire against Borrower, whether or not Borrower becomes insolvent. Guarantor hereby expressly subordinates any claim Guarantor may have against Borrower, upon any account whatsoever, to any claim that Lender may now or hereafter have against Borrower. In the event of insolvency and consequent liquidation of the assets of Borrower, through bankruptcy, by an assignment for the benefit of creditors, by voluntary liquidation, or otherwise, the assets of Borrower applicable to the payment of the claims of both Lender and Guarantor shall be paid to Lender and shall be first applied by Lender to the Indebtedness. Guarantor does hereby assign to Lender all claims which it may have or acquire against Borrower or against any assignee or trustee in bankruptcy of Borrower; provided however, that such assignment shall be effective only for the purpose of assuring to Lender full payment in legal tender of the Indebtedness. If Lender so requests, any notes or credit agreements now or hereafter evidencing any debts or obligations of Borrower to

**EXHIBIT "6"**                **Page 75**

## COMMERCIAL GUARANTY
### (Continued)

Page 3

Guarantor shall be marked with a legend that the same are subject to this Guaranty and shall be delivered to Lender.  Guarantor agrees, and Lender is hereby authorized, in the name of Guarantor, from time to time to file financing statements and continuation statements and to execute documents and to take such other actions as Lender deems necessary or appropriate to perfect, preserve and enforce its rights under this Guaranty.

**Miscellaneous Provisions.**  The following miscellaneous provisions are a part of this Guaranty:

**AMENDMENTS.**  This Guaranty, together with any Related Documents, constitutes the entire understanding and agreement of the parties as to the matters set forth in this Guaranty.  No alteration of or amendment to this Guaranty shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

**ATTORNEYS' FEES; EXPENSES.**  Guarantor agrees to pay upon demand all of Lender's costs and expenses, including Lender's attorneys' fees and Lender's legal expenses, incurred in connection with the enforcement of this Guaranty.  Lender may hire or pay someone else to help enforce this Guaranty, and Guarantor shall pay the costs and expenses of such enforcement.  Costs and expenses include Lender's attorneys' fees and legal expenses whether or not there is a lawsuit, including attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services.  Guarantor also shall pay all court costs and such additional fees as may be directed by the court.

**CAPTION HEADINGS.**  Caption headings in this Guaranty are for convenience purposes only and are not to be used to interpret or define the provisions of this Guaranty.

**GOVERNING LAW.  This Guaranty will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of California without regard to its conflicts of law provisions.**

**INTEGRATION.**  Guarantor further agrees that Guarantor has read and fully understands the terms of this Guaranty; Guarantor has had the opportunity to be advised by Guarantor's attorney with respect to this Guaranty; the Guaranty fully reflects Guarantor's intentions and parol evidence is not required to interpret the terms of this Guaranty.  Guarantor hereby indemnifies and holds Lender harmless from all losses, claims, damages, and costs (including Lender's attorneys' fees) suffered or incurred by Lender as a result of any breach by Guarantor of the warranties, representations and agreements of this paragraph.

**INTERPRETATION.**  In all cases where there is more than one Borrower or Guarantor, then all words used in this Guaranty in the singular shall be deemed to have been used in the plural where the context and construction so require; and where there is more than one Borrower named in this Guaranty or when this Guaranty is executed by more than one Guarantor, the words "Borrower" and "Guarantor" respectively shall mean all and any one or more of them.  The words "Guarantor," "Borrower," and "Lender" include the heirs, successors, assigns, and transferees of each of them.  If a court finds that any provision of this Guaranty is not valid or should not be enforced, that fact by itself will not mean that the rest of this Guaranty will not be valid or enforced.  Therefore, a court will enforce the rest of the provisions of this Guaranty even if a provision of this Guaranty may be found to be invalid or unenforceable.  If any one or more of Borrower or Guarantor are corporations, partnerships, limited liability companies, or similar entities, it is not necessary for Lender to inquire into the powers of Borrower or Guarantor or of the officers, directors, partners, managers, or other agents acting or purporting to act on their behalf, and any indebtedness made or created in reliance upon the professed exercise of such powers shall be guaranteed under this Guaranty.

**NOTICES.**  Any notice required to be given under this Guaranty shall be given in writing, and, except for revocation notices by Guarantor, shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Guaranty.  All revocation notices by Guarantor shall be in writing and shall be effective upon delivery to Lender as provided in the section of this Guaranty entitled "DURATION OF GUARANTY."  Any party may change its address for notices under this Guaranty by giving formal written notice to the other parties, specifying that the purpose of the notice is to change the party's address.  For notice purposes, Guarantor agrees to keep Lender informed at all times of Guarantor's current address.  Unless otherwise provided or required by law, if there is more than one Guarantor, any notice given by Lender to any Guarantor is deemed to be notice given to all Guarantors.

**NO WAIVER BY LENDER.**  Lender shall not be deemed to have waived any rights under this Guaranty unless such waiver is given in writing and signed by Lender.  No delay or omission on the part of Lender in exercising any right shall operate as a waiver of such right or any other right.  A waiver by Lender of a provision of this Guaranty shall not prejudice or constitute a waiver of Lender's right otherwise to demand strict compliance with that provision or any other provision of this Guaranty.  No prior waiver by Lender, nor any course of dealing between Lender and Guarantor, shall constitute a waiver of any of Lender's rights or of any of Guarantor's obligations as to any future transactions.  Whenever the consent of Lender is required under this Guaranty, the granting of such consent by Lender in any instance shall not constitute continuing consent to subsequent instances where such consent is required and in all cases such consent may be granted or withheld in the sole discretion of Lender.

**SUCCESSORS AND ASSIGNS.**  Subject to any limitations stated in this Guaranty on transfer of Guarantor's interest, this Guaranty shall be binding upon and inure to the benefit of the parties, their successors and assigns.

**WAIVE JURY.**  To the extent permitted by applicable law, Lender and Guarantor hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or Guarantor against the other.

**Definitions.**  The following capitalized words and terms shall have the following meanings when used in this Guaranty.  Unless specifically stated to the contrary, all references to dollar amounts shall mean amounts in lawful money of the United States of America.  Words and terms used in the singular shall include the plural, and the plural shall include the singular, as the context may require.  Words and terms not otherwise defined in this Guaranty shall have the meanings attributed to such terms in the Uniform Commercial Code:

**BORROWER.**  The word "Borrower" means FU BANG GROUP CORP, USA, a California corporation and includes all co-signers and co-makers signing the Note and all their successors and assigns.

**GUARANTOR.**  The word "Guarantor" means everyone signing this Guaranty, including without limitation LANG ZHANG, and in each case, any signer's successors and assigns.

**GUARANTY.**  The word "Guaranty" means this guaranty from Guarantor to Lender.

**INDEBTEDNESS.**  The word "Indebtedness" means Borrower's indebtedness to Lender as more particularly described in this Guaranty.

**LENDER.**  The word "Lender" means FIRST CREDIT BANK, a California banking corporation, its successors and assigns.

**NOTE.**  The word "Note" means and includes without limitation all of Borrower's promissory notes and/or credit agreements evidencing Borrower's loan obligations in favor of Lender, together with all renewals of, extensions of, modifications of, refinancings of, consolidations of and substitutions for promissory notes or credit agreements.

**RELATED DOCUMENTS.**  The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, environmental

**EXHIBIT "6"**                    **Page 76**

## COMMERCIAL GUARANTY
### (Continued)

Page 4

agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness.

EACH UNDERSIGNED GUARANTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS GUARANTY AND AGREES TO ITS TERMS. IN ADDITION, EACH GUARANTOR UNDERSTANDS THAT THIS GUARANTY IS EFFECTIVE UPON GUARANTOR'S EXECUTION AND DELIVERY OF THIS GUARANTY TO LENDER AND THAT THE GUARANTY WILL CONTINUE UNTIL TERMINATED IN THE MANNER SET FORTH IN THE SECTION TITLED "DURATION OF GUARANTY". NO FORMAL ACCEPTANCE BY LENDER IS NECESSARY TO MAKE THIS GUARANTY EFFECTIVE. THIS GUARANTY IS DATED APRIL 18, 2020.

GUARANTOR:

X _____
LANG ZHANG

# Exhibit 4

**First Credit Bank**

# COMMERCIAL GUARANTY

| | | | |
|---|---|---|---|
| **Borrower:** | FU BANG GROUP CORP, USA, a California corporation<br>17700 CASTLETON STREET, SUITE 378<br>CITY OF INDUSTRY, CA  91748 | **Lender:** | FIRST CREDIT BANK, a California banking corporation<br>Sunset-Doheny Branch<br>9255 SUNSET BOULEVARD<br>WEST HOLLYWOOD, CA  90069 |
| **Guarantor:** | RICHARD DON<br>19511 Windrose Drive<br>Rowland Heights, CA  91748 | | |

**CONTINUING GUARANTEE OF PAYMENT AND PERFORMANCE.** For good and valuable consideration, Guarantor absolutely and unconditionally guarantees full and punctual payment and satisfaction of the Indebtedness of Borrower to Lender, and the performance and discharge of all Borrower's obligations under the Note and the Related Documents. This is a guaranty of payment and performance and not of collection, so Lender can enforce this Guaranty against Guarantor even when Lender has not exhausted Lender's remedies against anyone else obligated to pay the Indebtedness or against any collateral securing the Indebtedness, this Guaranty or any other guaranty of the Indebtedness. Guarantor will make any payments to Lender or its order, on demand, in legal tender of the United States of America, in same-day funds, without set-off or deduction or counterclaim, and will otherwise perform Borrower's obligations under the Note and Related Documents. Under this Guaranty, Guarantor's liability is unlimited and Guarantor's obligations are continuing.

**INDEBTEDNESS.** The word "Indebtedness" as used in this Guaranty means all of the principal amount outstanding from time to time and at any one or more times, accrued unpaid interest thereon and all collection costs and legal expenses related thereto permitted by law, attorneys' fees, arising from any and all debts, liabilities and obligations of every nature or form, now existing or hereafter arising or acquired, that Borrower individually or collectively or interchangeably with others, owes or will owe Lender. "Indebtedness" includes, without limitation, loans, advances, debts, overdraft indebtedness, credit card indebtedness, lease obligations, liabilities and obligations under any interest rate protection agreements or foreign currency exchange agreements or commodity price protection agreements, other obligations, and liabilities of Borrower, and any present or future judgments against Borrower, future advances, loans or transactions that renew, extend, modify, refinance, consolidate or substitute these debts, liabilities and obligations whether: voluntarily or involuntarily incurred; due or to become due by their terms or acceleration; absolute or contingent; liquidated or unliquidated; determined or undetermined; direct or indirect; primary or secondary in nature or arising from a guaranty or surety; secured or unsecured; joint or several or joint and several; evidenced by a negotiable or non-negotiable instrument or writing; originated by Lender or another or others; barred or unenforceable against Borrower for any reason whatsoever; for any transactions that may be voidable for any reason (such as infancy, insanity, ultra vires or otherwise); and originated then reduced or extinguished and then afterwards increased or reinstated.

If Lender presently holds one or more guaranties, or hereafter receives additional guaranties from Guarantor, Lender's rights under all guaranties shall be cumulative. This Guaranty shall not (unless specifically provided below to the contrary) affect or invalidate any such other guaranties. Guarantor's liability will be Guarantor's aggregate liability under the terms of this Guaranty and any such other unterminated guaranties.

**CONTINUING GUARANTY.** THIS IS A "CONTINUING GUARANTY" UNDER WHICH GUARANTOR AGREES TO GUARANTEE THE FULL AND PUNCTUAL PAYMENT, PERFORMANCE AND SATISFACTION OF THE INDEBTEDNESS OF BORROWER TO LENDER, NOW EXISTING OR HEREAFTER ARISING OR ACQUIRED, ON AN OPEN AND CONTINUING BASIS. ACCORDINGLY, ANY PAYMENTS MADE ON THE INDEBTEDNESS WILL NOT DISCHARGE OR DIMINISH GUARANTOR'S OBLIGATIONS AND LIABILITY UNDER THIS GUARANTY FOR ANY REMAINING AND SUCCEEDING INDEBTEDNESS EVEN WHEN ALL OR PART OF THE OUTSTANDING INDEBTEDNESS MAY BE A ZERO BALANCE FROM TIME TO TIME.

**DURATION OF GUARANTY.** This Guaranty will take effect when received by Lender without the necessity of any acceptance by Lender, or any notice to Guarantor or to Borrower, and will continue in full force until all the Indebtedness incurred or contracted before receipt by Lender of any notice of revocation shall have been fully and finally paid and satisfied and all of Guarantor's other obligations under this Guaranty shall have been performed in full. If Guarantor elects to revoke this Guaranty, Guarantor may only do so in writing. Guarantor's written notice of revocation must be mailed to Lender, by certified mail, at Lender's address listed above or such other place as Lender may designate in writing. Written revocation of this Guaranty will apply only to new Indebtedness created after actual receipt by Lender of Guarantor's written revocation. For this purpose and without limitation, the term "new Indebtedness" does not include the Indebtedness which at the time of notice of revocation is contingent, unliquidated, undetermined or not due and which later becomes absolute, liquidated, determined or due. For this purpose and without limitation, "new Indebtedness" does not include all or part of the Indebtedness that is: incurred by Borrower prior to revocation; incurred under a commitment that became binding before revocation; any renewals, extensions, substitutions, and modifications of the Indebtedness. This Guaranty shall bind Guarantor's estate as to the Indebtedness created both before and after Guarantor's death or incapacity, regardless of Lender's actual notice of Guarantor's death. Subject to the foregoing, Guarantor's executor or administrator or other legal representative may terminate this Guaranty in the same manner in which Guarantor might have terminated it and with the same effect. Release of any other guarantor or termination of any other guaranty of the Indebtedness shall not affect the liability of Guarantor under this Guaranty. A revocation Lender receives from any one or more Guarantors shall not affect the liability of any remaining Guarantors under this Guaranty. Guarantor's obligations under this Guaranty shall be in addition to any of Guarantor's obligations, or any of them, under any other guaranties of the Indebtedness or any other person heretofore or hereafter given to Lender unless such other guaranties are modified or revoked in writing; and this Guarantor shall not, unless provided in this Guaranty, affect, invalidate, or supersede any such other guaranty. It is anticipated that fluctuations may occur in the aggregate amount of the Indebtedness covered by this Guaranty, and Guarantor specifically acknowledges and agrees that reductions in the amount of the Indebtedness, even to zero dollars ($0.00), shall not constitute a termination of this Guaranty. This Guaranty is binding upon Guarantor and Guarantor's heirs, successors and assigns so long as any of the Indebtedness remains unpaid and even though the Indebtedness may from time to time be zero dollars ($0.00).

**OBLIGATIONS OF MARRIED PERSONS.** Any married person who signs this Guaranty hereby expressly agrees that recourse under this Guaranty may be had against both his or her separate property and community property.

