Leonard M. Shulman - Bar No. 126349
Rika M. Kido - Bar No. 273780
**SHULMAN BASTIAN FRIEDMAN BUI & O'DEA LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:    (949) 340-3400
Facsimile:    (949) 340-3000
Email:        LShulman@shulmanbastian.com
              RKido@shulmanbastian.com

Attorneys for Sparknest, LLC, a Delaware
Limited Liability Company

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re | Case No. 6:25-bk-13004-SY |
| **FU BANG GROUP, CORP, USA,** | Chapter 11 |
| Debtor. | **SPARKNEST, LLC'S OMNIBUS REPLY TO DEBTOR'S OPPOSITION TO (1) MOTION TO DISMISS CHAPTER 11 CASE PURSUANT TO 11 U.S.C. § 1112(b); AND (2) MOTION FOR RELIEF FROM THE AUTOMATIC STAY; AND DECLARATION OF YIN YAN IN SUPPORT THEREOF** |
| | **Hearing Date:**<br>Date:      June 12, 2025<br>Time:      1:30 p.m.<br>Place:     Courtroom 302<br>               3420 Twelfth Street<br>               Riverside, CA 92501 |

**TO THE HONORABLE SCOTT H. YUN, UNITED STATES BANKRUPTCY JUDGE, TO THE DEBTOR AND HIS COUNSEL, AND TO ALL OTHER INTERESTED PARTIES:**

Secured creditor Sparknest, LLC, a Delaware Limited Liability Company ("Sparknest") hereby submits its Omnibus Reply ("Omnibus Reply") in response to the (A) Debtor's Opposition to Motion to Dismiss Filed by Sparknest, LLC filed on May 29, 2025 [Docket No. 28] ("Opposition") and (B) Debtor's Omnibus Opposition to (1) Motion for Relief from the Automatic

Filed by Sparknest, LLC filed on May 29, 2025 [Docket No. 27] ("Omnibus Opposition").  In support of the Motions[1], Sparknest respectfully represents as follows:

**I.      REPLY**

**A.      There is Cause to Dismiss Debtor's Case Pursuant to 11 U.S.C. § 1112(b)(4)(A) Because There is a Continuing Loss to the Estate and There is No Likelihood of Rehabilitation.**

Contrary to Debtor's assertion in the Opposition, there is a continuing loss based upon the rising expenses and costs associated with the two mortgages and Debtor's failure to pay extensive real property taxes.  "To determine the existence of a continuing loss to, or diminution of, the estate, the bankruptcy court must look beyond financial statements and fully evaluate the present condition of a debtor's estate."  *Hassen Imps. P'Ship v. City of W. Covine (In re Hassen Imps. P'ship)*, 2013 Bankr. LEXIS 3870 at *38 (9th Cir. B.A.P. Aug. 19, 2013).  As described in detail in the Dismissal Motion, there is insufficient rental income to pay the secured claims resulting in a continuing loss to the Estate.

Pursuant to Debtor's Schedule E/F [Docket No. 25], Debtor owes approximately $33,653,750.00 to Dos Lagos Center 1, LP, Dos Lagos Center 2, LP, Dos Lagos Center 3, LP, Dos Lagos Center 4, LP, and Dos Lagos Center 5, LP, which Sparknest believes are various EB-5 investors.  Debtor admits in the Opposition that it "began renting units to third parties and providing long-term leases for nominal monthly payments to certain of the EB5 investors in exchange for satisfaction of debt and an intent to transfer ownership when it was able to sell condominiums."  Opposition 2:22-24.  Presently, Debtor is renting 8 of the 51 units (or 15% of the units) long-term to various EB-5 investors at "nominal" monthly payments.  Debtor's decision to provide a sweetheart deal to certain EB-5 investors results in a continuing loss to the Estate in rental income it could be receiving at the market rate.

---

[1] Sparknest filed its Motion to Dismiss Chapter 11 Case Pursuant to 11 U.S.C. § 1112(b) on May 22, 2025 [Docket No. 18] ("Dismissal Motion") and its Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 ("MRFS", collectively with Dismissal Motion, the "Motions").  The MRFS was filed concurrently with the Dismissal Motion on the court's mandatory form.  As provided for in the Dismissal Motion, in the event the Court denies the Dismissal Motion, in the alternative, Sparknest requests relief from the automatic stay as provided for in the MRFS.