**GUARANTOR'S AUTHORIZATION TO LENDER.** Guarantor authorizes Lender, either before or after any revocation hereof, without notice or demand and without lessening Guarantor's liability under this Guaranty, from time to time: (A) prior to revocation as set forth above, to make one or more additional secured or unsecured loans to Borrower, to lease equipment or other goods to Borrower, or otherwise to extend additional credit to Borrower; (B) to alter, compromise, renew, extend, accelerate, or otherwise change one or more times the time for payment or other terms of the Indebtedness or any part of the Indebtedness, including increases and decreases of the rate of interest on the Indebtedness; extensions may be repeated and may be for longer than the original loan term; (C) to take and hold security for the payment of this Guaranty or the Indebtedness, and exchange, enforce, waive, subordinate, fail or decide not to perfect, and release any such security, with or without the substitution of new collateral; (D) to release, substitute, agree not to sue, or deal with any one or more of Borrower's sureties,

endorsers, or other guarantors on any terms or in any manner Lender may choose;  (E)  to determine how, when and what application of payments and credits shall be made on the Indebtedness;  (F)  to apply such security and direct the order or manner of sale thereof, including without limitation, any nonjudicial sale permitted by the terms of the controlling security agreement or deed of trust, as Lender in its discretion may determine;  (G)  to sell, transfer, assign or grant participations in all or any part of the Indebtedness; and  (H)  to assign or transfer this Guaranty in whole or in part.

GUARANTOR'S REPRESENTATIONS AND WARRANTIES.  Guarantor represents and warrants to Lender that  (A)  no representations or agreements of any kind have been made to Guarantor which would limit or qualify in any way the terms of this Guaranty;  (B)  this Guaranty is executed at Borrower's request and not at the request of Lender;  (C)  Guarantor has full power, right and authority to enter into this Guaranty;  (D)  the provisions of this Guaranty do not conflict with or result in a default under any agreement or other instrument binding upon Guarantor and do not result in a violation of any law, regulation, court decree or order applicable to Guarantor;  (E)  Guarantor has not and will not, without the prior written consent of Lender, sell, lease, assign, encumber, hypothecate, transfer, or otherwise dispose of all or substantially all of Guarantor's assets, or any interest therein;  (F)  upon Lender's request, Guarantor will provide to Lender financial and credit information in form acceptable to Lender, and all such financial information which currently has been, and all future financial information which will be provided to Lender is and will be true and correct in all material respects and fairly present Guarantor's financial condition as of the dates the financial information is provided;  (G)  no material adverse change has occurred in Guarantor's financial condition since the date of the most recent financial statements provided to Lender and no event has occurred which may materially adversely affect Guarantor's financial condition;  (H)  no litigation, claim, investigation, administrative proceeding or similar action (including those for unpaid taxes) against Guarantor is pending or threatened;  (I)  Lender has made no representation to Guarantor as to the creditworthiness of Borrower; and  (J)  Guarantor has established adequate means of obtaining from Borrower on a continuing basis information regarding Borrower's financial condition.  Guarantor agrees to keep adequately informed from such means of any facts, events, or circumstances which might in any way affect Guarantor's risks under this Guaranty, and Guarantor further agrees that, absent a request for information, Lender shall have no obligation to disclose to Guarantor  any information or documents acquired by Lender in the course of  its relationship with Borrower.

GUARANTOR'S WAIVERS.  Except as prohibited by applicable law, Guarantor waives any right to require Lender to  (A)  make any presentment, protest, demand, or notice of any kind, including notice of change of any terms of repayment of the Indebtedness, default by Borrower or any other guarantor or surety, any action or nonaction taken by Borrower, Lender, or any other guarantor or surety of Borrower, or the creation of new or additional Indebtedness;  (B)  proceed against any person, including Borrower, before proceeding against Guarantor;  (C)  proceed against any collateral for the Indebtedness, including Borrower's collateral, before proceeding against Guarantor;  (D)  apply any payments or proceeds received against the Indebtedness in any order;  (E)  give notice of the terms, time, and place of any sale of the collateral pursuant to the Uniform Commercial Code or any other law governing such sale;  (F)  disclose any information about the Indebtedness, the Borrower, the collateral, or any other guarantor or surety, or about any action or nonaction of Lender; or  (G)  pursue any remedy or course of action in Lender's power whatsoever.

Guarantor also waives any and all rights or defenses arising by reason of  (H)  any disability or other defense of Borrower, any other guarantor or surety or any other person;  (I)  the cessation from any cause whatsoever, other than payment in full, of the Indebtedness;  (J)  the application of proceeds of the Indebtedness by Borrower for purposes other than the purposes understood and intended by Guarantor and Lender;  (K)  any act of omission or commission by Lender which directly or indirectly results in or contributes to the discharge of Borrower or any other guarantor or surety, or the Indebtedness, or the loss or release of any collateral by operation of law or otherwise;  (L)  any statute of limitations in any action under this Guaranty or on the Indebtedness; or  (M)  any modification or change in terms of the Indebtedness, whatsoever, including without limitation, the renewal, extension, acceleration, or other change in the time payment of the Indebtedness is due and any change in the interest rate, and including any such modification or change in terms after revocation of this Guaranty on the Indebtedness incurred prior to such revocation.

Guarantor waives all rights of subrogation, reimbursement, indemnification, and contribution and any other rights and defenses that are or may become available to Guarantor by reason of California Civil Code Sections 2787 to 2855, inclusive.

Guarantor waives all rights and any defenses arising out of an election of remedies by Lender even though that the election of remedies, such as a non-judicial foreclosure with respect to security for a guaranteed obligation, has destroyed Guarantor's rights of subrogation and reimbursement against Borrower by operation of Section 580d of the California Code of Civil Procedure or otherwise.

Guarantor waives all rights and defenses that Guarantor may have because Borrower's obligation is secured by real property.  This means among other things:  (N)  Lender may collect from Guarantor without first foreclosing on any real or personal property collateral pledged by Borrower.  (O)  If Lender forecloses on any real property collateral pledged by Borrower:  (1)  the amount of Borrower's obligation may be reduced only by the price for which the collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price.  (2) Lender may collect from Guarantor even if Lender, by foreclosing on the real property collateral, has destroyed any right Guarantor may have to collect from Borrower.  This is an unconditional and irrevocable waiver of any rights and defenses Guarantor may have because Borrower's obligation is secured by real property. These rights and defenses include, but are not limited to, any rights and defenses based upon Section 580a, 580b, 580d, or 726 of the Code of Civil Procedure.

Guarantor understands and agrees that the foregoing waivers are unconditional and irrevocable waivers of substantive rights and defenses to which Guarantor might otherwise be entitled under state and federal law.  The rights and defenses waived include, without limitation, those provided by California laws of suretyship and guaranty, anti-deficiency laws, and the Uniform Commercial Code.  Guarantor acknowledges that Guarantor has provided these waivers of rights and defenses with the intention that they be fully relied upon by Lender.  Guarantor further understands and agrees that this Guaranty is a separate and independent contract between Guarantor and Lender, given for full and ample consideration, and is enforceable on its own terms.  Until all of the Indebtedness is paid in full, Guarantor waives any right to enforce any remedy Guarantor may have against the Borrower or any other guarantor, surety, or other person, and further, Guarantor waives any right to participate in any collateral for the Indebtedness now or hereafter held by Lender.

Guarantor's Understanding With Respect To Waivers.  Guarantor warrants and agrees that each of the waivers set forth above is made with Guarantor's full knowledge of its significance and consequences and that, under the circumstances, the waivers are reasonable and not contrary to public policy or law.  If any such waiver is determined to be contrary to any applicable law or public policy, such waiver shall be effective only to the extent permitted by law or public policy.

Subordination of Borrower's Debts to Guarantor.  Guarantor agrees that the Indebtedness, whether now existing or hereafter created, shall be superior to any claim that Guarantor may now have or hereafter acquire against Borrower, whether or not Borrower becomes insolvent. Guarantor hereby expressly subordinates any claim Guarantor may have against Borrower, upon any account whatsoever, to any claim that Lender may now or hereafter have against Borrower. In the event of insolvency and consequent liquidation of the assets of Borrower, through bankruptcy, by an assignment for the benefit of creditors, by voluntary liquidation, or otherwise, the assets of Borrower applicable to the payment of the claims of both Lender and Guarantor shall be paid to Lender and shall be first applied by Lender to the Indebtedness. Guarantor does hereby assign to Lender all claims which it may have or acquire against Borrower or against any assignee or trustee in bankruptcy of Borrower; provided however, that such assignment shall be effective only for the purpose of assuring to Lender full payment in legal tender of the Indebtedness. If Lender so requests, any notes or credit agreements now or hereafter evidencing any debts or obligations of Borrower to

## COMMERCIAL GUARANTY
### (Continued)

Guarantor shall be marked with a legend that the same are subject to this Guaranty and shall be delivered to Lender. Guarantor agrees, and Lender is hereby authorized, in the name of Guarantor, from time to time to file financing statements and continuation statements and to execute documents and to take such other actions as Lender deems necessary or appropriate to perfect, preserve and enforce its rights under this Guaranty.

**Miscellaneous Provisions.** The following miscellaneous provisions are a part of this Guaranty:

**AMENDMENTS.** This Guaranty, together with any Related Documents, constitutes the entire understanding and agreement of the parties as to the matters set forth in this Guaranty. No alteration of or amendment to this Guaranty shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

**ATTORNEYS' FEES; EXPENSES.** Guarantor agrees to pay upon demand all of Lender's costs and expenses, including Lender's attorneys' fees and Lender's legal expenses, incurred in connection with the enforcement of this Guaranty. Lender may hire or pay someone else to help enforce this Guaranty, and Guarantor shall pay the costs and expenses of such enforcement. Costs and expenses include Lender's attorneys' fees and legal expenses whether or not there is a lawsuit, including attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services. Guarantor also shall pay all court costs and such additional fees as may be directed by the court.

**CAPTION HEADINGS.** Caption headings in this Guaranty are for convenience purposes only and are not to be used to interpret or define the provisions of this Guaranty.

**GOVERNING LAW.** This Guaranty will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of California without regard to its conflicts of law provisions.

**INTEGRATION.** Guarantor further agrees that Guarantor has read and fully understands the terms of this Guaranty; Guarantor has had the opportunity to be advised by Guarantor's attorney with respect to this Guaranty; the Guaranty fully reflects Guarantor's intentions and parol evidence is not required to interpret the terms of this Guaranty. Guarantor hereby indemnifies and holds Lender harmless from all losses, claims, damages, and costs (including Lender's attorneys' fees) suffered or incurred by Lender as a result of any breach by Guarantor of the warranties, representations and agreements of this paragraph.

**INTERPRETATION.** In all cases where there is more than one Borrower or Guarantor, then all words used in this Guaranty in the singular shall be deemed to have been used in the plural where the context and construction so require; and where there is more than one Borrower named in this Guaranty or when this Guaranty is executed by more than one Guarantor, the words "Borrower" and "Guarantor" respectively shall mean all and any one or more of them. The words "Guarantor," "Borrower," and "Lender" include the heirs, successors, assigns, and transferees of each of them. If a court finds that any provision of this Guaranty is not valid or should not be enforced, that fact by itself will not mean that the rest of this Guaranty will not be valid or enforced. Therefore, a court will enforce the rest of the provisions of this Guaranty even if a provision of this Guaranty may be found to be invalid or unenforceable. If any one or more of Borrower or Guarantor are corporations, partnerships, limited liability companies, or similar entities, it is not necessary for Lender to inquire into the powers of Borrower or Guarantor or of the officers, directors, partners, managers, or other agents acting or purporting to act on their behalf, and any indebtedness made or created in reliance upon the professed exercise of such powers shall be guaranteed under this Guaranty.

**NOTICES.** Any notice required to be given under this Guaranty shall be given in writing, and, except for revocation notices by Guarantor, shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Guaranty. All revocation notices by Guarantor shall be in writing and shall be effective upon delivery to Lender as provided in the section of this Guaranty entitled "DURATION OF GUARANTY." Any party may change its address for notices under this Guaranty by giving formal written notice to the other parties, specifying that the purpose of the notice is to change the party's address. For notice purposes, Guarantor agrees to keep Lender informed at all times of Guarantor's current address. Unless otherwise provided or required by law, if there is more than one Guarantor, any notice given by Lender to any Guarantor is deemed to be notice given to all Guarantors.

**NO WAIVER BY LENDER.** Lender shall not be deemed to have waived any rights under this Guaranty unless such waiver is given in writing and signed by Lender. No delay or omission on the part of Lender in exercising any right shall operate as a waiver of such right or any other right. A waiver by Lender of a provision of this Guaranty shall not prejudice or constitute a waiver of Lender's right otherwise to demand strict compliance with that provision or any other provision of this Guaranty. No prior waiver by Lender, nor any course of dealing between Lender and Guarantor, shall constitute a waiver of any of Lender's rights or of any of Guarantor's obligations as to any future transactions. Whenever the consent of Lender is required under this Guaranty, the granting of such consent by Lender in any instance shall not constitute continuing consent to subsequent instances where such consent is required and in all cases such consent may be granted or withheld in the sole discretion of Lender.

**SUCCESSORS AND ASSIGNS.** Subject to any limitations stated in this Guaranty on transfer of Guarantor's interest, this Guaranty shall be binding upon and inure to the benefit of the parties, their successors and assigns.

**WAIVE JURY.** To the extent permitted by applicable law, Lender and Guarantor hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or Guarantor against the other.

**Definitions.** The following capitalized words and terms shall have the following meanings when used in this Guaranty. Unless specifically stated to the contrary, all references to dollar amounts shall mean amounts in lawful money of the United States of America. Words and terms used in the singular shall include the plural, and the plural shall include the singular, as the context may require. Words and terms not otherwise defined in this Guaranty shall have the meanings attributed to such terms in the Uniform Commercial Code:

**BORROWER.** The word "Borrower" means FU BANG GROUP CORP, USA, a California corporation and includes all co-signers and co-makers signing the Note and all their successors and assigns.

**GUARANTOR.** The word "Guarantor" means everyone signing this Guaranty, including without limitation RICHARD DON, and in each case, any signer's successors and assigns.

**GUARANTY.** The word "Guaranty" means this guaranty from Guarantor to Lender.

**INDEBTEDNESS.** The word "Indebtedness" means Borrower's indebtedness to Lender as more particularly described in this Guaranty.

**LENDER.** The word "Lender" means FIRST CREDIT BANK, a California banking corporation, its successors and assigns.

**NOTE.** The word "Note" means and includes without limitation all of Borrower's promissory notes and/or credit agreements evidencing Borrower's loan obligations in favor of Lender, together with all renewals of, extensions of, modifications of, refinancings of, consolidations of and substitutions for promissory notes or credit agreements.

**RELATED DOCUMENTS.** The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, environmental

**EXHIBIT "6"**

## COMMERCIAL GUARANTY
### (Continued)

Page 4

agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness.

EACH UNDERSIGNED GUARANTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS GUARANTY AND AGREES TO ITS TERMS. IN ADDITION, EACH GUARANTOR UNDERSTANDS THAT THIS GUARANTY IS EFFECTIVE UPON GUARANTOR'S EXECUTION AND DELIVERY OF THIS GUARANTY TO LENDER AND THAT THE GUARANTY WILL CONTINUE UNTIL TERMINATED IN THE MANNER SET FORTH IN THE SECTION TITLED "DURATION OF GUARANTY". NO FORMAL ACCEPTANCE BY LENDER IS NECESSARY TO MAKE THIS GUARANTY EFFECTIVE. THIS GUARANTY IS DATED MARCH 18, 2016.