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

With respect to the second element of 11 U.S.C. § 1112(b)(4)(A), "'[t]he issue of rehabilitation for purposes of § 1112(b)(4)(A) is not the technical one of whether the debtor can confirm a plan, but, rather, whether the debtor's business prospects justify continuance of the reorganization effort." *Hassen Imps. P'Ship v. City of W. Covine (In re Hassen Imps. P'ship)*, 2013 Bankr. LEXIS 3870 at *43 (9th Cir. B.A.P. Aug. 19, 2013).  In the Opposition, Debtor provides no information as its rehabilitation.  Rather, it asserts that a dismissal of this case would be premature and cites to *In re Shockley Forest Industries, Inc.*, 5 B.R. 160, 162 (Bankr. N.D. Ga. 1980).  However, in *Shockley Forest*, the court determined there was no basis to conclude the debtor could not be rehabilitated because the debtor had applied for a loan guarantee from the Farmer's Home Administration and several lenders had agreed to loan money to debtor if said guarantee was obtained by the debtor.  *Id.*  In the Opposition, Debtor does not provide even a concept of a rehabilitation plan.

"Chapter 11 is designed for the purpose of preventing the unnecessary dissolution of an ***otherwise viable corporation***."  *Shockley Forest*, 5 B.R. at 162 (emphasis added).  As discussed in detail in the Dismissal Motion, the rents from the Property are insufficient to pay ongoing carrying costs for the Property, property taxes, and the required payments for First Credit[2] and Sparknest.  As evident by the "loans" listed on its Schedule E/F, in addition to the $14 million it received from First Credit and Sparknest, Debtor has also received huge cash influxes totaling more than $47.7 million (primarily from EB-5 investors and an insider).  Debtor's sole asset is the Property.  Where did all the money go if not to develop the Property or make payments to secured creditors?  The Opposition fails to address the fundamental issue: there is no clear path for new money to enter this case.  Debtor has already borrowed over $60 million on a single-asset real estate project, and it provides no information in the Opposition that additional financing is available or likely.  The financial realties remain unchanged regardless of how much more time Debtor is given.

Based on the foregoing, cause exists to dismiss this case under 11 U.S.C. § 1112(b)(4)(A).

///

---

[2] All capitalized terms not otherwise defined in this Reply shall have the meaning ascribed to same in the Motions.

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

**B.**   **If the Court Determines There is Insufficient Cause for Dismissal, There is Cause to Grant Sparknest Relief from Stay Pursuant to 11 U.S.C. § 362(d)(1).**

If the Court determines there is insufficient cause for dismissal and denies the Dismissal Motion, in the alternative, Sparknest respectfully requests the Court grant relief from the automatic stay as requested in the MRFS.  Pursuant to Section 362(d)(1) of the Bankruptcy Code, a party in interest "shall" be granted relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest.  11 U.S.C. § 362(d)(1).  Sparknest's interest in the Property is not adequately protected and Sparknest's interest in the Property is not protected by an adequate equity cushion.  There is no equity in the Property.  Pursuant to the Broker's Opinion of Value (BOV) for the Property dated May 19, 2025 and attached to the MRFS as Exhibit 2, Sparknest is informed that the fair market value of the Property is between $12.5 million and $13.5 million.  Even at $13.5 million, after deducting the amounts owed on real property taxes and the amount owed to First Credit, there is insufficient equity in the Property to pay Sparknest in full.