GUARANTOR:

X _____

RICHARD DON

LaserPro, Ver. 16.1.0.035 Copr. D+H USA Corporation 1997, 2016. All Rights Reserved. - CA G:\CFI\LPL\E20.FC TR-1609 PR-22

**EXHIBIT "6"**                    **Page 82**

**EXHIBIT 7**

**Page 83**

DOC #2025-0074460
03/13/2025 01:18 PM Fees: $107.00
Page 1 of 3
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

RECORDING REQUESTED BY
First American Title Insurance Company - NCS

AND WHEN RECORDED MAIL TO

First American Title Insurance Company
9255 Town Center Drive
Suite 200
San Diego, CA 92121

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: JACQUELINE #2386

Space above this line for recorder's use only

Trustee Sale No. 1241812    Loan No.    Title Order No.
APN 279-460-064-6    TRA No.

## NOTICE OF TRUSTEE'S SALE

YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED <u>10/12/2021.</u>  UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE.  IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDINGS AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

On <u>04/15/2025</u> at <u>09:30AM,</u> First American Title Insurance Company as the duly appointed Trustee under and pursuant to Deed of Trust recorded on October 29, 2021 as Document Number 2021-0643826 of official records in the Office of the Recorder of Riverside County, California, executed by: Fu Bang Group Corp. USA, as Trustor, Mingzhe Li, as Beneficiary, WILL SELL AT PUBLIC AUCTION TO THE HIGHEST BIDDER FOR CASH (payable at time of sale in lawful money of the United States, by cash, a cashier's check drawn by a state or national bank, a check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, savings association, or savings bank specified in section 5102 of the Financial Code and authorized to do business in this state).  At: the bottom of stairway of building located at 849 W. Sixth Street, Corona, CA, all right, title and interest conveyed to and now held by it under said Deed of Trust in the property situated in said County, California describing the land therein:

LOT 2 OF TRACT NO. 33151, IN THE CITY OF CORONA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 422, PAGES 52 THROUGH 56, INCLUSIVE, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

APN: 279-460-064

The property heretofore described is being sold "as is".  The street address and other common designation, if any, of the real property described above is purported to be:  2798 Troy Court, Corona, CA  92883-5631

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein.  Said sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by said Deed of Trust, with interest thereon, as provided in said note(s), advances, if any, under the terms of the Deed of Trust, estimated fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust, to-wit: <u>$2,588,214.20</u> (Estimated)

Accrued interest and additional advances, if any, will increase this figure prior to sale.

## EXHIBIT "7"

Page 84

Trustee Sale No. 1241812
Loan No.
Title Order No.
APN 279-460-064-6

The beneficiary under said Deed of Trust heretofore executed and delivered to the undersigned a written Declaration of Default and Demand for Sale, and a written Notice of Default and Election to Sell. The undersigned caused said Notice of Default and Election to Sell to be recorded in the county where the real property is located and more than three months have elapsed since such recordation.

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may visit the website below using the file number assigned to this case. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

**EXHIBIT "7"**

Trustee Sale No. 1241812
Loan No.
Title Order No.
APN 279-460-064-6


NOTICE TO TENANT: You may have a right to purchase this property after the trustee auction pursuant to Section 2924m of the California Civil Code. If you are an "eligible tenant buyer," you can purchase the property if you match the last and highest bid placed at the trustee auction. If you are an "eligible bidder," you may be able to purchase the property if you exceed the last and highest bid placed at the trustee auction. There are three steps to exercising this right of purchase. First, 48 hours after the date of the trustee sale, you can call (858) 410-2154, or visit this internet website [iSee Link Below], using the file number assigned to this case [TS 1241812] to find the date on which the trustee's sale was held, the amount of the last and highest bid, and the address of the trustee. Second, you must send a written notice of intent to place a bid so that the trustee receives it no more than 15 days after the trustee's sale. Third, you must submit a bid so that the trustee receives it no more than 45 days after the trustee's sale. If you think you may qualify as an "eligible tenant buyer" or "eligible bidder," you should consider contacting an attorney or appropriate real estate professional immediately for advice regarding this potential right to purchase.

For information on sale dates please visit our website at:

https://foreclosure.firstam.com/#/foreclosure

DATE: 3/12/25

First American Title Insurance Company
9255 Town Center Drive
Suite 200
San Diego, CA  92121
(858) 410-2158


David Z. Bark, Foreclosure Trustee


**EXHIBIT "7"**

**EXHIBIT 8**

Electronically FILED by Superior Court of California, County of Riverside on 03/19/2025 11:09 AM
Case Number CVRI2501055 0000123244215 - Jason B. Galkin, Executive Officer/Clerk of the Court By Joseline DeRosier, Clerk

Dennette A. Mulvaney (SBN 133423)
    dmulvaney@leechtishman.com
Ivan M. Posey (SBN 196386)
    iposey@leechtishman.com
**LEECH TISHMAN NELSON HARDIMAN, INC.**
**A Professional Corporation**
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024
Telephone: (424) 738-4000
Facsimile: (424) 738-5080

Attorneys for Plaintiff
FIRST CREDIT BANK

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF RIVERSIDE**

| | |
|---|---|
| FIRST CREDIT BANK, a California banking corporation, <br><br> Plaintiff, <br><br> vs. <br><br> FU BANG GROUP CORP, USA, a California corporation; LANG ZHANG, an individual; RICHARD DON, an individual; and DOES 1 THROUGH 50, inclusive. <br><br> Defendants. | Case No.: CVRI2501055 <br><br> ***EX PARTE* APPLICATION  FOR THE APPOINTMENT OF A RECEIVER AND FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION, OR IN THE ALTERNATIVE, FOR AN ORDER SHORTENING TIME FOR NOTICE OF HEARING; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date: March 21, 2025 <br> Time: 8:30am <br> Dept.: 7 |

Plaintiff, First Credit Bank ("First Credit Bank" or "Plaintiff") hereby applies, *ex parte*, for the appointment of a Receiver for the 51-unit apartment building located at 2798 Troy Court, Corona, California ("Property"), and for a related Temporary Restraining Order and Preliminary Injunction. In the alternative, First Credit Bank moves for an Order, *ex parte*, shortening time for giving notice of a hearing on this Application.  This Application is made on the grounds that First Credit Bank is entitled to the appointment of a Receiver **under its deed of trust as a matter of law, and according to the terms and conditions of the deed of trust which secures the obligation which is in default.**

1

The Application is made on an *ex parte* basis on the further grounds that Plaintiff would suffer great and irreparable injury if it is required to wait until this Application could be heard on ordinary notice: in that the rents from the Property are being diverted to the extent that they are not being used to pay the obligations which are in default, and, in that without the immediate appointment of a Receiver and the immediate issuance of a Temporary Restraining Order, Plaintiff will be deprived of the benefit of the rents, issues, profits, income and earnings that have already been collected, and those rents that would be paid or pre-paid to a Receiver prior to the time that a Receiver could be in place were this Application heard on ordinary notice.

This Application is based on the attached Memorandum of Points and Authorities, First Credit Bank's Complaint and the Declarations of Kam Ghassemieh, Ivan M. Posey and the proposed Receiver, all of which are being filed concurrently herewith, the Court file herein, and on such other and further evidence and argument as the Court may allow at the hearing.

In accord with Cal. Rule Ct. 5.165, on March 19, 2025, well before March 20, 2025, 10:00 am, Plaintiff gave notice to all Defendants in this case via electronic mail and telephone according to the contact information provided in the proof of service attached hereto. I provided full copies of the documents filed in relation to Plaintiff's *ex-parte* application via email to all Defendants. *See Declaration of Ivan Posey*.

Dated: March 19, 2025        **LEECH TISHMAN NELSON HARDIMAN, INC.**

By: _____
      Dennette A. Mulvaney
      Ivan M. Posey
      Attorneys for Plaintiff
      FIRST CREDIT BANK

2
*EX PARTE* APPLICATION

## TABLE OF CONTENTS

**MEMORANDUM OF POINTS AND AUTHORITIES** .....................................................................**5**

**I. INTRODUCTION** ..........................................................................................................................**5**

**II. STATEMENT OF FACTS** ..........................................................................................................**5**

**III. FIRST CREDIT BANK IS ENTITLED TO THE APPOINTMENT OF A RECEIVER BY VIRTURE OF DEFENDANTS' DEFAULT AND THE ASSIGNMENT OF RENTS CLAUSE CONTAINED IN THE DEED OF TRUST** ....................................................................**6**

**IV. THE EX PARTE APPOINTMENT OF A RECEIVER IS PROPER WHERE IT IS SHOWN THAT AN IMPERATIVE NECESSITY EXISTS TO PRESERVE AND PROTECT THE PROPERTY**......................................................................................................................**8**

**V. FIRST CREDIT BANK IS ENTITLED TO THE ISSUANCE OF A TEMPORARY RESTRAINING ORDER TO EFFECTUATE THE APPOINTMENT OF A RECEIVER**....**10**

3

*EX PARTE* APPLICATION

**EXHIBIT "8"**                **Page 90**

# TABLE OF AUTHORITIES

**CASES**

Malsman v. Brandler (1964), 230 Cal.App.2d 922, 41 Cal. Rptr. 438, 440 .......................................7
Santacroce Brothers v. Edgewater-Santa Clara, Inc. (1966), 242 Cal.App.2d 584, 51 Cal. Rptr. 613
    ...............................................................................................................................................................7
Title Guarantee and Trust v. Monson (1938), 11 Cal.2d 627, 81 P.2d 944, 946 ...............................7

**RULES**

Cal. Code of Civil Procedure § 526. .................................................................................................10
Cal. Code of Civil Procedure § 566 ....................................................................................................9
Cal. Code of Civil Procedure, § 564 ...............................................................................................7, 9
Cal. Rules of Court, Rule 3.1175 ....................................................................................................9, 10

**TREATISES**

Current Law of California Real Estate, (4th ed.) ............................................................................8, 9

4

*EX PARTE* APPLICATION

**EXHIBIT "8"**                    **Page 91**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This action involves real property which is located in Corona, California and which is improved with a 51-unit apartment building (hereinafter referred to as the "Property").

First Credit Bank is the beneficiary of a deed of trust which includes an assignment of rents ("Deed of Trust"), which encumbers the Property and is in first position. Under the Deed of Trust, First Credit Bank has an unqualified right to have a receiver appointed for the Property, (see Paragraph "Rights and Remedies on Default" of the Deed of Trust which is attached as Exhibit 2 to First Credit Bank's Complaint herein, and as Exhibit 5 to the Declaration of Kam Ghassemieh ("Ghassemieh Declaration").

The Borrower has failed to maintain property taxes current and currently owe the approximate amount of $850,800.00 in delinquent taxes, plus late charges and interest accruing at the rate of 18%, which tax obligations are now senior to the Deed of Trust of First Credit Bank. Further, additional liens have been recorded against the Property including a judgment lien in the amount of $5,830,000.00. The Borrower failed to make the November 2024 loan payment and all payments due thereafter. The Borrower's failure to timely make payments due pursuant to the loan constitutes a default pursuant to the terms of the Deed of Trust, thus revoking the Borrower's license to collect the rents and giving First Credit Bank the absolute and unconditional right to the appointment of a Receiver. Pursuant to the express terms of the Deed of Trust, the Borrower irrevocably and unconditionally consented to such appointment and further agreed that First Credit Bank has the right to obtain such appointment without notice. See, Paragraph "Rights and Remedies on Default" of the Deed of Trust and Assignment of Rents (Ghassemieh Declaration, Exhibit 5).

### II. STATEMENT OF FACTS

This case arises from the Promissory Note ("Note") in favor of First Credit Bank which was executed by Fu Bang Group Corp, USA ("Borrower") in the original principal amount of $12,000,000.00 and is secured by the Deed of Trust ("Deed of Trust") (paragraphs 4 and 5 of the Ghassamieh Declaration and Exhibits 4 and 5). The Note and Deed of Trust are sometimes collectively referred to as the "Loan Documents".

5

*EX PARTE* APPLICATION

**EXHIBIT "8"**                    **Page 92**

The Property consists of a 51-unit apartment building and should generate monthly rent of approximately $125,000.00 based on the last information provided to First Credit Bank by the Borrower, however, the Borrower has failed to provide current rent rolls for the Property. The Borrower has defaulted pursuant to the terms of the Loan Documents by failing to maintain the payments due pursuant to the Note. In addition, property taxes are delinquent in the approximate amount of $850,800.00 and the Property has been further encumbered with liens junior to the lien of the Deed of Trust, including a judgment lien in the amount of $5,830,000.00. In addition, First Credit Bank is informed and believes that the Property is being mismanaged in that while rents are being collected, they are not being used to pay expenses related to the Property.

Under the facts and circumstances of this case, Paragraph "Rights and Remedies on Default" of the Deed of Trust allows First Credit Bank to obtain a Court appointed Receiver to take possession of the Property and to collect and retain the respective rents, issues, profits, income and earnings, and provides that the Receiver may preserve and protect the Property. Pursuant to the terms of the Deed of Trust, the Borrower irrevocably and unconditionally consented to the appointment of a Receiver upon default and further agreed that First Credit Bank has the right to obtain such appointment without notice to the Borrower. See Paragraph "Rights and Remedies on Default" of the Deed of Trust. Ghassemieh Declaration, Exhibit 5.

First Credit Bank moves this Court to issue an Order appointing a Receiver over the Property, and specifically nominates and requests the appointment of Mark Adams of California Receivership Group, Inc. as Receiver, and further seeks an Injunction which enjoins the parties from interfering with the Receiver with respect to the collection of rents, issues, profits, income and earnings from the Property, and from interfering with the Receiver as to the Receiver's duties to take possession of, and to operate, maintain, repair and conserve the value of the Property during the pendency of this case. (See Exhibit 1 to the Declaration of Mark Adams for the credentials of the proposed Receiver.)

### III. FIRST CREDIT BANK IS ENTITLED TO THE APPOINTMENT OF A RECEIVER BY VIRTURE OF DEFENDANTS' DEFAULT AND THE ASSIGNMENT OF RENTS CLAUSE CONTAINED IN THE DEED OF TRUST

In paragraph "Rights and Remedies on Default" of the Deed of Trust, Ghassemieh

6

*EX PARTE* APPLICATION

EXHIBIT "8"

Declaration, Exhibit 5, it was agreed that, upon default, First Credit Bank has the right to have a Receiver appointed to take possession of the Property to collect the rents, issues and profits and to care for and manage the Property to protect First Credit Bank's interest.

A long line of California cases uphold the enforceability of such a provision. For example, in Santacroce Brothers v. Edgewater-Santa Clara, Inc. (1966), 242 Cal.App.2d 584, 51 Cal. Rptr. 613, the Court approved the *ex parte* appointment of a Receiver over an income producing motel to immediately commence collecting the rent following default on the promissory note. Citing Title Guarantee and Trust v. Monson (1938), 11 Cal.2d 627, 81 P.2d 944, 946, the Court stated that:

> As part of the deed of trust, the parties hereto had the right to insert any lawful conditions as a part of the consideration for the creation of the debt for which the property was hypothecated, and therein, upon default in payment, to invest in the Plaintiff [beneficiary] not only the right to possession, but also the right to the rentals.