In the Omnibus Opposition, Debtor asserts that the Property is worth $24 million as provided in the Declaration of Christopher Maling filed in support of the Omnibus Opposition [Docket No. 32] ("Maling Declaration").  In the Maling Declaration, in support of his $24 million valuation, Mr. Maling provides little or no support.  He spends more time in the Maling Declaration offering his thoughts on the other "Value Opinions."  In reviewing the BVO, he states that he "struggle[s] to understand its conclusions." Maling Declaration 3:8-9.  Sparknest also struggles to understand Mr. Maling's conclusions.  Based on the most recent data from the Property's management, there are 16 units that have not produced any rental income, and many of these units were reportedly allocated to EB-5 investors, raising serious questions regarding their lease status and legal ownership.  (*See* Declaration of Yin Yan filed in support of the Omnibus Reply)  Additionally, the condition of the Property is poor and it will require substantial maintenance and capital improvements. *Id.*  Sparknest asserts the Property is worth between $12.5 million and $13.5 million, and thus Sparknest's interest in the Property is not adequately protected and Sparknest's interest in the Property is not protected by an adequate equity cushion.

SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4

Based on the foregoing, pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Sparknest relief from stay as requested in the MRFS.

**C.    If the Court Determines There is Insufficient Cause for Dismissal, There is Cause to Grant Sparknest Relief from Stay Pursuant to 11 U.S.C. § 362(d)(2).**

Pursuant to Section 362(d)(2) of the Bankruptcy Code, a party in interest "shall" be granted relief from the automatic stay if: "(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(2). As discussed above, there is no equity in the Property. Even at $13.5 million, after deducting the amounts owed on real property taxes and amount owed to First Credit, there is insufficient equity in the Property to pay Sparknest in full.

Debtor has not met its burden of showing that the reorganization is conceivable or more importantly, the Property is essential for a reorganization that "is in prospect." An "effective reorganization" under Section 362(d)(2)(B) requires "not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization that *is in prospect*." *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs.*, 484 U.S. 365, 375-376 (1987)(emphasis added). The Omnibus Opposition fails to provide any information supporting that a reorganization "is in prospect."

Based on the foregoing, pursuant to 11 U.S.C. § 362(d)(2), cause exists to grant Sparknest relief from stay as requested in the MRFS.

If relief from the automatic stay is not granted, alternatively, Sparknest respectfully requests the Court order Debtor to pay adequate protection.

**D.    Alternatively, if the Court is Not Inclined to Grant Relief from Stay or Order Payment of Adequate Protection, Sparknest Supports Allowing the Receiver to Remain in Possession of the Property as Requested in the First Credit Motion.**

The appointment of the Receiver prior to the bankruptcy filing was necessary to protect and preserve the assets of the Estate. Given the excessive amount of funds borrowed by Debtor and largely unaccounted for, allowing the Receiver to remain in possession of the Property will give Sparknest

## II.    CONCLUSION

Based on the foregoing, Sparknest respectfully requests the Court grant the Dismissal Motion or alternatively, the Court grants the relief requested in the MRFS, or allows the Receiver to remain in possession of the Property.

Respectfully submitted,

**SHULMAN BASTIAN
FRIEDMAN BUI & O'DEA LLP**

DATED:  June 5, 2025

By:        /s/ Rika M. Kido
Leonard M. Shulman
Rika M. Kido
Attorneys for Sparknest, LLC, a Delaware Limited Liability Company

# DECLARATION

## **DECLARATION OF YIN YAN**

I, Yin Yan, declare:

1.      The matters stated herein are true and correct and within my personal knowledge.  If called as a witness, I could and would competently testify thereto.  I am a real estate broker, duly licensed in both the State of California and the State of Nevada.  I have held my Nevada real estate license for over 18 years and my California real estate license for nearly 13 years. In total, I have over 22 years of experience in commercial real estate, including extensive experience in the sale and valuation of income-producing properties. I am the principal broker of W&Y Property, located in California; email: homeyin579@gmail.com; company address: 31921 Apuesto Way, Coto de Caza, CA 92679

2.      I make this declaration in support of the Omnibus Reply ("Omnibus Reply") in response to the (A) Debtor's Opposition to Motion to Dismiss Filed by Sparknest, LLC filed on May 29, 2025 [Docket No. 28] ("Opposition") and (B) Debtor's Omnibus Opposition to (1) Motion for Relief from the Automatic Stay and for Relief from Turnover Filed by First Credit Bank, and (2) Motion for Relief from Stay Filed by Sparknest, LLC filed on May 29, 2025 [Docket No. 27] ("Omnibus Opposition") filed by Sparknest, LLC, a Limited Liability Company in the bankruptcy case of *In re Fu Bang Group Corp, USA,* Case No. 6:25-bk-13004-SY.  Unless otherwise noted, capitalized terms in this Declaration have the meaning set forth in the Omnibus Reply.