Again, in Malsman v. Brandler (1964), 230 Cal.App.2d 922, 41 Cal. Rptr. 438, 440, the appointment of a Receiver immediately after default was upheld where the parties contracted to make this remedy available. The Court stated:

> It is also settled that the parties, either by a clause inserted in the deed of trust or by a separate instrument, may provide that in the event of default the rents are assigned absolutely to the beneficiary and that such a provision, rather than pledging the rents as additional security, operates to transfer the trustor's right to the rentals to the beneficiary upon the happening of a specified condition.

The Borrower's right to collect and retain rent has been revoked, and only with the immediate appointment of a Receiver will First Credit Bank's collateral be protected, and First Credit Bank's entitlement to past due, but as yet unpaid, rents, and all future rents, be preserved (paragraphs 10 and 11 of the Ghassemieh Declaration).

In addition, the California legislature has recognized the secured lenders' rights to the appointment of a receiver to collect any and all rents and profits derived from the subject property. Cal. Code of Civil Procedure, § 564(b)(11). Specifically, Cal. Code of Civil Procedure, § 564 provides, in pertinent part, that:

Section 564(b) "A receiver may be appointed by the court in which an action or proceeding is pending, or by a judge thereof, in the following cases"...

"In an action by a secured lender for specific performance of an assignment of rents provision in a deed of trust, mortgage or separate assignment document. The appointment may be continued after entry of a judgment for specific performance, if appropriate to protect, operate, or maintain real property encumbered by a deed of trust or mortgage or to collect the rents therefrom while a pending nonjudicial foreclosure under power of sale in a deed of trust or mortgage is being completed." Code of Civil Procedure, Section 564(b)(11).

Pursuant to the Deed of Trust, the Borrower had the right to collect the rents from the Property until the occurrence of an Event of Default See, Paragraph "Possession and Maintenance of the Property" of the Deed of Trust, Ghassemieh Declaration, Exhibit 5. Prior to the occurrence of a default, the Borrower had a license to collect and retain the rents generated by the Property. Upon default, however, the Borrower's license to collect the rents was immediately revoked, without notice, and the Borrower consented to the appointment of a receiver.

Thus, because the contract between the parties hereto, in the form of the Deed of Trust, given to First Credit Bank, as part of the benefit of its bargain, an absolute right, after default, to the rents from the Property and to the appointment of a Receiver, First Credit Bank respectfully submits that the Court should issue an Order appointing a Receiver.

## IV. THE EX PARTE APPOINTMENT OF A RECEIVER IS PROPER WHERE IT IS SHOWN THAT AN IMPERATIVE NECESSITY EXISTS TO PRESERVE AND PROTECT THE PROPERTY

As set forth in Miller and Starr, Current Law of California Real Estate, (4th ed.), Section 41:34, the need to have a receiver take possession of real property in time to collect the upcoming rents is a sufficient emergency to justify the *ex parte* appointment of a Receiver. If there is a reasonable showing of danger of loss of rents, alternatives such as attachment or injunction may not provide as much protection as would a receiver in discouraging a debtor's possible contempt or disbursement of funds. Section 41:34. In this case, the Borrower has not been using the rent generated by the Property to pay its obligations, including but not limited to property taxes and the payments due to First Credit Bank pursuant to the Loan Documents. The next property tax installment

8

*EX PARTE* APPLICATION

**EXHIBIT "8"**                              **Page 95**

is due in April 2025 in the amount of $224,853.26.  Without a Receiver to collect the rents, the rents are in imminent danger or being lost.

The appointment of a Receiver as an *ex parte* proceeding is also sanctioned by <u>Cal. Code of Civil Procedure</u> § 564 and <u>Cal. Code of Civil Procedure</u> § 566.  The requirements for such appointment are set forth in Cal. Rules of Court, Rule 3.1175 which provides:

> (a) [Application]  In addition to any other matters supporting an application for the <u>ex parte</u> appointment of a receiver, the applicant must show in detail by verified complaint or declaration:
>
> (1)  The nature of the emergency and the reasons irreparable injury would be suffered by the applicant during the time necessary for a hearing on notice;
> (2)  The names, addresses and telephone numbers of the persons in actual possession of the property for which a receiver is requested, or of the president, manager or principal agent of any corporation in possession of the property;
> (3)  The use being made of the property by the persons in possession; and
> (4)  If the property is a part of the plant, equipment, or stock in trade of any business, the nature and approximate size or extent of the business, and facts sufficient to show whether the taking of the property by receiver would stop or seriously interfere with the operation of the business.
>
> If any of the matters listed above are unknown to the applicant and cannot be ascertained by the exercise of due diligence, the applicant's declaration or verified complaint must fully state the matters unknown and the efforts made to acquire the information.

With respect to the requirements of Rule 3.1175(a), the parameters of emergency and irreparable injury are enunciated in Section 41:34 41:35 of *Miller and Starr*, supra, by the immediate continued loss of rental income necessary for such care and maintenance and to enable First Credit Bank to be fully repaid.  In addition, First Credit Bank is informed and believes that the Property is being mismanaged in that while rent is being collected, it is not being used to pay expenses related to the Property (paragraphs 11 and 12 of the Ghassemieh Declaration).

As to 3.1175 (a)(2), the name, address and telephone numbers of the Borrower are set forth in paragraph 8 of the Ghassemieh Declaration and the Declaration of Ivan M. Posey.

As to Rule 3.1175(a)(3), the Property has been improved with a 51-unit apartment building

9

(paragraph 12 of the Ghessemieh Declaration). Rule 3.1175(a)(4) is not applicable.

As indicated above, the evidence before the Court compels the conclusion that First Credit Bank is entitled to a Receiver.

Because without the immediate appointment of a Receiver, First Credit Bank risks further deterioration of its collateral and will irreparably lose the benefit of any rents paid before a Receiver can take possession after a noticed hearing and because the contracts between the parties so provides, First Credit Bank is entitled to a Receiver.

## V. FIRST CREDIT BANK IS ENTITLED TO THE ISSUANCE OF A TEMPORARY RESTRAINING ORDER TO EFFECTUATE THE APPOINTMENT OF A RECEIVER

Injunctive relief is authorized when it appears that the plaintiff is entitled to the relief demanded in its complaint, and any part of the relief demanded therein consists in restraining the commission of an act that would result in great or irreparable injury to plaintiff or when pecuniary compensation would not afford adequate relief.  See, Cal. Code of Civil Procedure § 526.

As set forth herein and in the Complaint, there exists a real and imminent danger that the Borrower will continue to fail to remit the rents from the Property to First Credit Bank or to the County of Riverside for property taxes due.  As a result, the Court should issue the temporary restraining order requested by First Credit Bank to effectuate the appointment of the Receiver and prevent further irreparable harm to First Credit Bank.

## VI.

## CONCLUSION

For all the foregoing reasons, First Credit Bank respectfully urges the Court to, *ex parte*, appoint Mark Adams of California Receivership Group, Inc. as Receiver to take possession of the Property, and to issue the requested Temporary Restraining Orders and Preliminary Injunctions to ensure a successful Receivership, and to issue and Order to Show Cause setting a date for confirmation of the Receiver.  Alternatively, pursuant to California Rule of Court 3.1300, First Credit Bank requests that this Court enter an Order, *ex parte*, shortening time for giving notice of a hearing on this Application and pending the hearing, issue a Temporary Restraining Order restraining the Borrower from diverting the rents generated by the Property and authorizing only the payment of the

10

*EX PARTE* APPLICATION

expenses of the Property.

Dated: March 19, 2025                                    **LEECH TISHMAN NELSON HARDIMAN, INC.**

By: _____

Dennette A. Mulvaney
Ivan M. Posey
Attorneys for Plaintiff
FIRST CREDIT BANK

11

*EX PARTE* APPLICATION

<u>**PROOF OF SERVICE**</u>

I am over the age of eighteen (18) years, and not a party to the above-entitled action.  My business address is 1100 Glendon Avenue, 14th Floor, Los Angeles, CA 90024

On March 19, 2025, I served:

1) **EX PARTE APPLICATION  FOR THE APPOINTMENT OF A RECEIVER AND FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION, OR IN THE ALTERNATIVE, FOR AN ORDER SHORTENING TIME FOR NOTICE OF HEARING; MEMORANDUM OF POINTS AND AUTHORITIES;**

2) **DECLARATION OF KAM GHASSEMIEH IN SUPPORT OF EX PARTE APPLICATION FOR THE APPOINTMENT OF A RECEIVER AND FOR INJUNCTIVE RELIEF;**

3) **DECLARATION OF PROPOSED RECEIVER;**

4) **DECLARATION OF IVAN POSEY;**

5) **EXHIBIT BOOKLET WITH INDEX**

addressed as follows to:

| | |
|---|---|
| Ping C. Shen, Esq<br>3675 Huntington Dr, Ste 238<br>Pasadena, CA 91107-5671<br>Ph: 626.572.9737<br>Email: attorneyshen@yahoo.com | Attorney for Bo Don, CEO of<br>Defendant FU BANG GROUP CORP.,<br>USA |
| Richard Don<br>4261 Odyssey Dr Suite #117<br>Corona, CA 92883<br>Ph: 626.810.6606<br>Email: doslagos116@gmail.com | Defendant |
| Anthony Zhang<br>125 Vineland Avenue<br>City of Industry, CA 91746<br>Ph: 626.810.0700<br>Email: anthonyz@rddfreight.com | Defendant |

**BY MAIL**:      I deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California.  I am aware that, on the motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing shown on this proof of service.

**BY FACSIMILE**:  I caused a copy of such document to be sent via facsimile machine to the office(s) of the addressee(s) at the phone number(s) shown above.

X      **BY E-MAIL**: I caused a copy of such document to be sent via e-mail to the office(s) of the addressee(s) at the e-mail address shown above.

**BY PERSONAL SERVICE**

FEDERAL COURT:  I caused such envelope to be delivered by hand directly to the  addressee(s).
FEDERAL COURT:  I caused such envelope to be delivered by hand to the offices of the addressee(s).
STATE COURT:  I caused such envelope to be delivered by hand to the offices of the addressee(s).

☐      **FEDERAL**:  I declare, under penalty of perjury under the laws of the United States that the foregoing is true and that I am employed in the office of a member of the Bar of this Court at whose direction the service was

12

*EX PARTE* APPLICATION

made.

Executed on March 19, 2025 at Los Angeles, California.

_____
Ivan Posey

**EXHIBIT 9**

RC-210

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Ivan M. Posey (SBN 196386)<br>LEECH TISHMAN NELSON HARDIMAN, INC.<br>1100 Glendon Avenue, 14th Floor<br>Los Angeles, California 90024<br>TELEPHONE NO.: (424) 738-4400    FAX NO. *(Optional)*: (424) 738-5080<br>E-MAIL ADDRESS *(Optional)*: iposey@leechtishman.com<br>ATTORNEY FOR *(Name)*: First Credit Bank | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF RIVERSIDE<br><br>APR 08 2025<br>J. Cordero J.C.<br><br>Nunc Pro Tunc as of 4-21-25 J.C.  SM2 |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** RIVERSIDE
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS: 4050 Main Street
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME: Riverside Historic Courthouse

PLAINTIFF: FIRST CREDIT BANK

DEFENDANT: FU BANG GROUP CORP, USA

| ORDER CONFIRMING APPOINTMENT OF RECEIVER<br>AND PRELIMINARY INJUNCTION—RENTS, ISSUES, AND PROFITS | CASE NUMBER:<br>CVRI2501055 |
|---|---|

## ORDER CONFIRMING APPOINTMENT OF RECEIVER

1. The court on ex parte application appointed as receiver:
   a. *(Name)*: Mark Adams

   b. On *(date)*: March 21, 2025

   c. For the property described in Attachment 1 *(attach description)*.

2. A hearing on the *Ex Parte Order to Show Cause* was held as follows:
   Date: March 21, 2025        Time: 8:30 a.m.        Dept.: 7        Room:

3. The receiver has filed the receiver's oath as ordered by the court.

4. The receiver has filed a receiver's bond as ordered by the court *(check one)*:
   a. ☑ No further bond is required. The previously filed bond shall remain in effect.
   b. ☐ The receiver shall immediately file additional bond under Code of Civil Procedure section 567(b) for: $

5. **THE COURT ORDERS** that the appointment of the receiver is confirmed as specified in the *Ex Parte Order Appointing Receiver* filed on *(date)*: March 21, 2025

6. **THE COURT ORDERS PLAINTIFF** to immediately file a Code of Civil Procedure section 529 bond (injunction undertaking) in the amount of: $ 1000

## PRELIMINARY INJUNCTION

7. **THE COURT ORDERS DEFENDANT** to do the following:
   a. Turn over property. Immediately turn over possession of the property described in Attachment 1 to the receiver when the appointment becomes effective, including any security deposits, prepaid rent, other rental or lease payments, and funds in property management bank accounts for the property.
   b. Turn over related items. Immediately turn over to the receiver all keys, books, documents, and records relating to the property and advise the receiver of federal taxpayer identification numbers relating to the property.
   c. **Insurance.**
      (1) Immediately advise the receiver about the nature and extent of insurance coverage on the property;
      (2) Immediately name the receiver as an additional insured on each insurance policy on the property; and
      (3) DO NOT cancel, reduce, or modify the insurance coverage.

Page 1 of 2

| Form Approved for Optional Use<br>Judicial Council of California<br>RC-210 [Rev. January 1, 2007] | **ORDER CONFIRMING APPOINTMENT OF RECEIVER AND<br>PRELIMINARY INJUNCTION—RENTS, ISSUES, AND PROFITS**<br>(Receivership) | Code of Civil Procedure, §§ 527, 529,<br>564(b)(1 0),<br>Cal. Rules of Court, rules 3.1175, 3.1176,<br>3.1177<br>www.courtinfo.ca.gov |
|---|---|---|

**EXHIBIT "9"**

**Page 102**

Electronically RECEIVED by Superior Court of California, County of Riverside on 03/27/2025 05:18 PM - Jason B. Galkin, Executive Officer/Clerk of the Court By Olga Ramirez-Chavez, Clerk

**RC-210**

| PLAINTIFF *(Name)*:   FIRST CREDIT BANK | CASE NUMBER: |
|---|---|
| DEFENDANT *(Name)*:   FU BANG GROUP CORP, USA | CVRI2501055 |

7. d. **Restraints.** Refrain from

    (1)  committing or permitting any waste on the property or any act on the property in violation of law or removing, encumbering, or otherwise disposing of any of the fixtures on the property;

    (2)  demanding, collecting, or in any other way diverting or using any of the rents from the property;

    (3)  interfering in any manner with the discharge of the receiver's duties under this order;

    (4)  selling, transferring, disposing, encumbering, or concealing the property without a prior court order; and

    (5)  doing any act that will impair the preservation of the property or plaintiff's interest in the property.

  e.  ☐  **Other** *(specify):*

8.  ☐  **OTHER ORDERS**  ☐  are specified in Attachment 8  ☐  are as follows *(specify):*

9.  Number of pages attached: ___1___

Date:    04/02/2025

_____
JUDGE OF THE SUPERIOR COURT
Honorable C.G. Magno

RC-210 [Rev. January 1, 2007]

**ORDER CONFIRMING APPOINTMENT OF RECEIVER AND
PRELIMINARY INJUNCTION—RENTS, ISSUES, AND PROFITS**
(Receivership)

Page 2 of 2

**EXHIBIT "9"**

**Page 103**

# ATTACHMENT 1 TO  PRELINARY INJUCTION

The land situated in the County of Riverside, City of Corona, State of California, described as follows:

Lot 2 of Tract No. 33151, in the City of Corona, County of Riverside, State of California, as per map recorded in Book 422 Page(s) 52 through 56 inclusive of Maps, in the Office of the County Recorder of said County.