3.      I am familiar with the real property located at 2798 Troy Court, Corona, California 92883; APN 279-460-064 ("Property").  On May 19, 2025, after reviewing the latest comparable sales, a recent monthly rent roll (indicating 15 vacant units), and current market data, I prepared a Broker's Opinion of Value (BOV) for the Property, which was attached as Exhibit 1 to the Dismissal Motion. It is my opinion that the condition of the Property is poor and it will require substantial maintenance and capital improvements. Based on my analysis, I estimate that the most probable sale price range for the Property is between $12,500,000.00 and $13,500,000.00.

4.      I have reviewed the Declaration of Christopher Maling ("Maling Declaration") filed in support of the Omnibus Opposition and find his conclusions unsubstantiated. He provides little to no supporting data for his opinion that the Property is currently worth $24 million. Furthermore,

he believes Ms. Fu's valuation of the Property (which includes the adjacent hotel land which is not owned by Debtor[1]) is justifiable even though she inaccurately states that the Property is "97% leased." Based on the most recent data from the Property's management, there are 16 units that have not produced any rental income, and many of these units were reportedly allocated to EB-5 investors, raising serious questions regarding their lease status and legal ownership. This introduces legal risk and invalidates the occupancy assumptions on which Mr. Maling's valuation appears to rely. Accordingly, his $24 million estimate is not credible and significantly overstates the Property's value.

5.    For over six (6) months, since November 2024, the Property has been listed on LoopNet with an asking price of $25 million (which includes the adjacent hotel land not owned by Debtor). Since there were no willing buyers at this price, this also suggests that Mr. Maling's valuation is inflated. Attached as **Exhibit 1** are true and correct copies of the screenshots of the LoopNet listing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 5, 2025 at Coto de Caza, California.

_____
Yin Yan

---

[1] My BOV does not include the adjacent hotel land, which is not owned by Debtor. I estimate that the adjacent hotel land is worth approximately $2.8 million to $3.1 million.

# EXHIBIT 1

 

**Multifamily and Retail Portfolio Opp.**
2 Land Properties Offered at $40,000,000 in Multiple Locations

Land / California / Corona / Multifamily and Retail Portfolio Opp.

# Urgent !
# Finance stressed
# property
# OFF-MARKET
## Financing Needed!
## or Wholesale Offers!

Call                              Message

EXHIBIT 1

 

## Multifamily and Retail Portfolio Opp.

2 Land Properties Offered at $40,000,000 in Multiple Locations

EXHIBIT 1

  

**LoopNet**™

## Multifamily and Retail Portfolio Opp.

2 Land Properties Offered at $40,000,000 in Multiple Locations

  

## INVESTMENT HIGHLIGHTS

Two multifamily and one retail portfolio offered at an impressive 7-9% cap rate.

Developers and investors opportunity to generate a net income of $1.25.6 million per year.

The multifamily complexes are located in Corona, while the retail asset is in Riverside, CA.

Message

## EXECUTIVE SUMMARY

EXHIBIT 1

  LoopNet™

## Multifamily and Retail Portfolio Opp.

2 Land Properties Offered at $40,000,000 in Multiple Locations

penalty. This loan will pay off the first and second loans, as the first lien holder allows for a partial release. Second Proposal: A $25M deal to purchase the entire project except for 10 condos You would receive 40 condos, 43 units of ready-to-build land, and 2.21 acres of vacant land. market value 45M. Cap 200% return in half a year. contact Lynn:9493511343
Project Two: 600 single-family houses development land, RH zoning, 367

Project Five: Four buildings are for sale. The unit price is $246-260 per square foot, which is lower than the construction cost.
The annual net income is $2.99 million, and the return rate is 7.5%. The seller is open to assuming low-interest loans and has an asking price of $41 million.
Project SIX: The annual net income is $1.26 million, and the return rate is 7.2.%.