**Address:** 51-unit apartment building located at 2798 Troy Court, Corona, California. 92883-5631

**EXHIBIT "9"**

**Page 104**

**EXHIBIT 10**

Fill in this information to identify your case:

United States Bankruptcy Court for the:

Central District of California

Case number (*If known*): _____

Chapter you are filing under:
- ☐ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☑ Chapter 13

```
FILED
APR 15 2025
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk
```

☐ Check if this is an amended filing

# Official Form 101
# Voluntary Petition for Individuals Filing for Bankruptcy

06/24

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:   Identify Yourself

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | RICHARD<br>First name<br><br>_____<br>Middle name<br>DON<br>Last name<br><br>_____<br>Suffix (Sr., Jr., II, III) | _____<br>First name<br><br>_____<br>Middle name<br><br>_____<br>Last name<br><br>_____<br>Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years**<br><br>Include your married or maiden names and any assumed, trade names and *doing business as* names.<br><br>Do NOT list the name of any separate legal entity such as a corporation, partnership, or LLC that is not filing this petition. | _____<br>First name<br>_____<br>Middle name<br>_____<br>Last name<br>_____<br>First name<br>_____<br>Middle name<br>_____<br>Last name<br>dba FU BANG GROUP CORP USA<br>Business name (if applicable)<br><br>_____<br>Business name (if applicable) | _____<br>First name<br>_____<br>Middle name<br>_____<br>Last name<br>_____<br>First name<br>_____<br>Middle name<br>_____<br>Last name<br>_____<br>Business name (if applicable)<br><br>_____<br>Business name (if applicable) |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx – xx – 1 2 0 5<br>OR<br>9 xx – xx – ___ ___ ___ ___ | xxx – xx – ___ ___ ___ ___<br>OR<br>9 xx – xx – ___ ___ ___ ___ |

Debtor 1    **RICHARD**      **DON**                Case number *(if known)*_____
         First Name      Middle Name      Last Name

| About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|

**4. Your Employer Identification Number (EIN), if any.**

About Debtor 1:

EIN: 2 6 – 3 6 8 1 0 0 2

EIN: __ __ – __ __ __ __ __ __ __

About Debtor 2:

EIN: __ __ – __ __ __ __ __ __ __

EIN: __ __ – __ __ __ __ __ __ __

**5. Where you live**

19526 WINDROSE DRIVE
Number     Street

ROWLAND HEIGHTS     CA     91748
City                 State     ZIP Code

LOS ANGELES
County

**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.

4261 ODYSSEY DRIVE UNIT117
Number     Street

P.O. Box

CORONA     CA     92883
City                 State     ZIP Code

**If Debtor 2 lives at a different address:**

Number     Street

City                 State     ZIP Code

County

**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.

Number     Street

P.O. Box

City                 State     ZIP Code

**6. Why you are choosing *this district* to file for bankruptcy**

*Check one:*

☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

_____

_____

_____

*Check one:*

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

_____

_____

_____

Official Form 101      **Voluntary Petition for Individuals Filing for Bankruptcy**      page 2

**EXHIBIT "10"**      **Page 107**

Debtor 1   __RICHARD_____DON_____   Case number (*if known*)_____
           First Name    Middle Name    Last Name

---

| **Part 2:** | **Tell the Court About Your Bankruptcy Case** |
|---|---|

**7. The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy* (Form 2010)). Also, go to the top of page 1 and check the appropriate box.

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

☑ Chapter 13

---

**8. How you will pay the fee**

☑ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

---

**9. Have you filed for bankruptcy within the last 8 years?**

☑ No

☐ Yes.   District _____ When _____ Case number _____
                                              MM / DD / YYYY

           District _____ When _____ Case number _____
                                              MM / DD / YYYY

           District _____ When _____ Case number _____
                                              MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☑ No

☐ Yes.   Debtor _____ Relationship to you _____
           District _____ When _____ Case number, if known_____
                                              MM / DD / YYYY

           Debtor _____ Relationship to you _____
           District _____ When _____ Case number, if known_____
                                              MM / DD / YYYY

---

**11. Do you rent your residence?**

☑ No.   Go to line 12.
☐ Yes.  Has your landlord obtained an eviction judgment against you?

        ☐ No. Go to line 12.

        ☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

---

**EXHIBIT "10"**

**Page 108**

Debtor 1    RICHARD        DON                                    Case number *(if known)*_____
      First Name    Middle Name    Last Name

---

**Part 3:**    **Report About Any Businesses You Own as a Sole Proprietor**

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☑ No. Go to Part 4.

☐ Yes. Name and location of business

SELF EMPLOYED
_____
Name of business, if any

_____
Number        Street

_____

_____
City                                State        ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☑ None of the above

---

**13. Are you filing under Chapter 11 of the Bankruptcy Code, and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).*

☑ No.   I am not filing under Chapter 11.

☐ No.   I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes. I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☐ Yes. I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

---

**EXHIBIT "10"**                        **Page 109**

Debtor 1    **RICHARD**            **DON**                        Case number *(if known)*_____
           First Name    Middle Name    Last Name

---

| **Part 4:** | **Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention** |

14. **Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

    *For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

    ☑ No

    ☐ Yes.  What is the hazard?    _____

                        _____

    If immediate attention is needed, why is it needed? _____

                        _____

    Where is the property?  _____
                        Number    Street

                        _____
                        City                State    ZIP Code

---

**EXHIBIT "10"**                        **Page 110**

Debtor 1  __RICHARD_____  __DON_____    Case number (if known)_____
         First Name    Middle Name    Last Name

---

**Part 5:    Explain Your Efforts to Receive a Briefing About Credit Counseling**

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

☑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**  I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**  My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**  I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

☐ **Incapacity.**  I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

☐ **Disability.**  My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

☐ **Active duty.**  I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

---

**EXHIBIT "10"**                    **Page 111**

Debtor 1  **RICHARD        DON**                                        Case number (if known)_____
          First Name    Middle Name    Last Name

---

## Part 6:  Answer These Questions for Reporting Purposes

| | |
|---|---|
| **16. What kind of debts do you have?** | **16a. Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."<br><br>☑ No. Go to line 16b.<br>☐ Yes. Go to line 17.<br><br>**16b. Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.<br><br>☐ No. Go to line 16c.<br>☑ Yes. Go to line 17.<br><br>16c. State the type of debts you owe that are not consumer debts or business debts.<br><br>_____ |
| **17. Are you filing under Chapter 7?**<br><br>**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?** | ☑ No.  I am not filing under Chapter 7. Go to line 18.<br><br>☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?<br><br>☐ No<br><br>☐ Yes |

| **18. How many creditors do you estimate that you owe?** | ☑ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
|---|---|---|---|
| **19. How much do you estimate your assets to be worth?** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☑ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **20. How much do you estimate your liabilities to be?** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☑ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

---

## Part 7:  Sign Below

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

✗ *Richard Don*                              ✗ _____
Signature of Debtor 1                         Signature of Debtor 2

Executed on  04/14/2025                       Executed on  _____
              MM / DD /YYYY                                  MM / DD /YYYY

---

Official Form 101          **Voluntary Petition for Individuals Filing for Bankruptcy**          page 7

**EXHIBIT "10"**                                               **Page 112**

Debtor 1    __RICHARD_____DON_____    Case number (if known)_____
            First Name    Middle Name    Last Name

| | |
|---|---|
| **For your attorney, if you are represented by one**<br><br>**If you are not represented by an attorney, you do not need to file this page.** | I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect. |

✗ NONE _____    Date    _____
Signature of Attorney for Debtor                        MM    /    DD    / YYYY


_____
Printed name

_____
Firm name

_____
Number    Street

_____

_____    _____    _____
City                                State        ZIP Code


Contact phone _____    Email address _____


_____    _____
Bar number                          State

**EXHIBIT "10"**                                    **Page 113**

| Debtor 1 | RICHARD | DON | | Case number (if known) |
|---|---|---|---|---|
| | First Name   Middle Name | Last Name | | |

**For you if you are filing this bankruptcy without an attorney**

**If you are represented by an attorney, you do not need to file this page.**

The law allows you, as an individual, to represent yourself in bankruptcy court, but **you should understand that many people find it extremely difficult to represent themselves successfully. Because bankruptcy has long-term financial and legal consequences, you are strongly urged to hire a qualified attorney.**

To be successful, you must correctly file and handle your bankruptcy case. The rules are very technical, and a mistake or inaction may affect your rights. For example, your case may be dismissed because you did not file a required document, pay a fee on time, attend a meeting or hearing, or cooperate with the court, case trustee, U.S. trustee, bankruptcy administrator, or audit firm if your case is selected for audit. If that happens, you could lose your right to file another case, or you may lose protections, including the benefit of the automatic stay.

You must list all your property and debts in the schedules that you are required to file with the court. Even if you plan to pay a particular debt outside of your bankruptcy, you must list that debt in your schedules. If you do not list a debt, the debt may not be discharged. If you do not list property or properly claim it as exempt, you may not be able to keep the property. The judge can also deny you a discharge of all your debts if you do something dishonest in your bankruptcy case, such as destroying or hiding property, falsifying records, or lying. Individual bankruptcy cases are randomly audited to determine if debtors have been accurate, truthful, and complete. **Bankruptcy fraud is a serious crime; you could be fined and imprisoned.**

If you decide to file without an attorney, the court expects you to follow the rules as if you had hired an attorney. The court will not treat you differently because you are filing for yourself. To be successful, you must be familiar with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules of the court in which your case is filed. You must also be familiar with any state exemption laws that apply.

Are you aware that filing for bankruptcy is a serious action with long-term financial and legal consequences?

☐ No
☑ Yes

Are you aware that bankruptcy fraud is a serious crime and that if your bankruptcy forms are inaccurate or incomplete, you could be fined or imprisoned?

☐ No
☑ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out your bankruptcy forms?
☑ No
☐ Yes. Name of Person_____.
   Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

By signing here, I acknowledge that I understand the risks involved in filing without an attorney. I have read and understood this notice, and I am aware that filing a bankruptcy case without an attorney may cause me to lose my rights or property if I do not properly handle the case.

| ✗ *Richard Don* | ✗ |
|---|---|
| Signature of Debtor 1 | Signature of Debtor 2 |

| Date | 04/15/2025 | | Date | |
|---|---|---|---|---|
| | MM / DD / YYYY | | | MM / DD / YYYY |

Contact phone  (626) 200-3839          Contact phone  _____

Cell phone  (626) 200-3839          Cell phone  _____

Email address  doslagos116@gmail.com          Email address  _____

**EXHIBIT "10"**                    **Page 114**

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | RICHARD | DON | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: Central District of California
(State)

Case number
(If known)

---

## Official Form 101A

# Initial Statement About an Eviction Judgment Against You          12/15

**File this form with the court and serve a copy on your landlord when you first file bankruptcy only if:**

■ **you rent your residence; and**

■ **your landlord has obtained a judgment for possession in an eviction, unlawful detainer action, or similar proceeding (called *eviction judgment*) against you to possess your residence.**

Landlord's name        NOT APPLICABLE

Landlord's address      _____
                        Number    Street

                        _____
                        City              State    ZIP Code

**If you want to stay in your rented residence after you file your case for bankruptcy, also complete the certification below.**

---

### Certification About Applicable Law and Deposit of Rent

I certify under penalty of perjury that:

☑ Under the state or other nonbankruptcy law that applies to the judgment for possession (*eviction judgment*), I have the right to stay in my residence by paying my landlord the entire delinquent amount.

☑ I have given the bankruptcy court clerk a deposit for the rent that would be due during the 30 days after I file the *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101).



**X** _Richard Don_                              **X** _____
Signature of Debtor 1                               Signature of Debtor 2

Date 04/14/2025                                     Date _____
     MM / DD / YYYY                                      MM / DD / YYYY

**Stay of Eviction:** (a) **First 30 days after bankruptcy.** If you checked both boxes above, signed the form to certify that both apply, and served your landlord with a copy of this statement, the automatic stay under 11 U.S.C. § 362(a)(3) will apply to the continuation of the eviction against you for 30 days after you file your *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101).

(b) **Stay after the initial 30 days.** If you wish to stay in your residence after that 30-day period and continue to receive the protection of the automatic stay under 11 U.S.C. § 362(a)(3), you must pay the entire delinquent amount to your landlord as stated in the eviction judgment before the 30-day period ends. You must also fill out *Statement About Payment of an Eviction Judgment Against You* (Official Form 101B), file it with the bankruptcy court, and serve your landlord a copy of it before the 30-day period ends.

**Check the Bankruptcy Rules** ( http://www.uscourts.gov/rules-policies/current-rules-practice-procedure) **and the local court's website (to find your court's website, go to** http://www.uscourts.gov/court-locator) **for any specific requirements that you might have to meet to serve this statement. 11 U.S.C. §§ 362(b)(22) and 362(l)**

Official Form 101A        Initial Statement About an Eviction Judgment Against You

**EXHIBIT "10"**                                              **Page 115**

# STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LBR 1015-2
## UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1.  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

    NONE

2.  (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

    NONE

3.  (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

    NONE

4.  (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

    NONE

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at LOS ANGELES _____, California

Date: 04/14/2025 _____

_____
Signature of Debtor 1

_____
Signature of Debtor 2

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

October 2018                    EXHIBIT "10"                F 1015-2.1.STMT.RELATED.CASES

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| RICHARD DON "dba" FU BANG GROUP CORP USA<br>4261 ODYSSEY DRIVE UNIT 117<br>CORONA, CA 92883<br>SSN XXX-XX-1205<br>EIN : 26-3681002<br>PHONE: 626-200-3839<br>EMAIL: doslagos116@gmail.com<br><br>☒ *Debtor(s) appearing without attorney*<br>☐ *Attorney for Debtor* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br>RICHARD DON "dba" FU BANG GROUP CORP USA | CASE NO.:<br>CHAPTER: 13 |
|---|---|
| | **VERIFICATION OF MASTER MAILING LIST OF CREDITORS**<br><br>**[LBR 1007-1(a)]** |
| Debtor(s). | |

Pursuant to LBR 1007-1(a), the Debtor, or the Debtor's attorney if applicable, certifies under penalty of perjury that the master mailing list of creditors filed in this bankruptcy case, consisting of 1__ sheet(s) is complete, correct, and consistent with the Debtor's schedules and I/we assume all responsibility for errors and omissions.