## ATTACHMENTS

(OM) 2624 ↓

(OM) 6638-6646 MacArthur Blvd Oakland, Ca 94605 pdf ↓

2555-2567pdf ↓

(OM) 1757 26th Ave Oakland, Ca 94601 REV 7 ↓

## PROPERTY FACTS

| | | | |
|---|---|---|---|
| Price | $40,000,000 | Number of Properties | 2 |
| Cap Rate | 25% | Individually For Sale | 0 |
| Sale Type | Investment | Total Land Area | 367.00 AC |
| Status | Active | | |

Message

EXHIBIT 1



Advertise

## Multifamily and Retail Portfolio Opp.

2 Land Properties Offered at $40,000,000 in Multiple Locations

| | | | |
|---|---|---|---|
| unknow, Corona, CA 92883 | Land | 7.70 AC | - |
| Train Road, Brea, CA 92823 | Land | 367.00 AC | - |

## LINKS

Learn more about Corona on Homes.com

Learn more about Riverside on Homes.com

## MAP

Message

EXHIBIT 1

 

☰  ⊙                                    ⊙  [Advertise]

## Multifamily and Retail Portfolio Opp.

2 Land Properties Offered at $40,000,000 in Multiple Locations

**LAND PROPERTIES IN NEARBY NEIGHBORHOODS**

Trilogy Land

Dos Lagos Land

El Cerrito Land

Downtown Corona Land

Central OC East of I-5 Land



Connect with us

© 2025 CoStar Group

The LoopNet service and information provided therein, while
believed to be accurate, are provided "as is". LoopNet disclaims any
and all representations, warranties, or guarantees of any kind.

About Us

Contact Us

Search

Find a Broker

Product Overview

Mobile

Terms of Use

Privacy Policy

Licensing

Message

EXHIBIT 1

penalty. This loan will pay off the first and second loans, as the first lien holder allows for a partial release. Second Proposal: A $25M deal to purchase the entire project except for 10 condos You would receive 40 condos, 43 units of ready-to-build land, and 2.21 acres of vacant land. market value 45M. Cap 200% return in half a year. contact Lynn:9493511343

EXHIBIT 1

## EXECUTIVE SUMMARY

Project one: off-market short sale: Cap 200%.
contact Lynn:9493511343

EXHIBIT 1

Keyboard shortcuts    Map data ©2025 Google    Terms    Report a map error

Listing ID: 34331300          Date on Market: 12/31/2024          Last Updated: 5/31/2025          Address: Multifamily and Retail Portfolio Opp., Corona, CA

EXHIBIT 1



EXHIBIT 1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618.

A true and correct copy of the foregoing document entitled (*specify*): **SPARKNEST, LLC'S OMNIBUS REPLY TO DEBTOR'S OPPOSITION TO (1) MOTION TO DISMISS CHAPTER 11 CASE PURSUANT TO 11 U.S.C. § 1112(b); AND (2) MOTION FOR RELIEF FROM THE AUTOMATIC STAY; AND DECLARATION OF YIN YAN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **June 5, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**INTERESTED PARTY:** Abram Feuerstein   abram.s.feuerstein@usdoj.gov
**INTERESTED PARTY:** Everett L Green   everett.l.green@usdoj.gov
**COUNSEL FOR SPARKNEST:** Rika Kido   rkido@shulmanbastian.com, avernon@shulmanbastian.com
**COUNSEL FOR INTERESTED PARTY:** Ali Matin   ali.matin@usdoj.gov
**COUNSEL FOR FIRST CREDIT BANK:** Dennette A Mulvaney   dmulvaney@leechtishman.com, lmoya@leechtishman.com;NArango@LeechTishman.com;dbender@leechtishman.com
**COUNSEL FOR THE DEBTOR:** Derrick Talerico   dtalerico@wztslaw.com, maraki@wztslaw.com,sfritz@wztslaw.com,admin@wztslaw.com
**INTERESTED PARTY:** United States Trustee (RS)   ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **June 5, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Judge's Copy**
Honorable Scott H. Yun
United States Bankruptcy Court
3420 Twelfth Street
Bin Outside of Courtroom 302
Riverside, CA 92501-3819

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 5, 2025 | Anne Marie Vernon | */s/ Anne Marie Vernon* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**