Date: ___04/15/2025___

*Richard Don*
Signature of Debtor 1

Date: _____

_____
Signature of Debtor 2 (joint debtor) (if applicable)

Date: _____

_____
Signature of Attorney for Debtor (if applicable)

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California

December 2015                    **EXHIBIT "10"**    F 1007-1.MAILING.LIST.VERIFICATION
Page 117

RICHARD DON
4261 ODYSSEY DRIVE UNIT 117
CORONA, CA 92883


UNITED STATES BANKRUPTCY COURT
255 TEMPLE STREET
LOS ANGELES, CA 90012


MINGZHE LI
62 CRATER
IRVINE, CA 92618


FIRST CREDIT BANK C/O
LEECH TISHMAN NELSON HARDIMAN, INC.
1100 GLENDON AVENUE, 14TH FLOOR
LOS ANGELES, CA 90024


FIRST AMERICAN TITLE INSURANCE COMPANY
9255 TOWN CENTER DRIVE
SUITE 200
SAN DIEGO, CA 92121


LEONARD M. SHULMAN
SPARKNEST, LLC
C/O SHULMAN BASTIAN FRIEDMAN & BUI
100 SPECTRUM CENTER DR , SUITE 600
IRVINE, CA 92618


**EXHIBIT "10"**                    **Page 118**

| United States Bankruptcy Court<br>Central District of California | |
|---|---|
| In re:<br>Richard Don<br>dba Fu Bang Group Corp USA | CHAPTER NO.:  13 |
| | CASE NO.: 2:25−bk−13063 |

## ORDER TO COMPLY WITH BANKRUPTCY RULE 1007 and 3015(b)
## AND NOTICE OF INTENT TO DISMISS CASE

**To Debtor and Debtor's Attorney of Record,**

YOU FAILED TO FILE THE FOLLOWING DOCUMENTS:

**Schd A/B(Form106A/B or 206A/B)**
**Schedule C (Form 106C)**
**Schedule D (Form 106D or 206D)**
**Schd E/F(Form106E/F or 206E/F)**
**Schedule G (Form 106G or 206G)**
**Summary(Form 106Sum or 206Sum)**
**Schedule H (Form 106H or 206H)**
**Means Calculation(Form 122C−2)**
**Schedule I (Form 106I)**
**Schedule J (Form 106J)**
**Decl Re Sched (Form 106Dec)**
**StmtFinAffairs(Form107 or 207)**
**Chapter 13 Plan (LBR F3015−1)**
**Ch 13 Income (Form 122C−1)**

For Chapter 13 Cases filed on or after 04/15/2019, the new version of the chapter 13 plan is required. The court will treat your case as not having filed a plan and **WILL DISMISS YOUR CASE unless the correct version of the mandatory form plan is filed by the applicable deadline.**

**The Revised Official Bankruptcy Forms are mandatory and are available at www.cacb.uscourts.gov/forms**

According to Bankruptcy Rules 1007(c) and 3015(b), within 14 days after you filed the petition, **YOU MUST EITHER:**

(1)    File the required documents. If the document is filed electronically, no hard copy needs to be submitted to the court. (See Local Bankruptcy Rule 5005−2(d) and Court Manual, Appendix "F" as to whether a copy must be served on the judge.)

**OR**

(2)    File and serve a motion for an order extending the time to file the required document(s). If you make such a motion and it is denied after the 14 days have expired, your case will be dismissed.

**IF YOU DO NOT COMPLY** in a timely manner with either of the above alternatives, the court **WILL DISMISS YOUR CASE WITHOUT FURTHER NOTICE.**

Dated: April 15, 2025

For the Court
**Kathleen J. Campbell**
Clerk of Court

(Form deforco − Rev 04/2019)

**1 / BT**

**EXHIBIT "10"**                                                  **Page 119**

## United States Bankruptcy Court
## Central District of California

| In re:<br>Richard Don<br>dba Fu Bang Group Corp USA | CHAPTER NO.: 13 |
| | CASE NO.: 2:25–bk–13063 |

# CASE COMMENCEMENT DEFICIENCY NOTICE

**To Debtor and Debtor's Attorney of Record,**
**YOUR CASE MAY BE DISMISSED IF YOU FAIL TO CURE THE FOLLOWING DEFICIENCIES:**

You must cure the following within 14 days from filing of your petition:

☑ Declaration by Debtor(s) as to Whether Income was Received From an Employer within 60 Days of the Petition Date [11 U.S.C. § 521(a)(1)(B)(iv)] (LBR Form F1002–1)

**The Revised Official Bankruptcy Forms are mandatory and are available at www.cacb.uscourts.gov/forms**

For all items above that are not electronically filed, you must file the original and the following number of copies in accordance with Local Bankruptcy Rules 1002–1(c) and 5005–2, and Court Manual, section 2.5(a)(2).

Chapter 13     Original only

**Please return the original or copy of this form with all required items to the following location:**

255 E. Temple Street, Room 100, Los Angeles, CA 90012

If you have any questions, please contact the Court's Call Center at the toll free number (855) 460–9641.

Dated: April 15, 2025

For the Court
**Kathleen J. Campbell**
Clerk of Court

(Form ccdn – Rev 02/2020)                                                                 **1 / BT**

**EXHIBIT "10"**                                                                 **Page 120**

# EXHIBIT 11

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Leonard M. Shulman – Bar No. 126349<br>Rika M. Kido – Bar No. 273780<br>**SHULMAN BASTIAN FRIEDMAN & BUI LLP**<br>100 Spectrum Center Drive, Suite 600<br>Irvine, California 92618<br>Telephone: (949) 340-3400<br>Facsimile:  (949) 340-3000<br>Email:      LShulman@shulmanbastian.com<br>                  RKido@shulmanbastian.com | **FILED & ENTERED**<br><br>**MAY 07 2025**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY sumlin    DEPUTY CLERK** |
| ☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -*LOS ANGELES* DIVISION**

| In re:<br><br>**RICHARD DON dba FU BANG GROUP CORP USA**<br><br><br><br><br><br><br><br><br><br><br><br>                                                           Debtor(s). | CASE NO.: 2:25-bk-13063-NB<br><br>CHAPTER: 13 |
|---|---|
| | **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)** |
| | DATE: May 6, 2025<br>TIME: 10:00 a.m.<br>COURTROOM: 1545<br>PLACE: 255 East Temple Street<br>            Los Angeles, CA 90012 |

**Movant:** SPARKNEST, LLC, a Delaware Limited Liability Company

1.  The Motion was:    ☒ Opposed    ☐ Unopposed    ☐ Settled by stipulation

2.  The Motion affects the following real property (Property):

*Street address*:       2798 Troy Court
*Unit/suite number*:    _____
*City, state, zip code*:    Corona, CA 92883-5631

Legal description or document recording number (including county of recording):

Lot 2 of Tract No. 33151, in the City of Corona, County of Riverside, State of California, as per map recorded in Book 422, Pages 52 through 56, inclusive, of Maps, in the Office of the County of Recorder of said County.
APN: 279-460-064-6

☐ See attached page.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

3. The Motion is granted under:

a. ☒  11 U.S.C. § 362(d)(1)

b. ☐  11 U.S.C. § 362(d)(2)

c. ☐  11 U.S.C. § 362(d)(3)

d. ☐  11 U.S.C. § 362(d)(4).  The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

(1) ☐  The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or

(2) ☐  Multiple bankruptcy cases affecting the Property.

(3) ☐  The court  ☐ makes  ☐ does not make  ☐ cannot make
a finding that the Debtor was involved in this scheme.

(4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing.  Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4. ☐  As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

a. ☐  Terminated as to the Debtor and the Debtor's bankruptcy estate.

b. ☐  Modified or conditioned as set forth in Exhibit _____ to this order.

c. ☐  Annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☐  Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐  Movant must not conduct a foreclosure sale of the Property before (*date*) _____.

7. ☐  The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Agreement contained within this order.

8. ☐  In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order.  The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency.  Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

9. ☒  The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor.

10. ☒  The 14-day stay as provided in FRBP 4001(a)(3) is waived.

11. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

12. Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement.  Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*         **F 4001-1.RFS.RP.ORDER**

**EXHIBIT "11"**

13. Upon entry of this order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

14. ☐  A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion

   (a) ☐  without further notice.

   (b) ☐  upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

15. ☐  This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

16. ☐  This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

   (a) ☐  without further notice.

   (b) ☐  upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

17. ☐  This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

   (a) ☐  without further notice.

   (b) ☐  upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

18. ☒  Other (*specify*):

   The automatic stay of 11 U.S.C. § 362(a) does not apply to the Property.

###

Date: May 7, 2025

_Neil W. Bason_
Neil W. Bason
United States Bankruptcy Judge

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                    Page 3                    F 4001-1.RFS.RP.ORDER

**EXHIBIT "11"**                                    **Page 124**

# EXHIBIT 12

Fill in this information to identify the case:

United States Bankruptcy Court for the:

**Central District of California**

Case number (if known): _____  Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | |
|---|---|
| **1. Debtor's name** | **FU BANG GROUP CORP, USA** |
| **2. All other names debtor used in the last 8 years** <br> Include any assumed names, trade names, and *doing business as names* | |
| **3. Debtor's federal Employer Identification Number (EIN)** | 2 6 – 3 6 8 1 0 0 2 |

**4. Debtor's address**

**Principal place of business**

**4261 Odyssey Dr Unit 117**
Number        Street

**Corona, CA 92883**
City                    State        ZIP Code

**Riverside**
County

**Mailing address, if different from principal place of business**

Number        Street

City                    State        ZIP Code

**Location of principal assets, if different from principal place of business**

Number        Street

City                    State        ZIP Code

**5. Debtor's website (URL)**

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Official Form 201          **Voluntary Petition for Non-Individuals Filing for Bankruptcy**          page **1**

**EXHIBIT "12"**

**Page 126**

| Debtor | **FU BANG GROUP CORP, USA** | Case number *(if known)* |
|---|---|---|
| | Name | |

| | |
|---|---|
| **7. Describe debtor's business** | A. *Check one:* |

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☑ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. §101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. §781(3))

☐ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>5</u>  <u>3</u>  <u>1</u>  <u>3</u>

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes. District _____ When _____ Case number _____
MM / DD / YYYY

District _____ When _____ Case number _____
MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes. Debtor **Richard Don** _____ Relationship **Affiliate** _____

District **Central District of California** _____ When **4/15/2025**
MM / DD / YYYY

Case number, if known **2:25-bk-13063-NB**

| | | |
|---|---|---|
| Official Form 201 | **Voluntary Petition for Non-Individuals Filing for Bankruptcy** | page **2** |

**EXHIBIT "12"**          **Page 127**

Debtor    **FU BANG GROUP CORP, USA**                                      Case number *(if known)* _____
          Name

| | |
|---|---|
| **11. Why is the case filed in *this district*?** | *Check all that apply:*<br><br>☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br><br>☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☑ No<br>☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br><br>**Why does the property need immediate attention?** *(Check all that apply.)*<br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br><br>What is the hazard? _____<br><br>☐ It needs to be physically secured or protected from the weather.<br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br>☐ Other _____<br><br>**Where is the property?** _____<br>    Number      Street<br><br>    _____<br>    City             State    ZIP Code<br><br>**Is the property insured?**<br>☐ No<br>☐ Yes.  Insurance agency _____<br>           Contact name _____<br>           Phone _____ |

| | | | |
|---|---|---|---|
| **Statistical and administrative information** | | | |
| **13. Debtor's estimation of available funds?** | *Check one:*<br>☑ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | | |
| **14. Estimated number of creditors** | ☑ 1-49  ☐ 50-99<br>☐ 100-199  ☐ 200-999 | ☐ 1,000-5,000  ☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000  ☐ 50,000-100,000<br>☐ More than 100,000 |
| **15. Estimated assets** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☑ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

Official Form 201                  **Voluntary Petition for Non-Individuals Filing for Bankruptcy**                  page **3**

**EXHIBIT "12"**

**Page 128**

Debtor **FU BANG GROUP CORP, USA**        Case number *(if known)* _____
     Name

| 16. Estimated liabilities | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☑ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

## Request for Relief, Declaration, and Signatures

**WARNING --**     Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- ■ I have been authorized to file this petition on behalf of the debtor.
- ■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
           MM/ DD/ YYYY

X _____       **Bo Don**
Signature of authorized representative of debtor      Printed name

Title _____ **CEO** _____

**18. Signature of attorney**

X _____    Date **05/07/2025**
Signature of attorney for debtor           MM/ DD/ YYYY

**Derrick Talerico**
Printed name

**Weintraub, Zolkin Talerico & Selth LLP**
Firm name

**11766 Wilshire Blvd Suite 730**
Number     Street

**Los Angeles**          **CA**      **90025**
City                           State     ZIP Code

**(424) 500-8552**          **dtalerico@wztslaw.com**
Contact phone                    Email address

**223763**                   **CA**
Bar number                     State

---

Official Form 201        **Voluntary Petition for Non-Individuals Filing for Bankruptcy**       page 4

**EXHIBIT "12"**       **Page 129**

ACTION BY UNANIMOUS WRITTEN CONSENT OF

THE BOARD OF DIRECTORS OF

FU BANG GROUP CORP, USA

AUTHORIZING FILING OF BANKRUPTCY PETITION

The undersigned, constituting the entire Board of Directors of FU BANG GROUP CORP, USA, a California corporation (the "Company"), organized under the laws of the State of California, hereby certifies and adopts the following resolution as the action of the Company.

RESOLVED, that the Board of Directors has determined, based upon prior events and advice of counsel, that it is in the best interests of the Company, its creditors, and other interested parties, that the Company file a petition under Chapter 11 of title 11 of the United States Code;

FURTHER RESOLVED, that Bo Don, the Company's Chief Executive Officer, Secretary and sole Director, is hereby authorized and directed on behalf of and in the name of the Company to execute a Chapter 11 bankruptcy petition and all related documents and papers on behalf of the Company in order to enable the Company to commence a Chapter 11 bankruptcy case;

FURTHER RESOVED, that Bo Don, the Company's Chief Executive Officer, Secretary and sole Director, is hereby authorized and directed on behalf of and in the name of the Company, to execute and to file and to cause counsel for the Company to prepare (with the assistance of the Company) as appropriate, all petitions, schedules, lists and other papers, documents and pleadings in connection with the Company's bankruptcy case, and to take any and all action which Em Don, the Company's Chief Executive Officer, Secretary and sole Director, deems necessary and proper in connection with the Company's bankruptcy case without further approval of the Board of Directors;

FURTHER RESOLVED, that the Company is authorized to retain the law office of Weintraub Zolkin Talerico & Selth LLP as bankruptcy counsel for the Company, for the purpose of, among other things, representing the Company in its Chapter 11 bankruptcy case.

Dated: May 7, 2025

By: _____
Name: Bo Don
Chief Executive Officer, Secretary and Director

**EXHIBIT "12"**                    **Page 130**

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name | **FU BANG GROUP CORP, USA** |
| United States Bankruptcy Court for the: | **Central District of California** |
| Case number (if known): | |

☐ Check if this is an
amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Dos Lagos Center 4 LP<br><br>Attn Bo Don<br>4261 Odyssey Dr Unit 116<br>Corona, CA 92883 | .....   827-8788 | Loan | | | | $12,038,111.00 |
| 2 | Dos Lagos Center 2 LP<br><br>Attn Bo Don<br>4261 Odyssey Dr Unit 116<br>Corona, CA 92883 | (510) 827-8788 | Loan | | | | $11,990,000.00 |
| 3 | Dos Lagos Center 3 LP<br><br>Attn Bo Don<br>4261 Odyssey Dr Unit 116<br>Corona, CA 92883 | (510) 827-8788 | Loan | | | | $5,541,416.00 |
| 4 | Dos Lagos Center 1 LP<br><br>Attn Bo Don<br>4261 Odyssey Dr Unit 116<br>Corona, CA 92883 | (510) 827-8788 | Loan | | | | $5,511,250.00 |
| 5 | Dos Lagos Center 5 LP<br><br>Attn Bo Don<br>4261 Odyssey Dr Unit 116<br>Corona, CA 92883 | (510) 827-8788 | Loan | | | | $2,142,500.00 |
| 6 | Micah Property LLC<br><br>Attn Lucy Seh<br>136 N Grand Ave Unit 235<br>West Covina, CA 91791 | (626) 484-1177 | Loan | | | | $2,000,000.00 |
| 7 | Sierra Home Material Trade Inc<br><br>Attn Anthony Zhang<br>125 Vineland Ave<br>La Puente, CA 91746 | (310) 245-9980 | Loan | | | | $1,140,570.50 |
| 8 | Hua YiXu / Ge Shixuan<br>4260 Odyssey Dr Unit 116<br>Corona, CA 92883 | Not available | Loan | | | | $520,093.96 |

**EXHIBIT "12"**     **Page 131**

Debtor    **FU BANG GROUP CORP, USA**                                          Case number *(if known)* _____

       Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9   Chen Yu 2786 Evan Ln Unit 101 Corona, CA 92883 | (626) 321-8092 | Loan | | | | $500,000.00 |
| 10  First Federal Development & Co Attn WeiCai Li 4280 Odyssey Dr Unit 103 Corona, CA 92883 | (626) 321-5503 | Consulting Services | | | | $411,132.06 |
| 11  Zhang Lang 125 Vineland Ave La Puente, CA 91746 | (310) 245-9980 | Loan | | | | $394,693.31 |
| 12  RDD Freight International (LA) Inc Attn Zhang Lang 125 Vineland AVe La Puente, CA 91746 | (310) 245-9980 | Loan | | | | $363,184.68 |
| 13  Central Trading Attn Zhang Lang 125 Vineland Ave La Puente, CA 91746 | (310) 245-9980 | Loan | | | | $215,000.00 |
| 14  Dos Lagos Realty & Co (WFCMD) Attn Yu Chen 2786 Evan Ln Unit 101 Corona, CA 92883 | (626) 321-8092 | Management Services | | | | $82,846.80 |
| 15  Grand United Builder Inc Attn Danny Liwu He CEO 132 E Las Tunas Dr San Gabriel, CA 91776 | (213) 595-3333 | Loan | | | | $45,000.00 |
| 16  Twen Ma Architects 17200 Red Hill Ave Irvine, CA 92614 | (626) 203-8125 | Services | | | | $12,800.00 |
| 17  Bank of America PO Box 672050 Dallas, TX 75267 | (866) 266-0212 | Credit Card | | | | $5,471.23 |
| 18  Richard H Huang 102 Summitridge Dr Diamond Bar, CA 91765 | (626) 641-6668 | Loan | | | | $5,000.00 |
| 19  | | | | | | |
| 20  | | | | | | |

Official Form 204        **Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims**        **Page 132**        page 2

**EXHIBIT "12"**

Fill in this information to identify the case:

Debtor name          **FU BANG GROUP CORP, USA**

United States Bankruptcy Court for the:

    **Central District of California**

Case number (if known): _____

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐    *Schedule H: Codebtors* (Official Form 206H)

☐    *A Summary of Assets and Liabilities for Non-Individuals* (Official Form 206A-Summary)

☐    *Amended Schedule* _____

☑    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐    *Other document that requires a declaration* _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **05/07/2025**      X _____
        MM/ DD/ YYYY          Signature of individual signing on behalf of debtor

                        **Bo Don**
                        Printed name

                        **CEO**
                        Position or relationship to debtor

**EXHIBIT "12"**           **Page 133**

## STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LBR 1015-2
## UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1.  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

    **Not applicable**

2.  (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

    **Not applicable**

3.  (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

    **Richard Don, owner of 20% or more of the Debtor's stock, filed a voluntary petition under Chapter 13 on April 15, 2025, bearing Case No. 2:25-bk-13063-NB, in the United States Bankruptcy Court, Central District of California, assigned to the Honorable Neil Bason. Judge Bason has or will shortly enter an OSC for Dismissal which Debtor Richard Don will not oppose.**

4.  (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B that was filed with any such prior proceeding(s).)

    **Not applicable**

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at _Walnut_, California

Bo Don
CEO

Date: **05/07/2025**

_____
Signature of Debtor 2

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**EXHIBIT "12"**                    **Page 134**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Derrick Talerico**<br>**Bar Number: 223763**<br>**Weintraub, Zolkin Talerico & Selth LLP**<br>**11766 Wilshire Blvd Suite 730**<br>**Los Angeles, CA 90025**<br>**Phone: (424) 500-8552**<br>**Email: dtalerico@wztslaw.com**<br><br>☐ *Debtor(s) appearing without attorney*<br>☑ *Attorney for Debtor(s)* | |

<table>
<tr><td colspan="2" align="center"><strong>UNITED STATES BANKRUPTCY COURT</strong><br><strong>CENTRAL DISTRICT OF CALIFORNIA -</strong> RIVERSIDE DIVISION</td></tr>
<tr><td>In re:<br><br><strong>FU BANG GROUP CORP, USA</strong><br><br><br><br><br><br><br><br><br>Debtor(s).</td><td>CASE NO.:<br>CHAPTER: 11<br><br><br> <strong>VERIFICATION OF MASTER<br>MAILING LIST OF CREDITORS</strong><br><br><strong>[LBR 1007-1(a)]</strong> </td></tr>
</table>

Pursuant to LBR 1007-1(a), the Debtor, or the Debtor's attorney if applicable, certifies under penalty of perjury that the master mailing list of creditors filed in this bankruptcy case, consisting of ____4____ sheet(s) is complete, correct, and consistent with the Debtor's schedules and I/we assume all responsibility for errors and omissions.

Date: _____**05/07/2025**_____

_____
CEO

Date: _____

_____
Signature of Debtor 2 (joint debtor) (if applicable)

Date: _____

_____
Signature of Attorney for Debtor (if applicable)

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California

*December 2015*                                                **F 1007-1.MAILING.LIST.VERIFICATION**

<strong>EXHIBIT "12"</strong>                    <strong>Page 135</strong>

**Bank of America**
PO Box 672050
Dallas, TX 75267

**California Dept of Tax & Fee Admin**
Account Information Grp MIC:29
PO Box 942879
Sacramento, CA 94279-0029

**California Receivership Group BC**
Attn Mark S Adams
3435 Ocean Park Blvd Ste 107
Santa Monica, CA 90405

**Central Trading**
Attn Zhang Lang
125 Vineland Ave
La Puente, CA 91746

**Chen Yu**
2786 Evan Ln Unit 101
Corona, CA 92883

**Dos Lagos Center 1 LP**
Attn Bo Don
426 Odyssey Dr Unit 116
Corona, CA 92883

**Dos Lagos Center 2 LP**
Attn Bo Don
4260 Odyssey Dr Unit 116
Rowland Heights, CA 92883

**Dos Lagos Center 3 LP**
Attn Bo Don
4261 Odyssey Dr Unit 116
Corona, CA 92883

**EXHIBIT "12"**

**Page 136**

**Dos Lagos Center 4 LP**
Attn Bo Don
4261 Odyssey Dr Unit 116
Corona, CA 92883

**Dos Lagos Center 5 LP**
Attn Bo Don
4261 Odyssey Dr Unit 116
Corona, CA 92883

**Dos Lagos Realty & Co
(WFCMD)**
Attn Yu Chen
2786 Evan Ln Unit 101
Corona, CA 92883

**Employment Development
Dept**
Bankruptcy Group MIC 92E
PO Box 826880
Sacramento, CA 94280-0001

**First American Title Insurance
Company**
9255 Town Center Dr Ste 200
San Diego, CA 92121

**First Credit Bank**
Attn Kam Ghassemieh
9255 Sunset Blvd
West Hollywood, CA 90069

**First Federal Development &
Co**
Attn WeiCai Li
4280 Odyssey Dr Unit 103
Corona, CA 92883

**Franchise Tax Board**
Bankruptcy Section MS A-340
PO Box 2952
Sacramento, CA 95812-2952

**EXHIBIT "12"**                    **Page 137**

**Grand United Builder Inc**
Attn Danny Liwu He CEO
132 E Las Tunas Dr
San Gabriel, CA 91776

**Hua YiXu / Ge Shixuan**
4260 Odyssey Dr Unit 116
Corona, CA 92883

**Internal Revenue Service**
PO Box 7346
Philadelphia, PA 19101-7346

**Leech Tishman Nelson Hardiman**
Attn Ivan M Posey
1100 Glendon Ave Fl 14
Los Angeles, CA 90024-3518

**Micah Property LLC**
Attn Lucy Seh
136 N Grand Ave Unit 235
West Covina, CA 91791

**Mingxia Lu et al**
Attn Chris C Han
Han LLP
515 S Flower St 18th FL
Los Angeles, CA 90071-2914

**Na Jiang**
Attn Robert Harlan
Harlan Legal PC
2102 Business Center Dr # 13 0PMB 130
Irvine, CA 92612-1001

**RDD Freight International (LA) Inc**
Attn Zhang Lang
125 Vineland AVe
La Puente, CA 91746

**EXHIBIT "12"**                    **Page 138**

**Richard H Huang**
102 Summitridge Dr
Diamond Bar, CA 91765

**Riverside County Sheriffs
Office**
4095 Lemon St 4th FL
Riverside, CA 92501

**Riverside County
Treasurer-Tax Collector**
PO Box 12005
Riverside, CA 92502-2205

**Shulman Bastian Friedman &
Bui LLP**
Attn Rika M Kido
100 Spectrum Center Dr Ste 600
Irvine, CA 92618-4969

**Sierra Home Material Trade
Inc**
Attn Anthony Zhang
125 Vineland Ave
La Puente, CA 91746

**Sparknest LLC**
Attn Managing Member
8 The Green Ste A
Dover, DE 19901

**SZ Properties LLC**
Attn Anthony Zhang
125 Vineland Ave
La Puente, CA 91746

**Twen Ma Architects**
17200 Red Hill Ave
Irvine, CA 92614

**US Discount Center Corp**
Attn Anthony Zhang
125 Vineland Ave
La Puente, CA 91746


**Xiaoyan Tang**
Attn Richard Song
6230 Wilshire Blvd No 157
Los Angeles, CA 90048


**Zhang Lang**
125 Vineland Ave
La Puente, CA 91746

**EXHIBIT 13**

| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Derrick Talerico<br>WEINTRAUB ZOLKIN TALERICO & SELTH LLP<br>11766 Wilshire Blvd., Suite 730<br>Los Angeles, CA 90025<br>Telephone:  424-500-8552<br>Email:  dtalerico@wztslaw.com<br><br><br><br>☐ *Debtor appearing without an attorney*<br>☒ *Attorney for Debtor(s)* | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>FU BANG GROUP CORP, USA,<br><br><br><br><br><br>Debtor(s). | CASE NO.: 6:25-bk-13004-SY<br>CHAPTER: 11<br><br>**DEBTOR'S MOTION TO EXTEND TIME TO FILE CASE OPENING DOCUMENTS**<br>(with supporting declaration)<br>**[FRBP 1007(c), LBR 1007-1(b)]** |

1.  The Debtor requests an extension of time under FRBP 1007(c) and LBR 1007-1(b) to file the following:

☒ One or more schedules (A/B – J)        ☐ Chapter 13 Plan        ☒ Statement of Financial Affairs
☐ Statement of Current Monthly Income (B 122A, B 122B, B 122C)
☐ Debtor's Certification of Employment Income
☒ Other (*specify*):
    Corporate Ownership Statement (F1007-4); List of Equity Security Holders; Summary of Assets and Liabilities for Non-Individuals; Disclosure of Compensation of Attorney for Debtor

*Note*:  Do not use this form to request an extension of time to obtain the credit counseling required under 11 U.S.C. § 109(h)(1).  If the Debtor did not obtain credit counseling before filing the petition, any requests for an extension of time to satisfy the requirement must be made with a certification of exigent circumstances explaining the reason(s) for such a request.

2.  Date bankruptcy case filed:  May 7, 2025

3.  Date of § 341(a) meeting of creditors:  Not set

4.  Debtor requests extension to and including (extension deadline) (*date*): May 28, 2025

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**EXHIBIT "13"**

5.   Declaration regarding the reason(s) for extension (*explain*):

On May 7, 2025, the Debtor filed its Chapter 11 case. The Debtor's case is a single-asset real estate case, as the Debtor is the owner of developed land with 93 unit multi-family live/work space located at 2798 Troy Court, Corona, Riverside County, CA 92883.

This case was filed as an "emergency" filing on the heels of a chapter 13 case by one of the Debtor's principals on a pro se basis to forestall with the intent to forestall a foreclosure sale and reorganize the asset. The chapter 13 is now in the process of being dismissed and the Debtor intends to reorganize through this chapter 11 case.

Within the next 48 hours, a related debtor case - Dos Lagos Center 2, LLC ("DLC2") - is anticipated to be filed and pursue a joint reorganization effort with the Debtor. DLC2 owns a vacant piece of property adjacent to the Debtor's property which was intended to comprise a unified development project.

Debtor's counsel has been working with the principals of the Debtor and DLC2 and translators (as needed) to prepare the required disclosures and filings. Debtor requests an extension to the filing of the schedules and other documents set forth above through May 28, 2025.

Debtor acknowledges that denial of this motion or failure to file the required documents by the extended deadline may result in dismissal of the case and a determination that the Debtor is not eligible for any bankruptcy relief for 180 days.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | | |
|---|---|---|---|
| 05/19/2025 | | | |
| Date | Signature of Debtor | Date | Signature of Joint Debtor, if applicable |

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**EXHIBIT "13"**

*June 2016*                                                Page 2                                                **F 1007-1.MOTION.DEC.EXTEND**

**Page 143**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

  11766 Wilshire Blvd., Suite 730, Los Angeles, CA 90025

A true and correct copy of the foregoing document entitled: **DEBTOR'S APPLICATION TO EXTEND TIME TO FILE CASE OPENING DOCUMENTS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) May 19, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

  The case trustee and U.S. Trustee will be automatically served by the Court at their email address.

  **See NEF for confirmation of electronic transmission to the U.S. Trustee and any trustee in this case, and to any attorneys who receive service by NEF.**

[X]  Service information continued on attached page

**2.  <u>SERVED BY UNITED STATES MAIL</u>**:
On (*date*)  May 19, 2025 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

  See attached US Mail service list

[X]  Service information continued on attached page

**3.  <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  May 19, 2025 I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

 The Honorable Scott Yun        (via Messenger)
 United States Bankruptcy Court
 3420 Twelfth St., Suite 345
 Riverside, CA 92501-3819

[ ]  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 19, 2025 | Martha E. Araki | /s/ Martha E. Araki |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.



**EXHIBIT "13"**

In re FU BANG GROUP CORP, USA                                  Case No. 6:25-bk-13004-SY

**1**. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

- <u>Attorneys for Debtor Fu Bang Group Corp, USA</u>: **Derrick Talerico**: dtalerico@wztslaw.com;
  maraki@wztslaw.com; sfritz@wztslaw.com; admin@wztslaw.com
- <u>Courtesy NEF/Interested Party</u>: **Dennette A Mulvaney**: dmulvaney@leechtishman.com;
  lmoya@leechtishman.com; narango@leechtishman.com; dbender@leechtishman.com
- <u>US Trustee's Office (RS)</u>: ustpregion16.la.ecf@usdoj.gov; **Abram Feuerstein, Everett L Green,
  Cameron C Ridley**: abram.s.feuerstein@usdoj.gov; everett.l.green@usdoj.gov;
  wcvbees@gmail.com

**EXHIBIT "13"**

**Page 145**

Label Matrix for local noticing
0973-6
Case 6:25-bk-13004-SY
Central District of California
Riverside
Mon May 19 17:24:36 PDT 2025

Fu Bang Group Corp, USA
4261 Odyssey Dr Unit 117
Corona, CA 92883-5629
 *Debtor*

Riverside Division
3420 Twelfth Street,
Riverside, CA 92501-3819
 *Court*

Bank of America
PO Box 672050
Dallas, TX 75267-2050
 20 Largest

California Dept of Tax & Fee Admin
Account Information Grp MIC:29
PO Box 942879
Sacramento, CA 94279-0029
 *Priority Tax*

California Receivership Group BC
Attn Mark S Adams
3435 Ocean Park Blvd Ste 107
Santa Monica, CA 90405-3320
 *Special Notice*

Central Trading
Attn Zhang Lang
125 Vineland Ave
La Puente, CA 91746-2318
*20 Largest*

Chen Yu
2786 Evan Ln Unit 101
Corona, CA 92883-5605
 *20 Largest*

Dos Lagos Center 1 LP
Attn Bo Don
426 Odyssey Dr Unit 116
Corona, CA 92883
 *20 Largest*

Dos Lagos Center 2 LP
Attn Bo Don
4260 Odyssey Dr Unit 116
Rowland Heights, CA 92883
 *20 Largest*

Dos Lagos Center 3 LP
Attn Bo Don
4261 Odyssey Dr Unit 116
Corona, CA 92883-5629
 *20 Largest*

Dos Lagos Center 4 LP
Attn Bo Don
4261 Odyssey Dr Unit 116
Corona, CA 92883-5629
 *20 Largest*

Dos Lagos Center 5 LP
Attn Bo Don
4261 Odyssey Dr Unit 116
Corona, CA 92883-5629
 *20 Largest*

Dos Lagos Realty & Co (WFCMD)
Attn Yu Chen
2786 Evan Ln Unit 101
Corona, CA 92883-5605
 *20 Largest*

Employment Development Dept
Bankruptcy Group MIC 92E
PO Box 826880
Sacramento, CA 94280-0001
 *Priority Tax*

First American Title Insurance Company
9255 Town Center Dr Ste 200
San Diego, CA 92121-3035
 *Special Notice*

First Credit Bank
Attn Kam Ghassemieh
9255 Sunset Blvd
West Hollywood, CA 90069-3392
 Secured Creditor

First Federal Development & Co
Attn WeiCai Li
4280 Odyssey Dr Unit 103
Corona, CA 92883-5604
 *20 Largest*

Franchise Tax Board
Bankruptcy Section MS A-340
PO Box 2952
Sacramento, CA 95812-2952
*Priority Tax*

Grand United Builder Inc
Attn Danny Liwu He CEO
132 E Las Tunas Dr
San Gabriel, CA 91776-1402
 *20 Largest*

Hua YiXu / Ge Shixuan
4260 Odyssey Dr Unit 116
Corona, CA 92883
 *20 Largest*

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

*Priority Tax*

Leech Tishman Nelson Hardiman
Attn Ivan M Posey
1100 Glendon Ave Fl 14
Los Angeles, CA 90024-3518
 *Special Notice*

Micah Property LLC
Attn Lucy Seh
136 N Grand Ave Unit 235
West Covina, CA 91791-1728
 *20 Largest*

Mingxia Lu et al
Attn Chris C Han
Han LLP
515 S Flower St 18th FL
Los Angeles, CA 90071-2201
 *Secured Creditor*

Na Jiang
Attn Robert Harlan
Harlan Legal PC
2102 Business Center Dr # 13 0PMB 1
Irvine, CA 92612-1001
 *20 Largest*

RDD Freight International (LA) Inc
Attn Zhang Lang
125 Vineland AVe
La Puente, CA 91746-2318
 *20 Largest*

Richard H Huang
102 Summitridge Dr
Diamond Bar, CA 91765
*20 Largest*

Riverside County Sheriffs Office
4095 Lemon St 4th FL
Riverside, CA 92501-3688
 *Special Notice*

Riverside County Treasurer-Tax Collector
PO Box 12005
Riverside, CA 92502-2205
 *Secured Creditor*

**EXHIBIT "13"**

**Page 146**

SZ Properties LLC
Attn Anthony Zhang
125 Vineland Ave
La Puente, CA 91746-2318
*Special Notice*

Shulman Bastian Friedman & Bui LLP
Attn Rika M Kido
100 Spectrum Center Dr Ste 600
Irvine, CA 92618-4969
*Special Notice*

Sierra Home Material Trade Inc
Attn Anthony Zhang
125 Vineland Ave
La Puente, CA 91746-2318
*20 Largest*

Sparknest LLC
Attn Managing Member
8 The Green Ste A
Dover, DE 19901-3618
*Secured Creditor*

Twen Ma Architects
17200 Red Hill Ave
Irvine, CA 92614-5628
*20 Largest*

US Discount Center Corp
Attn Anthony Zhang
125 Vineland Ave
La Puente, CA 91746-2318
*Secured Creditor*

~~United States Trustee (RS)~~
~~3801 University Avenue, Suite 720~~
~~Riverside, CA 92501-3255~~
*Servec via NEF system*

Xiaoyan Tang
Attn Richard Song
6230 Wilshire Blvd No 157
Los Angeles, CA 90048-5126
*Secured Creditor*

Zhang Lang
125 Vineland Ave
La Puente, CA 91746-2318
*20 Largest*

~~Derrick Talerico~~
~~Weintraub Zolkin Talerico & Selth LLP~~
~~11766 Wilshire Blvd~~
~~Suite 730~~
~~Los Angeles, CA 90025-6577~~
*Filing Attorney*

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Courtesy NEF

End of Label Matrix
Mailable recipients    39
Bypassed recipients     1
Total                  40

**EXHIBIT "13"**

**Page 147**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is **100 Spectrum Center Drive, Suite 600, Irvine, CA 92618**.

A true and correct copy of the foregoing document entitled (*specify*):  **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS CHAPTER 11 CASE PURSUANT TO 11 U.S.C. § 1112(b)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  **May 22, 2025 ,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Interested Party**: Abram Feuerstein    abram.s.feuerstein@usdoj.gov
- **Interested Party**: Everett L Green    everett.l.green@usdoj.gov
- **Interested Party**: Dennette A Mulvaney    dmulvaney@leechtishman.com, lmoya@leechtishman.com; NArango@LeechTishman.com; dbender@leechtishman.com
- **Interested Party**: Cameron C Ridley    wcvbees@gmail.com
- **Attorney for Debtor**: Derrick Talerico    dtalerico@wztslaw.com, maraki@wztslaw.com, sfritz@wztslaw.com, admin@wztslaw.com
- **Interested Party**:  United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  **May 22, 2025 ,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 22, 2025 | Erlanna Lohayza | */s/ Erlanna Lohayza* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**

## U.S. MAIL SERVICE LIST

**DEBTOR**
FU BANG GROUP CORP, USA
4261 ODYSSEY DR UNIT 117
CORONA, CA 92883-5629

**NEF - ATTORNEY FOR DEBTOR**
DERRICK TALERICO
WEINTRAUB ZOLKIN TALERICO
& SELTH LLP
11766 WILSHIRE BLVD
SUITE 730
LOS ANGELES, CA 90025-6577

**NEF - INTERESTED PARTY**
UNITED STATES TRUSTEE (RS)
3801 UNIVERSITY AVENUE,
SUITE 720
RIVERSIDE, CA 92501-3255

**CREDITOR LISTING**
EMPLOYMENT DEVELOPMENT
DEPT.
BANKRUPTCY GROUP MIC 92E
P.O. BOX 826880
SACRAMENTO, CA 94280-0001

**CREDITOR LISTING**
FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS: A-
340
P.O. BOX 2952
SACRAMENTO, CA 95812-2952

**CREDITOR LISTING**
INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA, PA 19101-7346

**CREDITOR LISTING**
SECURITIES & EXCHANGE
COMMISSION
444 SOUTH FLOWER ST., SUITE
900
LOS ANGELES, CA 90071-2934

**CREDITOR LISTING**
BANK OF AMERICA
PO BOX 672050
DALLAS, TX 75267-2050

**CREDITOR LISTING**
CALIFORNIA DEPT OF TAX &
FEE ADMIN
ACCOUNT INFORMATION GRP
MIC:29
PO BOX 942879
SACRAMENTO, CA 94279-0029

**CREDITOR LISTING**
CALIFORNIA RECEIVERSHIP
GROUP BC
ATTN MARK S ADAMS
3435 OCEAN PARK BLVD STE
107
SANTA MONICA, CA 90405-3320

**CREDITOR LISTING**
CENTRAL TRADING
ATTN ZHANG LANG
125 VINELAND AVE
LA PUENTE, CA 91746-2318

**CREDITOR LISTING**
CHEN YU
2786 EVAN LN UNIT 101
CORONA, CA 92883-5605

**CREDITOR LISTING**
DOS LAGOS CENTER 1 LP
ATTN BO DON
426 ODYSSEY DR UNIT 116
CORONA, CA 92883

**CREDITOR LISTING**
DOS LAGOS CENTER 2 LP
ATTN BO DON
4260 ODYSSEY DR UNIT 116
ROWLAND HEIGHTS, CA 92883

**CREDITOR LISTING**
DOS LAGOS CENTER 3 LP
ATTN BO DON
4261 ODYSSEY DR UNIT 116
CORONA, CA 92883-5629

**CREDITOR LISTING**
DOS LAGOS CENTER 4 LP
ATTN BO DON
4261 ODYSSEY DR UNIT 116
CORONA, CA 92883-5629

**CREDITOR LISTING**
DOS LAGOS CENTER 5 LP
ATTN BO DON
4261 ODYSSEY DR UNIT 116
CORONA, CA 92883-5629

**CREDITOR LISTING**
DOS LAGOS REALTY & CO
(WFCMD)
ATTN YU CHEN
2786 EVAN LN UNIT 101
CORONA, CA 92883-5605

**CREDITOR LISTING**
FIRST AMERICAN TITLE
INSURANCE COMPANY
9255 TOWN CENTER DR STE
200
SAN DIEGO, CA 92121-3035

**CREDITOR LISTING**
FIRST CREDIT BANK
ATTN KAM GHASSEMIEH
9255 SUNSET BLVD
WEST HOLLYWOOD, CA 90069-
3392

**CREDITOR LISTING**
FIRST FEDERAL DEVELOPMENT
& CO
ATTN WEICAI LI
4280 ODYSSEY DR UNIT 103
CORONA, CA 92883-5604

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

**CREDITOR LISTING**
GRAND UNITED BUILDER INC
ATTN DANNY LIWU HE CEO
132 E LAS TUNAS DR
SAN GABRIEL, CA 91776-1402

**CREDITOR LISTING**
HUA YIXU / GE SHIXUAN
4260 ODYSSEY DR UNIT 116
CORONA, CA 92883

**CREDITOR LISTING**
LEECH TISHMAN NELSON
HARDIMAN
ATTN IVAN M POSEY
1100 GLENDON AVE FL 14
LOS ANGELES, CA 90024-3518

**CREDITOR LISTING**
MICAH PROPERTY LLC
ATTN LUCY SEH
136 N GRAND AVE UNIT 235
WEST COVINA, CA 91791-1728

**CREDITOR LISTING**
MINGXIA LU ET AL
ATTN CHRIS C HAN
HAN LLP
515 S FLOWER ST 18TH FL
LOS ANGELES, CA 90071-2201

**CREDITOR LISTING**
NA JIANG
ATTN ROBERT HARLAN
HARLAN LEGAL PC
2102 BUSINESS CENTER DR #
13 0PMB 1
IRVINE, CA 92612-1001

**CREDITOR LISTING**
RDD FREIGHT INTERNATIONAL
(LA) INC
ATTN ZHANG LANG
125 VINELAND AVE
LA PUENTE, CA 91746-2318

**CREDITOR LISTING**
RICHARD H HUANG
102 SUMMITRIDGE DR
DIAMOND BAR, CA 91765

**CREDITOR LISTING**
RIVERSIDE COUNTY SHERIFFS
OFFICE
4095 LEMON ST 4TH FL
RIVERSIDE, CA 92501-3688

**CREDITOR LISTING**
RIVERSIDE COUNTY
TREASURER-TAX COLLECTOR
PO BOX 12005
RIVERSIDE, CA 92502-2205

**CREDITOR LISTING**
SZ PROPERTIES LLC
ATTN ANTHONY ZHANG
125 VINELAND AVE
LA PUENTE, CA 91746-2318

**CREDITOR LISTING**
SHULMAN BASTIAN FRIEDMAN
& BUI LLP
ATTN RIKA M KIDO
100 SPECTRUM CENTER DR
STE 600
IRVINE, CA 92618-4969

**CREDITOR LISTING**
SIERRA HOME MATERIAL
TRADE INC
ATTN ANTHONY ZHANG
125 VINELAND AVE
LA PUENTE, CA 91746-2318

**CREDITOR LISTING**
SPARKNEST LLC
ATTN MANAGING MEMBER
8 THE GREEN STE A
DOVER, DE 19901-3618

**CREDITOR LISTING**
TWEN MA ARCHITECTS
17200 RED HILL AVE
IRVINE, CA 92614-5628

**CREDITOR LISTING**
US DISCOUNT CENTER CORP
ATTN ANTHONY ZHANG
125 VINELAND AVE
LA PUENTE, CA 91746-2318

**CREDITOR LISTING**
XIAOYAN TANG
ATTN RICHARD SONG
6230 WILSHIRE BLVD NO 157
LOS ANGELES, CA 90048-5126

**CREDITOR LISTING**
ZHANG LANG
125 VINELAND AVE
LA PUENTE, CA 91746-2318

COURTESY NEF
**UNDELIVERABLE**

**RETURNED MAIL**

DENNETTE A. MULVANEY
**UNDELIVERABLE**

INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA, PA 19101-7346
**DUPLICATE**

EMPLOYMENT DEVELOPMENT
DEPT
BANKRUPTCY GROUP MIC 92E
PO BOX 826880
SACRAMENTO, CA 94280-0001
**DUPLICATE**

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A-340
PO BOX 2952
SACRAMENTO, CA 95812-2952
**DUPLICATE**

RIVERSIDE DIVISION
3420 TWELFTH STREET,
RIVERSIDE, CA 92501-3819
**N/A**

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**