Derrick Talerico (State Bar No. 223763)
dtalerico@wztslaw.com
Paige T. Rolfe (State Bar No. 331096)
prolfe@wztslaw.com
WEINTRAUB ZOLKIN TALERICO & SELTH LLP
11766 Wilshire Boulevard, Suite 730
Los Angeles, CA 90025
Telephone:  (424) 500-8552

Attorneys for Fu Bang Group Corp, USA,
Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| In re:<br><br>FU BANG GROUP CORP, USA,<br><br>Debtor and<br>Debtor in Possession. | Case No. 6:25-bk-13004-SY<br><br>Chapter 11<br><br>**CHAPTER 11 PLAN** |
| --- | --- |

2753064.1

PLAN

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION.................................................................................................................1

II.    PLAN TREATMENT OF CREDITORS AND INTEREST HOLDERS..............................1

    A.    What Creditors and Interest Holders Will Receive Under the Proposed Plan...........1

    B.    Unclassified Claims....................................................................................................2

        1.    Administrative Expenses.................................................................................2

            a.    Ordinary Course Administrative Claims.............................................4

            b.    Non-Ordinary Course Administrative Claims.....................................4

            c.    Professional Fee Claims.....................................................................5

        2.    Priority Tax Claims.........................................................................................5

    C.    Classified Claims.......................................................................................................6

        1.    Summary of Classes.......................................................................................6

        2.    Secured Claims...............................................................................................6

        3.    Classes of General Unsecured Claims............................................................8

        4.    Class of Interest Holders................................................................................9

III.    Means of Implementation...................................................................................................10

    A.    The Funding of the Plan............................................................................................10

    B.    The Transfer of the Debtor's Assets.........................................................................10

    C.    Preservation of All Estate Claims.............................................................................11

    D.    Dissolution of the Debtor..........................................................................................12

    E.    The Liquidating Trust and the Liquidating Trustee..................................................12

        1.    Establishing the Liquidating Trust................................................................12

        2.    Trust Distributions........................................................................................13

        3.    Duration of the Trust.....................................................................................13

        4.    Liquidation of Estate Claims........................................................................13

        5.    Liquidating Trust Governance.......................................................................14

        6.    Liquidating Trustee.......................................................................................14

a.      Appointment...................................................................................14

b.      Term ...............................................................................................14

c.      Powers and Duties..........................................................................14

d.      Retention of Liquidating Trustee Professionals .............................16

e.      Compensation of the Liquidating Trustee and the Liquidating
        Trustee Professionals......................................................................17

f.      Compromising Claims....................................................................17

7.      Liquidating Trustee as Successor ....................................................17

8.      Limitation of Liability and Indemnification....................................18

9.      Vesting of Assets.............................................................................19

10.     Liquidating Trustee as Disbursing Agent........................................19

11.     Bond ................................................................................................19

12.     Federal Income and Taxation of the Liquidating Trust....................19

13.     Beneficiaries....................................................................................20

F.      Provisions Governing Distributions ............................................................21

1.      Dates of Distributions......................................................................21

2.      Manner of Distribution ....................................................................21

3.      Delivery of Distributions in General ...............................................21

4.      Interest on Claims............................................................................22

5.      Compliance with Tax Requirements ................................................22

6.      De Minimis Distributions ................................................................23

7.      Setoffs..............................................................................................23

8.      Limitations on Liability...................................................................23

G.      Other Provisions of the Plan.......................................................................24

1.      Claim Objections and Disputed Claims ...........................................24

a.      Standing..........................................................................................24

b.      Claims Objection Deadline .............................................................24

c.      No Distribution Pending Allowance ...............................................24

2753064.1                                    ii

               d.      Reserves for Disputed Claims ...........................................................25

          2.     Executory Contracts and Unexpired Leases................................................25

H.    Changes in Rates Subject to Regulatory Commission ...........................................26

I.    Retention of Jurisdiction .......................................................................................26

J.    Exemption from Transfer Taxes .............................................................................27

IV.  EFFECT OF CONFIRMATION...................................................................................28

A.    Discharge...............................................................................................................28

B.    Vesting of the Assets ............................................................................................28

C.    Removal of Chief Restructuring Officer...............................................................28

D.    Prohibition of Non-Voting Securities ...................................................................28

E.    Exculpation and Releases......................................................................................28

F.    Modification of the Plan........................................................................................29

G.    Post-Confirmation Status Report ..........................................................................29

H.    Quarterly Fees ......................................................................................................30

I.    Post-Confirmation Conversion or Dismissal.........................................................30

J.    Final Decree .........................................................................................................30

TABLE OF DEFINITIONS .........................................................................................32

A.    Definitions.............................................................................................................32

B.    Rules of Construction............................................................................................38

C.    Rules of Interpretation...........................................................................................39

D.    Disclosure Statement Exhibits ..............................................................................39

Fu Bang Group Corp, USA (the "Debtor"), the debtor and debtor-in-possession in the above-captioned chapter 11 case ("Case"), submits this *Chapter 11 Plan* (the "Plan") to creditors.

## I.     INTRODUCTION

The Plan is a liquidating plan.  On the Effective Date, the Assets of the Estate will vest in a Liquidating Trust created on the Effective Date and the Liquidating Trustee appointed under the Plan will manage the process of liquidating the Assets and will otherwise act as a fiduciary for the benefit of creditors.  Nicholas Rubin, the Debtor's Chief Restructuring Officer, will serve as the Liquidating Trustee.  The Debtor is proposing this Plan because it believes an orderly sale of the Debtor's real property that allows for strategic short-term investment to maximize asset value is in the best interests of all creditors and will lead to the greatest recovery for all creditors.

The net proceeds from the sale of the Debtor's assets will be distributed to creditors holding Allowed Claims as soon as such proceeds become available.  The unsecured creditors holding Allowed Claims will share in the net proceeds on a pro rata basis.  Creditors holding valid, unavoidable liens against real property of the Debtor will be paid in full their Allowed Secured Claims.

The Effective Date of the Plan will be the date that is fourteen (14) days after the entry of an order confirming the Plan (the "Confirmation Order"), provided there has been no order staying the effectiveness of the Confirmation Order.

## II.    PLAN TREATMENT OF CREDITORS AND INTEREST HOLDERS

### A.     What Creditors and Interest Holders Will Receive Under the Proposed Plan

As required by the Bankruptcy Code, the Plan classifies Claims and Interests in various Classes according to their right to priority.  The Plan states whether each Class of Claims or Interests is impaired or unimpaired.  The Plan provides the treatment each Class will receive.  In no event shall any creditor receive more than the creditor's Allowed Claim, plus interest, to the extent provided herein.

**B.** **Unclassified Claims**

Certain types of Claims are not placed into voting classes but are instead unclassified. They are not considered impaired and they do not vote on the Plan because they are automatically entitled to certain treatment under the Bankruptcy Code. Accordingly, the following Claims have not been placed into a Class:

**1.** **Administrative Expenses**

Administrative Claims are Claims for costs or expenses of administering the Debtor's Case which are allowed under § 507(a)(2) of the Bankruptcy Code. The Bankruptcy Code requires that all Allowed Administrative Claims be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment. The following charts list all of the Debtor's § 507(a)(2) unpaid Administrative Claims and their treatment under the Plan.

| Non-Professional Administrative Claims | | |
|---|---|---|
| **Description** | **Estimated Amount Owed** | **Treatment** |
| Ordinary Course Administrative Claims | $0.00 | Unless the Liquidating Trustee objects to an Ordinary Course Administrative Claim, the Claim will be Allowed in accordance with the terms and conditions of the particular transaction that gave rise to the Ordinary Course Administrative Claim, and the Person holding the Ordinary Course Administrative Claim need not file any request for payment of its Claim. Such Allowed Ordinary Course Administrative Claims will be determined based on the amounts in the Debtor's accounting records as of the Effective Date and be paid in full on the Effective Date. However, any request for payment, or Motion to allow a Claim as an Ordinary Course Administrative Claim must be Filed with the Court and served on the Liquidating Trustee and the OUST by no later than sixty (60) days after the Effective Date. |
| Other Non-Ordinary Course Administrative Claims | $0.00 | To the extent that any Non-Ordinary-Course Administrative Claims are Allowed, they will be paid in full by the Liquidating Trustee on the later of (i) the Effective Date, and (ii) the date that is ten (10) Business Days after the |

PLAN

| Non-Professional Administrative Claims | | |
|---|---|---|
| **Description** | **Estimated Amount Owed** | **Treatment** |
|  |  | Court enters a Final Order allowing the Non-Ordinary-Course Administrative Claim. |
| Clerk's Office Fees | $0.00 | Paid in full on or before the Effective Date. |
| Office of the United States Trustee Fees | $0.00 | Paid in full on or before the Effective Date. |
| Administrative Tax Claims | $0.00 | Unless the Liquidating Trustee objects to an Administrative Tax Claim or otherwise disputes the Administrative Tax Claim in accordance with applicable law, the Administrative Tax Claim will be Allowed in accordance with the terms and conditions of the particular transactions that gave rise to the Administrative Tax Claim, and the person holding the Administrative Tax Claim need not file any request for payment of its Claim. |
| Total | $0.00 |  |

| Professional Fee Claims | | |
|---|---|---|
| **Description** | **Estimated Amount Owed** | **Treatment** |
| Weintraub Zolkin Talerico & Selth LLP | $150,000.00 | Paid in full in the amount Allowed by the Court on the later of the following: (i) the Effective Date; and (ii) the date that is ten (10) Business Days after the Court enters a Final Order allowing Claimant's Professional Fee Claim, or, in either case, as soon thereafter as is practicable. |
| Force 10 Partners, LLC | $150,000.00 | Paid in full in the amount Allowed by the Court on the later of the following: (i) the Effective Date; and (ii) the date that is ten (10) Business Days after the Court enters a Final Order allowing Claimant's Professional Fee Claim, or, in either case, as soon thereafter as is practicable. |
| Total: | $300,000.00[1] |  |

---

[1]    The amounts estimated for Professional Fee Claims are projected as of the Effective Date and include amounts incurred and projected to be incurred, less payments.  The estimate of Professional Fee Claims is only an estimate and will change based upon the services required during this Case and upon what the Court ultimately awards to professionals.  The Estate remains liable for all allowed fees and costs regardless of the estimates.

PLAN

The following procedures apply for the allowance of Non-Ordinary Course Administrative Claims and Professional Fee Claims against the Estate:

### a.    Ordinary Course Administrative Claims

Unless the Liquidating Trustee objects to an Ordinary Course Administrative Claim, the Claim will be deemed Allowed in accordance with the terms and conditions of the particular transaction that gave rise to the Ordinary Course Administrative Claim, and the Person holding the Ordinary Course Administrative Claim need not File any request for payment of its Claim. However, any request for payment, or Motion to allow a Claim as an Ordinary Course Administrative Claim must be Filed with the Court and served on the Liquidating Trustee and the OUST by no later than sixty (60) days after the Effective Date.

### b.    Non-Ordinary Course Administrative Claims

If a Non-Ordinary Course Administrative Claim becomes an Allowed Non-Ordinary Course Administrative Claim by the Court prior to the Effective Date, then the Claim will be paid in full by the Liquidating Trustee on the Effective Date. Any other Non-Ordinary Course Administrative Claim will be paid by the Liquidating Trustee to the extent that it is Allowed by the Court only if: (1) on or before sixty (60) days after the Effective Date, the Person holding the Non-Ordinary Course Administrative Claim both Files with the Court a request for payment of the Non-Ordinary Course Administrative Claim and serves the request for payment on the Liquidating Trustee and the OUST; and (2) the Court, in a Final Order, allows the Non-Ordinary Course Administrative Claim. If Allowed by a Final Order, then the Liquidating Trustee will pay such in full within ten (10) Business Days after the Court enters a Final Order. The Liquidating Trustee may File an objection to such a request for payment within the time provided by the Bankruptcy Rules or within any other period the Court establishes. Persons holding Non-Ordinary Course Administrative Claims who do not timely File and serve a request for payment will be forever barred from asserting these Claims or sustaining any action seeking payment in any forum or from any court deriving from these Claims against the Estate, the Debtor, the Liquidating Trust, the Liquidating Trustee, or their property.

PLAN

### c.     Professional Fee Claims

A Professional Fee Claim will be paid only if: (a) on or before sixty (60) days after the Effective Date (or such further date if extended by Court order), the person holding the Professional Fee Claim files with the Court an application requesting allowance and payment of the Professional Fee Claim; and (b) the Professional Fee Claim is allowed by order of the Court (as to which fourteen (14) days has passed without a stay of the enforcement or effectiveness of such order or, if a stay has been obtained, such stay has lapsed or been dissolved).  The Liquidating Trustee or any other party-in-interest may file an objection to such an application within the time provided by the Bankruptcy Rules or within any other period that the Court establishes.  Persons holding Professional Fee Claims who do not timely file and serve an application for allowance and payment will be forever barred from asserting these Claims against the Estate, the Debtor, the Liquidating Trust, the Liquidating Trustee or their property.

### 2.     Priority Tax Claims

Priority Tax Claims include certain unsecured income, employment and other taxes described by § 507(a)(8) of the Bankruptcy Code.  The Bankruptcy Code requires that each Holder of such a § 507(a)(8) Priority Tax Claim receive the present value of such Claim in regular installment payments in Cash, over a period not exceeding five years from the Petition Date, unless the Holder agrees to a different treatment.  The following chart lists all of the Debtor's known § 507(a)(8) Priority Tax Claims and their treatment under the Plan:

| Priority Tax Claims | | |
|---|---|---|
| **Description** | **Estimated Amount Owed** | **Treatment** |
| Priority Tax Claims | $0.00 | The holders of allowed priority tax claims will be paid in full the allowed amount of their claims on the Effective Date or as soon as reasonably practicable thereafter, but, in no event, more than five (5) years from the entry of the orders for relief. Allowed priority tax claims shall accrue interest from the Effective Date on the unpaid balance of the allowed priority tax claim at the rate required by 11 U.S.C. § 511 to provide "present value" of the allowed priority tax claim. |

**C.    Classified Claims**

    **1.    Summary of Classes**

| Summary of Classes | |
|---|---|
| Class | Claimants |
| 1 | Secured Claim of First Credit Bank |
| 2 | Secured Claim of Sparknest LLC |
| 3 | Secured Claim of Riverside County Treasurer – Tax Collector |
| 4 | Secured Claim of Mingxhia Lu, et al. |
| 5 | Secured Claim of U.S. Discount Center Corp. |
| 6 | Secured Claim of SZ Properties LLC |
| 7 | Secured Claim of U.S. Discount Center Corp. |
| 8 | Secured Claim of Xiaoyan Tang |
| 9a | General Unsecured Claims (Non-Insiders) |
| 9b | General Unsecured Claims (Insiders) |
| 10 | Interest Holders |

    **2.    Secured Claims**

Secured Claims are Claims secured by liens against property of the Estate.

| Classes of Secured Claims | | | | |
|---|---|---|---|---|
| Class # | Description | Insiders | Impaired | Treatment |
| 1 | Name: First Credit Bank<br><br>Description of Collateral:  Real Property and Rents<br><br>Scheduled claim amount: $TBD<br><br>Portion of claim alleged to be secured: $TBD | No | No | Claimant's Allowed Secured Claim, if any, shall be satisfied pursuant the Exit Financing. If claimant's Allowed Secured Claim is not satisfied by the Exit Financing, claimant shall recover from its collateral. |
| 2 | Name: Sparknest LLC<br><br>Description of Collateral:  Real Property and Rents | No | No | Claimant's Allowed Secured Claim, if any, shall be satisfied pursuant the Exit Financing. If claimant's Allowed Secured Claim is not satisfied by the Exit Financing, claimant shall recover from its collateral. |

PLAN

| Classes of Secured Claims | | | | |
|---|---|---|---|---|
| Class # | Description | Insiders | Impaired | Treatment |
| | Scheduled claim amount: $TBD<br><br>Portion of claim alleged to be secured: $TBD | | | |
| 3 | Name: Riverside County Treasurer – Tax Collector<br><br>Description of Collateral:  Real Property<br><br>Scheduled claim amount: $TBD<br><br>Portion of claim alleged to be secured: $TBD | No | No | Claimant's Allowed Secured Claim, if any, shall be satisfied pursuant the Exit Financing. If claimant's Allowed Secured Claim is not satisfied by the Exit Financing, claimant shall recover from its collateral. |
| 4 | Name: Mingxhia Lu, et al.<br><br>Collateral:  Judgment Lien on Real Property<br><br>Scheduled claim amount: $TBD<br><br>Portion of claim secured: $TBD | No | Yes | Claimant's Allowed Secured Claim will be treated as a Class 9 General Unsecured Claim. |
| 5 | Name: U.S. Discount Center Corp.<br><br>Collateral:  Real Property<br><br>Scheduled claim amount: $TBD<br><br>Portion of claim secured: $TBD | Yes | Yes | Claimant's Allowed Secured Claim will be treated as a Class 9 General Unsecured Claim. |
| 6 | Name: U.S. Discount Center Corp. | Yes | Yes | Claimant's Allowed Secured Claim will be treated as a Class 9 General Unsecured Claim. |

PLAN

| Classes of Secured Claims | | | | |
|---|---|---|---|---|
| Class # | Description | Insiders | Impaired | Treatment |
| | Collateral:  Real Property<br><br>Scheduled claim amount: $TBD<br><br>Portion of claim secured: $TBD | | | |
| 7 | Name: U.S. Discount Center Corp.<br><br>Collateral:  Real Property<br><br>Scheduled claim amount: $TBD<br><br>Portion of claim secured: $TBD | Yes | Yes | Claimant's Allowed Secured Claim will be treated as a Class 9 General Unsecured Claim. |
| 8 | Name: U.S. Discount Center Corp.<br><br>Collateral:  Real Property<br><br>Scheduled claim amount: $TBD<br><br>Portion of claim secured: $TBD | Yes | Yes | Claimant's Allowed Secured Claim will be treated as a Class 9 General Unsecured Claim. |

3.      **Classes of General Unsecured Claims**

General Unsecured Claims are Unsecured Claims that are not entitled to priority under § 507(a) of the Bankruptcy Code.  Below is a summary of the Plan's treatment of the Classes containing the Debtor's General Unsecured Claims.

| Class of General Unsecured Claims | | | | |
|---|---|---|---|---|
| Class # | Description | Insiders | Impaired | Treatment |
| 9a | General Unsecured Claims<br><br><u>Total amount of claims</u>: $TBD | No | Yes | This Class consists of the General Unsecured Claims excluding Insider Claims.  The Holders of Allowed General Unsecured Claims in this Class will receive a beneficial interest |

| Class of General Unsecured Claims | | | | |
|---|---|---|---|---|
| Class # | Description | Insiders | Impaired | Treatment |
| | | | | in the Liquidating Trust as provided in Section III.E.13 herein and, if and to the extent that Net Proceeds are available on the Distribution Date, then they shall receive a Pro Rata Share of Net Proceeds on account of their respective Allowed General Unsecured Claims.<br><br>The treatment provided herein shall be in full satisfaction of the Allowed General Unsecured Claims. |
| 9b | General Unsecured Claims<br><br>Total amount of claims: $TBD | Yes | Yes | This Class consists of the General Unsecured Claims excluding Insider Claims. The Holders of Allowed General Unsecured Claims in this Class will receive a beneficial interest in the Liquidating Trust as provided in Section III.E.13 herein and, if and to the extent that Net Proceeds are available on the Distribution Date, then they shall receive a Pro Rata Share of Net Proceeds on account of their respective Allowed General Unsecured Claims.<br><br>The treatment provided herein shall be in full satisfaction of the Allowed General Unsecured Claims. |

4. **Class of Interest Holders**

Interest Holders are the parties who hold equity interests in the Debtor.

| Interest Holders | | | | |
|---|---|---|---|---|
| Class # | Description | Insiders | Impaired | Treatment |
| 10 | All holders of interest in the Debtor/all shareholders of the Debtor | Yes | Yes | Holders of interest in the Debtor shall retain no interest in the Debtor and receive nothing under the Plan. However, in the event that the |

PLAN

| Interest Holders | | | | |
|---|---|---|---|---|
| **Class #** | **Description** | **Insiders** | **Impaired** | **Treatment** |
| | | | | net proceeds from the sale of the Assets is sufficient to pay all senior classes in full, with interest, then any remaining net proceeds and Assets will be distributed to holders of Allowed Class 10 Interests. |

## III.    Means of Implementation

This Section is intended to explain how the Plan will be implemented and how the payments to the Holders of Allowed Claims as provided in the Plan will be funded.  This Section provides information regarding the funding sources for the Plan, the establishment of the Liquidating Trust, and other material issues bearing upon performance of the Plan.

### A.    The Funding of the Plan

The Plan will be funded by the Exit Financing and the sale or other disposition of the Liquidating Trust's Assets.  On the Effective Date, as detailed below, all of the Debtor's Assets shall be transferred to the Liquidating Trust and shall thus become the Liquidating Trust's Assets. Following the transfer, the Liquidating Trustee will use the Cash on hand and proceeds of the Exit Financing to pay Allowed Claims that are required by the Plan to be paid on the Effective Date. Distributions following the Effective Date will be made from any remaining Cash on hand and the proceeds of the sale of the Liquidating Trust's Assets in accordance with the terms of the Plan.

### B.    The Transfer of the Debtor's Assets

Upon the Effective Date, all of the Debtor's Assets, including, but not limited to, the Estate Claims and the Debtor's books and records, shall be deemed transferred to and vested in the Liquidating Trust in accordance with the Plan and shall be assets of the Liquidating Trust (collectively, the "Liquidating Trust's Assets").  The Liquidating Trustee is authorized to execute and deliver or cause to be executed and delivered all such documents as necessary or appropriate to transfer and vest title in and possession of the Debtor's Assets to the Liquidating Trust, although no deeds shall be required in order to effectuate a valid transfer of title to the Liquidating Trust.

Upon and continuing after the Effective Date, the Debtor and its officers, directors, and employees (i) shall immediately turn over possession of all real and personal property, cash, documents, books and records of the Debtor, accounts, keys, passwords, etc., to the Liquidating Trustee, (ii) shall immediately cause to be wired to the Liquidating Trustee all funds in the Debtor's accounts, less the amount necessary to honor outstanding uncashed checks issued by the Debtor postpetition in the ordinary course of its business in an account established by the Liquidating Trustee in the name of, or for, the Liquidating Trust, and (iii) shall immediately take the steps necessary to provide the Liquidating Trustee sole access to the Debtor's accounts and to terminate the right and ability of the Debtor's insiders and employees to access the accounts as of the Effective Date.

### C. Preservation of All Estate Claims

The Plan reserves for the Estate and the Liquidating Trustee all rights to commence and pursue, as appropriate, any and all Estate Claims, whether arising prior to or after the Petition Date, in any court or other tribunal, including without limitation, in an adversary proceeding filed in the Court.

On the Effective Date, the Liquidating Trustee will be vested with sole authority to investigate, analyze, commence, prosecute, litigate, compromise, settle, dismiss, and otherwise administer all Estate Claims, although he will not be required to do so and the determination of whether to do so will be made solely by the Liquidating Trustee in his absolute discretion. With respect to any Estate Claims commenced prior to the Effective Date to which the Debtor is a party, the Liquidating Trustee shall replace and stand in the shoes of the Debtor as the real party in interest.

While the Disclosure Statement attempted to identify and set forth any Estate Claims which may be pursued, and this Plan hereby incorporates by reference those disclosures and provisions, the failure to list any potential Estate Claims, generally or specifically, is not intended to limit the rights of the Liquidating Trustee to pursue such. Unless an Estate Claim against any person is expressly waived, relinquished, released, compromised or settled as provided or identified in the Plan, any Confirmation Order or prior order of the Court, the Plan expressly

PLAN

reserves any Estate Claim for later adjudication.  Therefore, no preclusion doctrine, including, without limitation, the doctrine of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise) or laches shall apply to such Estate Claims due to or as a result of entry of the Confirmation Order or confirmation or consummation of the Plan.  All Estate Claims are preserved under the Plan for the benefit of the Estate.  Any recoveries from Estate Claims will be paid to the Liquidating Trust.

ANY CREDITORS THAT BELIEVE THEY RECEIVED A TRANSFER OR SETOFF THAT IS AVOIDABLE UNDER THE CODE OR THAT HOLDS A CLAIM AGAINST THE ESTATE THAT COULD BE SUBJECT TO AN OBJECTION BASED UPON FAILURE TO RETURN AN AVOIDABLE TRANSFER OR SETOFF, ARE DIRECTED TO REVIEW THEIR RECORDS AND/OR THE DEBTOR'S SCHEDULES FOR FURTHER INFORMATION. HOWEVER, ALL RIGHTS OF THE DEBTOR AND THE ESTATE ARE RESERVED WITH RESPECT TO ANY AND ALL TRANSFERS OR SETOFFS WHICH MAY BE AVOIDABLE UNDER THE BANKRUPTCY CODE.

### D.       Dissolution of the Debtor

Upon the Effective Date, the Liquidating Trustee shall have the sole authority and discretion, but shall not be required, to dissolve the Debtor.

### E.       The Liquidating Trust and the Liquidating Trustee

The affairs of the Liquidating Trust shall be managed by the Liquidating Trustee.

The Debtor has selected Nicholas Rubin as the Liquidating Trustee.  Mr. Rubin has been the Debtor's CRO throughout this Bankruptcy Case and his familiarity with the Debtor's business and assets should permit the Liquidating Trustee to maximize the value of the estate.

The appointment, term, powers, compensation and other material terms of the Liquidating Trustee are set forth in more detail in this Section III.E.

### 1.       Establishing the Liquidating Trust

The Liquidating Trust shall be established and shall become effective on the Effective Date.  The Liquidating Trust is created pursuant to the Plan and the Confirmation Order, and no separate trust instrument shall be required although one may be prepared.  The primary purpose of

PLAN

the Liquidating Trust is the liquidation and distribution of the Liquidating Trust's Assets, with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidating Trust.  The Liquidating Trust shall hold and administer the Liquidating Trust's Assets, including, but not limited to, the Estate Claims, and the proceeds thereof, for liquidation and distribution in accordance with the terms of the Plan.

### 2.    Trust Distributions

The Liquidating Trustee shall liquidate the Liquidating Trust's Assets, including, but not limited to, the Estate Claims, and shall distribute the Cash on hand and the net recoveries from the liquidation of the Liquidating Trust's Assets in accordance with the terms of the Plan.  All Distributions to the Holders of Allowed Claims shall be from the Liquidating Trust.  Persons dealing with the Liquidating Trustee, or seeking to assert Claims against the Debtor, the Estate, the Liquidating Trust, shall look only to property of the Liquidating Trust to satisfy any liability to such Persons, and the Liquidating Trustee shall have no corporate, personal, or individual obligation to satisfy any such liability.

### 3.    Duration of the Trust

The Liquidating Trust shall have an initial term of two (2) years; provided, however, that the term of the Liquidating Trust may be extended for a finite term upon a finding of "cause" by the Court.  The Liquidating Trustee may seek an extension of the Liquidating Trust's term by motion filed by the expiration of the term to be extended.  The Liquidating Trust may be terminated earlier than its scheduled termination if (a) the Court has entered a Final Order closing the Case pursuant to 11 U.S.C. § 350(a) and (b) the Liquidating Trustee has administered all assets of the Liquidating Trust and performed all other duties required by the Plan.

### 4.    Liquidation of Estate Claims

The Liquidating Trustee shall have sole authority, discretion and responsibility for investigating, analyzing, commencing, prosecuting, litigating, compromising, collecting, and otherwise administering Estate Claims, although he will not be required to do so and the determination of whether to do so will be made solely by the Liquidating Trustee in his absolute

PLAN

discretion.  Unless an Estate Claim is expressly waived, relinquished, compromised or settled as provided or identified in the Plan, the Confirmation Order, or any other order of the Court, the Liquidating Trust expressly reserves any Estate Claim for later adjudication.  Neither the Plan nor the Confirmation Order will preclude, whether under the doctrines of res judicata, collateral estoppel (judicial, equitable or otherwise) or laches, the commencement or prosecution of such Estate Claims.

### 5.    Liquidating Trust Governance

The affairs of the Liquidating Trust shall be managed by the Liquidating Trustee.  The Liquidating Trustee shall provide the Trust Beneficiaries with semi-annual reporting in the form of a written status report.

### 6.    Liquidating Trustee

#### a.    Appointment

The appointment of the Liquidating Trustee shall be effective as of the Effective Date.  The Debtor has selected Nicholas Rubin as the Liquidating Trustee.

#### b.    Term

Unless the Liquidating Trustee resigns, dies, or is removed earlier by Court order for cause shown, the Liquidating Trustee's term shall expire upon termination of the Liquidating Trust pursuant to the Plan.  In the event the Liquidating Trustee resigns, dies, or is removed by Court order for cause shown prior to termination of the Liquidating Trust, then a replacement or successor trustee shall be selected by the most senior lien holder.

Upon the termination of the Liquidating Trust, the Liquidating Trustee may destroy or otherwise dispose of the books and records of the Debtor and the Liquidating Trust.

#### c.    Powers and Duties

The Liquidating Trustee shall have the rights, powers and duties set forth in the Plan, the Confirmation Order and Bankruptcy Code §§ 505, 1107 and 1108.  The Liquidating Trustee shall be governed in all things by the terms of the Plan and the Confirmation Order.  The Liquidating Trustee shall administer the Liquidating Trust in accordance with the Plan.  Without further motion, notice, or order of the Court, the Liquidating Trustee shall be authorized, empowered and

directed to take all actions necessary to comply with the Plan and exercise and fulfill the duties and obligations arising thereunder, including, without limitation to:

    a.    Employ, retain, and replace one or more attorneys, accountants, auctioneers, brokers, managers, consultants, other professionals, agents, investigators, expert witnesses, consultants, and advisors as necessary to discharge the duties of the Liquidating Trustee under the Plan and to pay such professionals their reasonable and necessary fees and costs from Cash on hand;

    b.    Control and effectuate the Claims reconciliation process, including to object to, seek to subordinate, compromise or settle any and all Claims against the Debtor pursuant to the terms of the Plan;

    c.    Open, maintain and administer bank accounts as necessary to discharge the duties of the Liquidating Trustee under the Plan;

    d.    Determine the availability and existence of Net Proceeds and make Distributions to the Holders of Allowed Claims in accordance with the Plan;

    e.    Investigate, analyze, commence, prosecute, litigate, compromise, settle, dismiss, and otherwise administer all Estate Claims for the benefit of the Liquidating Trust and its beneficiaries, as set forth in the Plan, and to take all other necessary and appropriate steps to collect, recover, settle, liquidate, or otherwise reduce to Cash all Estate Claims, as the Liquidating Trustee may determine is in the best interests of the Liquidating Trust;

    f.    Administer, sell, liquidate, or otherwise dispose of the Liquidating Trust's Assets held by the Liquidating Trust in accordance with the terms of the Plan;

    g.    Incur and pay reasonable and necessary expenses in connection with the performance of the Liquidating Trustee's duties under the Plan;

    h.    Represent the Estate before the Court and other courts of competent jurisdiction with respect to matters concerning the Liquidating Trust;

    i.    Seek and take the examination of any entity under and subject to the provisions of Bankruptcy Rule 2004;

PLAN

j.  Comply with applicable orders of the Court and any other court of competent jurisdiction over the matters set forth in the Plan;

k.  Comply with all applicable laws and regulations concerning the matters set forth in the Plan;

l.  Exercise such other powers as may be vested in the Liquidating Trust pursuant to the Plan, the Confirmation Order, or other Final Orders of the Court;

m.  Execute any documents, instruments, contracts, and agreements necessary and appropriate to carry out the powers and duties of the Liquidating Trust, including to execute deeds and escrow documents that are necessary to convey title to the Assets of the Liquidating Trust;

n.  Seek a determination of tax liability under § 505 of the Code, pay taxes, if any, related to the Debtor, file, if necessary, any and all tax and information returns required with the respect to the Liquidating Trust, including, if appropriate, treating the Liquidating Trust as a "grantor trust" pursuant to Treas. Reg. 1.671-4 or otherwise, make tax elections by and on behalf of the Liquidating Trust, and pay taxes, if any, payable by the Liquidating Trust;

o.  Cause to be prepared and to file federal, state, and local tax returns as necessary;

p.  Subpoena books and records or other documents in the discharge of the duties of the Liquidating Trustee; and

q.  Stand in the shoes of the Debtor for all purposes.

### d.    Retention of Liquidating Trustee Professionals

On and after the Effective Date, the Liquidating Trustee may, without further application or motion, notice, hearing, or Court order, engage or employ Liquidating Trustee Professionals as may be deemed necessary and appropriate by the Liquidating Trustee to assist the Liquidating Trustee in carrying out the provisions of the Plan, including, but not limited to, the Professionals retained prior to the Effective Date by the Debtor.  The Liquidating Trustee may employ Liquidating Trustee Professionals on any reasonable terms and conditions of employment to be determined by the Liquidating Trustee.  For the services performed on and after the Effective

16                                                    PLAN

Date, the Liquidating Trustee Professionals shall receive reasonable compensation and reimbursement of expenses in a manner to be determined by the Liquidating Trustee and to be paid from Cash on hand.

### e. Compensation of the Liquidating Trustee and the Liquidating Trustee Professionals

The Liquidating Trustee and the Liquidating Trustee Professionals shall be entitled to reasonable compensation for their services, and reimbursement for expenses.  The Liquidating Trustee may employ the members of his or her firm to assist with matters within the Liquidating Trustee's responsibilities and duties; provided, however, that any services performed by such employees shall not exceed the rate charged by the Liquidating Trustee as set forth herein.

Compensation of the Liquidating Trustee and the costs and expenses of the Liquidating Trust (including, without limitation, fees and expenses of the Liquidating Trustee Professionals) shall be paid from the Liquidating Trust.

The Liquidating Trustee shall be authorized to reserve funds from the Liquidating Trust as is reasonable to pay the expenses and fees of the Liquidating Trustee and the Liquidating Trustee Professionals before making any Distributions under the Plan.

### f. Compromising Claims

As of the Effective Date, the Liquidating Trustee is authorized to compromise any and all Estate Claims or causes of action included in the Liquidating Trust's Assets and to execute documents necessary to effectuate such compromises without further motion, notice, hearing or order of the Court.

### 7. Liquidating Trustee as Successor

Pursuant to Code § 1123(b), the Liquidating Trustee shall be the successor to the Debtor for all purposes.  The Liquidating Trustee shall stand in the same position as the Debtor with respect to any claim the Debtor may have to an attorney-client privilege, the work product doctrine, or any other privilege against production, and the Liquidating Trust shall succeed to all of the Debtor's rights to preserve, assert, or waive any such privilege.

PLAN

### 8.   Limitation of Liability and Indemnification

The Liquidating Trustee and his or her employees, the Liquidating Trustee Professionals and their agents or employees, shall not be liable (a) for any loss or damages by reason of any action taken or omitted by him or her following the Effective Date in furtherance of his or her powers and duties under this Plan or the Confirmation Order, except in the case of fraud, willful misconduct, bad faith, or gross negligence, or (b) for any act or omission following the Effective Date in furtherance of his or her powers and duties under this Plan or the Confirmation Order that is made in reliance upon the Debtor's books and records or upon information or advice given to the Liquidating Trustee by his or her, or the Estate's, professionals.  Except as otherwise provided in this Plan, the Liquidating Trustee shall be permitted to rely upon and be protected in acting following the Effective Date in furtherance of his or her powers and duties under this Plan or the Confirmation Order upon any resolution, certificate, statement, instrument, opinion, report, notice, consent, or other document believed by such to be genuine and to have been signed by the proper party or parties.

The Liquidating Trustee and his or her employees, the Liquidating Trustee Professionals and their agents and employees, shall be indemnified by and receive reimbursement from the Liquidating Trust from and against any and all loss, liability, expense, including attorneys' fees, or damage of any kind, type or nature, which they may incur or sustain in the exercise and performance of any of the Liquidating Trustee's powers and duties under this Plan or the Confirmation Order following the Effective Date, or in the rendering of services authorized under the Plan or the Confirmation Order following the Effective Date, to the fullest extent permitted by applicable law, except if such loss, liability, expense or damage is finally determined by a court of competent jurisdiction to result from fraud, willful misconduct, bad faith, or gross negligence by the Person seeking indemnification or reimbursement.  The amounts necessary for such indemnification and reimbursement, as required by this Section, shall be paid by the Liquidating Trustee out of the Liquidating Trust's Assets.  The Liquidating Trustee shall not be personally liable for the payment of any Liquidating Trust expense or claim or other liability against the Liquidating Trust, and no Person shall look to the Liquidating Trustee, his or her employees,

PLAN

Liquidating Trustee Professionals or agents, personally for the payment of any such expense or liability. This indemnification shall survive the death, resignation or removal, as may be applicable, of the Liquidating Trustee or the termination of the Liquidating Trust, and shall inure to the benefit of the Liquidating Trustee's, his or her employee's, the Liquidating Trustee Professional's, or agent's heirs and assigns.

For avoidance of doubt, notwithstanding anything herein to the contrary, nothing in this Section III.E.11. (i) shall apply to, (ii) shall limit the liability of any Person regarding, or (iii) shall entitle any Person to indemnity or reimbursement for or related to any act or omission prior to the Effective Date or any Estate Claim or other claim or cause of action otherwise reserved or preserved for the Estate and the Liquidating Trust in the Plan, including, without limitation, as set forth in Section III.C. of the Plan.

### 9. Vesting of Assets

On the Effective Date, all right, title, and interest in all of the Debtor's Assets shall be transferred to and vest in the Liquidating Trust, without the necessity of any deed or other recorded document.

### 10. Liquidating Trustee as Disbursing Agent

The Liquidating Trustee shall make all Distributions required under the Plan, subject to the terms and provisions of the Plan. As permitted by the Plan, the Liquidating Trustee shall make continuing efforts to dispose of the Liquidating Trust's Assets, make Distributions, and not unduly prolong the duration of the Liquidating Trust.

### 11. Bond

The Liquidating Trustee shall not be required to post a bond or surety or other security for the performance of his or her duties under the Plan.

### 12. Federal Income and Taxation of the Liquidating Trust

For federal income tax purposes, the Liquidating Trust is a "liquidating trust" within the meaning of Treasury Income Tax Regulation Section 301.7701-4(d) and IRS Revenue Procedure 94-45, 1994-2 C.B. 124. The transfer of assets to the Liquidating Trust under the Plan is treated as a deemed transfer to the persons entitled to receive Distributions under the Plan followed by a

PLAN

deemed transfer of assets by such persons to the Liquidating Trust.  The persons entitled to receive Distributions under the Plan will be deemed the grantors and owners of the Liquidating Trust and its assets.  The Liquidating Trust will be taxed as a "grantor trust" within the meaning of IRC Sections 671-677 (a non-taxable pass-through tax entity) owned by the persons entitled to receive Distributions under the Plan.  The Liquidating Trust will file federal income tax returns as a grantor trust under IRC Section 671 and Treasury Income Tax Regulation Section 1.671-4 and report, but not pay tax on, the Liquidating Trust's tax items of income, gain, loss deductions, and credits ("Tax Items").  The Persons entitled to receive Distributions under the Plan will report such Tax Items on their federal income tax returns and pay any resulting federal income tax liability.  The Liquidating Trust and the Persons entitled to receive Distributions under the Plan will use consistent valuations of the assets transferred to the Liquidating Trust for all federal income tax purposes, such valuations to be determined by the Liquidating Trustee.

### 13.    Beneficiaries

The Holders of Allowed Claims under the Plan, or any successors to such Holders' Allowed Claims ("Beneficiary" or "Beneficiaries") shall own a beneficial interest in the Liquidating Trust which shall, subject to the Plan, be entitled to a Distribution, if any, in the amounts, and at the times, set forth in the Plan.  Ownership of a beneficial interest in the Liquidating Trust shall not be evidenced by any certificate, security, or receipt or in any other form or manner whatsoever, except as maintained on the books and records of the Liquidating Trust by the Liquidating Trustee.  The ownership of a beneficial interest in the Liquidating Trust shall not entitle any Beneficiary to any title in or to the Liquidating Trust's Assets or to any right to call for a partition or division of such assets or to require an accounting.  The Liquidating Trustee shall make Distributions, if any, to Beneficiaries in the manner provided in the Plan.

The rights of the Beneficiaries arising under the Liquidating Trust may be deemed "securities" under applicable law.  However, such rights have not been defined as "securities" under the Plan because (a) the intent of the Plan is that such rights shall not be securities, and (b) if the rights arising under the Liquidating Trust are deemed to be "securities," the exemption from registration under § 1145 of the Bankruptcy Code is intended to be applicable to such securities.

20                                    PLAN

### F.       Provisions Governing Distributions

#### 1.       Dates of Distributions

Effective Date Distributions shall be deemed timely made if made as soon as practicable after the Effective Date, but, in any event, within fifteen (15) days of the Effective Date.  Any Distribution required to be made when a Disputed Claim becomes an Allowed Claim shall be deemed timely made if made as soon as practicable thereafter, but in any event, within fifteen (15) days thereafter.

#### 2.       Manner of Distribution

At the option and in the sole discretion of the Liquidating Trustee, monetary Distributions may be made by (i) wire transfers from, or (ii) a check drawn on a domestic bank approved by the OUST.

#### 3.       Delivery of Distributions in General

Distributions to Holders of Allowed Claims shall be made by the Liquidating Trustee (a) at the addresses set forth on the Proof of Claim filed by such Holders, (b) at the addresses reflected in the Schedules if no Proof of Claim has been filed and the Liquidating Trustee has not received a written notice of a change of address, or (c) in the case of a Holder of a Claim that is governed by an agreement and is administered by an agent or servicer, at the address (i) set forth on any Proof of Claim filed by the agent or servicer, (ii) in the Schedules for the agent or servicer if no Proof of Claim has been filed, or (iii) contained in the official records of such agent or servicer.  Holders of Claims may change the address to which Distributions will be sent by filing a written change of address with the Court and serving a copy of the change of address on the Liquidating Trustee.

If a Distribution to any Holder of an Allowed Claim is returned to the Liquidating Trustee as undeliverable or otherwise unclaimed ("Undeliverable Distribution"), the Liquidating Trustee shall make no further Distributions to such Holder unless and until the Liquidating Trustee is notified in writing of such Holder's then-current address, at which time all Undeliverable Distributions shall be made to such Holder without interest.  All Undeliverable Distributions shall be returned to the Liquidating Trustee until such Undeliverable Distributions are claimed.  The Liquidating Trustee shall, in the case of Cash, hold Undeliverable Distributions in a segregated

PLAN

interest-bearing account for Undeliverable Distributions until such Undeliverable Distributions become deliverable, are claimed or are forfeited. Nothing contained in the Plan shall require the Liquidating Trustee, or anyone else, to attempt to locate the intended recipient of an Undeliverable Distribution.

Any Holder of an Allowed Claim that does not present itself within six (6) months of the Distribution Date upon which the Undeliverable Distribution was made shall be deemed to have forfeited its right or Claim to or interest in the Undeliverable Distribution and shall be forever barred and enjoined from asserting any Claim for the Undeliverable Distribution against the Debtor and its Estate, the Liquidating Trustee, the Liquidating Trust, and their respective agents, attorneys, representatives, employees or independent contractors, and/or any of its or their property. In such cases, the Undeliverable Distribution and accrued interest thereon shall become property of the Liquidating Trust free and clear of any restrictions thereon and notwithstanding any federal or state escheat laws to the contrary and shall be distributed in accordance with the terms of this Plan.

### 4.    Interest on Claims

Unless otherwise specifically provided for in the Plan, post-petition interest shall not accrue or be paid on any Claims, and no Holder of a Claim shall be entitled to interest accruing on or after the Petition Date on any Claim.

### 5.    Compliance with Tax Requirements

The Liquidating Trustee shall comply with all withholding and reporting requirements imposed by federal, state, or local taxing authorities in connection with making Distributions under the Plan.

In connection with each Distribution with respect to which the filing of an information return, such as an Internal Revenue Service Form 1099 or 1042, or withholding is required, the Liquidating Trustee shall file such information return with the Internal Revenue Service and provide any required statements in connection therewith to the recipients of such Distribution, or effect any such withholding and deposit all moneys so withheld to the extent required by law. With respect to any person or entity from whom a tax identification number, certified tax

PLAN

identification number, or other tax information is required by law to avoid withholding has not been received by the Liquidating Trustee, then the Liquidating Trustee may, at its sole option, withhold the amount required and distribute the balance to such person or entity or decline to make such a Distribution until the information is received.

### 6.    De Minimis Distributions

If any single Distribution required by the Plan would be for an amount of $5.00 or less, the Liquidating Trustee shall not be required to process the Distribution and may, at his or her option, either add the Distribution to the next Distribution if the collective amount would be greater than $5.00, or treat the Distribution as an Undeliverable Distribution.

### 7.    Setoffs

Pursuant to § 553 of the Bankruptcy Code or applicable non-bankruptcy law, the Liquidating Trustee may, but shall not be required to, set off against any Allowed Claim and the Distribution to be made pursuant to the Plan on account of such Allowed Claim any account stated, claim, right, or Estate Claims which the Debtor or the Estate possesses against the holder of such Allowed Claim; provided, however, that neither the failure to effect such a setoff nor the allowance of any Claim shall constitute a waiver or release by the Liquidating Trustee of any such account, claim, right, or Estate Claims that they may possess against the holder of such Allowed Claim.

### 8.    Limitations on Liability

The Debtor, the Liquidating Trustee, and any of their respective employees, members, officers, directors, shareholders, agents, or professionals shall not be liable for (i) any acts or omissions, except for willful misconduct, in connection with implementing the Distribution provisions of the Plan and the making or withholding of Distributions under the Plan, or (ii) any change in the value of Distributions made under the Plan resulting from any delays in making such Distributions in accordance with the terms of the Plan, including, but not limited to, any delays caused by the resolution of Disputed Claims.

PLAN

### G.    Other Provisions of the Plan

#### 1.    Claim Objections and Disputed Claims

THE BAR DATE FOR FILING A PROOF OF CLAIM IN THIS CASE BY CLAIMANTS WHOSE CLAIMS WERE NOT SCHEDULED OR WERE SCHEDULED AS DISPUTED, CONTINGENT OR UNLIQUIDATED IS AUGUST 29, 2025.

##### a.    Standing

As of the Effective Date, the Liquidating Trustee shall have the sole and exclusive authority to file objections to Claims.  The Liquidating Trustee may settle or compromise any Disputed Claim without approval or order of the Court, notice, or hearing.  The Liquidating Trustee shall replace the Debtor as the real party in interest in any objections to Claims commenced prior to the Effective Date.

In addition, the Liquidating Trustee shall be the real party-in-interest with standing to defend any Claims, litigation, lawsuit or adversary proceeding asserted against Liquidating Trust, including, without limitation, to recover property of the Liquidating Trust, and may settle or compromise any such Claims or litigation without approval or order of the Court, notice, or hearing.

##### b.    Claims Objection Deadline

Except as otherwise provided in the Plan, unless extended by the Court, any objection to a Claim, other than an Administrative Claim, must be filed with the Court and served on the Holder of the Claim within the "Claim Objection Deadline," which is one hundred eighty (180) days after the Effective Date.  The Liquidating Trustee may seek an extension of the Claims Objection Deadline upon a showing of "cause."  Any motion for an extension of the Claims Objection Deadline must be filed with the Court prior to the Claims Objection Deadline, as the same may be extended, and served on the OUST.  There is no limit to the number of extensions that may be sought.

##### c.    No Distribution Pending Allowance

Notwithstanding any other provision of the Plan, no payments or Distributions shall be made with respect to all or any portion of a Disputed Claim unless and until all objections to such

Disputed Claim have been settled or withdrawn or have been determined by Final Order, and the Disputed Claim, or some portion thereof, has become an Allowed Claim.

### d.        Reserves for Disputed Claims

In the event that Disputed Claims are pending at the time of a Distribution under the Plan, the Liquidating Trustee shall establish and maintain a reserve for such Disputed Claims.  For purposes of establishing a reserve, Cash will be set aside equal to the amount that would have been distributed to the Holders of the Disputed Claims had the Disputed Claims been Allowed on the date a Distribution is made to the Holders of Allowed Claims in the same Class or of the same priority as the Disputed Claims.  If a Disputed Claim ultimately becomes an Allowed Claim, the amount of Cash reserved for that Disputed Claim shall be distributed on the earlier of (a) the Distribution Date following the date when the Disputed Claim becomes an Allowed Claim, or (b) ninety (90) days after such Disputed Claim becomes an Allowed Claim.  Any reserved Cash not ultimately distributed to the Holder of a Disputed Claim because the Disputed Claim does not become an Allowed Claim shall become property of the Liquidating Trust and shall be distributed in accordance with the terms of the Plan.

### 2.        Executory Contracts and Unexpired Leases

To the extent that the Debtor is a party to any executory contracts or unexpired leases as of the Effective Date that have not yet been assumed or rejected during the Case, upon the occurrence of the Effective Date, the Liquidating Trustee shall have ninety (90) days to assume or reject such executory contracts and unexpired leases, which must be done in accordance with the procedures set forth in the Code, including § 365. If, ninety days (90) after the Effective Date, the Liquidating Trustee has neither obtained an order from the Court authorizing the assumption or rejection of an executory contract or unexpired lease, then such executory contrary or unexpired lease shall be deemed rejected.  Any Claim arising out of the rejection of an executory contract or unexpired lease shall be forever barred and shall not be enforceable against the Debtor or entitled to a distribution under the Plan unless a Proof of Claim for such Rejection Claim is filed and served on the Liquidating Trustee within thirty (30) days after the later of (i) the entry of the order

of the Bankruptcy Court approving the rejection of the executory contract or unexpired lease or (ii) the Confirmation Date.

Notwithstanding anything herein to the contrary, if and to the extent that the Mathis Settlement Agreement is determined to be an executory contract, then it shall be deemed rejected as of the Effective Date, provided it has not been rejected by order of the Court at an earlier time.

**H. Changes in Rates Subject to Regulatory Commission**

The Debtor is not subject to governmental regulatory commission approval of its rates.

**I. Retention of Jurisdiction**

The Court will retain exclusive jurisdiction during the Plan payout period to resolve disputes and conflicts arising from the administration of the Plan, upon request of a party-in-interest and after notice and a hearing, including, without limitation:

a. The adjudication of the validity, scope, classification, allowance, and disallowance of any Claim;

b. The estimation of any Claim;

c. The allowance or disallowance of Professional Fee Claims, compensation, or other Administrative Claims;

d. To hear and determine Claims concerning taxes pursuant to Bankruptcy Code §§ 346, 505, 525, and 1146;

e. To hear and determine any action or proceeding brought under Bankruptcy Code §§ 108, 510, 543, 544, 545, 547, 548, 549, 550, 551, and 553;

f. To hear and determine all actions and proceedings which relate to pre-confirmation matters;

g. To hear and determine any issue relating to the assumption or rejection of executory contracts and unexpired leases;

h. To hear and determine any modification to the Plan in accordance with the Bankruptcy Rules and the Bankruptcy Code;

i. To enforce and interpret the terms of the Plan;

PLAN

j.    To correct any defects, cure any omissions, or reconcile any inconsistency in the Plan or the Confirmation Order as may be necessary to carry out the purpose and intent of the Plan;

k.    The entry of any order, including injunctions, necessary to enforce title, rights and powers of the Debtor and/or the Liquidating Trust, and to impose such limitations, restrictions, terms and conditions on such title, rights and powers as the Court may deem necessary including, without limitation, any right of the Debtor and/or the Liquidating Trust to recover and liquidate assets;

l.    To determine the validity, extent and priority of all liens and security interests against property of the Debtor, the Estate, or the Liquidating Trust;

m.    To hear and resolve any disputes regarding employment applications and professional fees;

n.    To hear and determine such matters and make such orders as are consistent with the Plan as may be necessary to carry out the provisions thereof and to adjudicate any disputes arising under or relating to any order entered by the Court in this Case;

o.    The entry of an order concluding and terminating this Case; and

p.    To resolve any disputes as to whether there has been a default under the Plan.

**J.    Exemption from Transfer Taxes**

Pursuant to § 1146(a) of the Bankruptcy Code, any transfers from the Debtor to the Liquidating Trust or to any other person pursuant to the Plan in the United States shall not be subject to any stamp, real estate transfer, personal property, recording or other similar tax, and the Confirmation Order shall direct the appropriate state or local governmental officials or agents to forgo the collection of any such tax or governmental assessment and to accept for filing and recordation any of the foregoing instruments or other documents without payment of any such tax or governmental assessment.

27                                                                                          PLAN

## IV.    EFFECT OF CONFIRMATION

### A.    Discharge

Confirmation of the Plan does not discharge the Debtor as set forth in § 1141.

### B.    Vesting of the Assets

Upon the Effective Date, the confirmation of the Plan vests title to all property whatsoever of the Debtor in the Liquidating Trust except as provided elsewhere in the Plan or the Confirmation Order.  No deeds or other conveyance instruments shall be required to effectuate the transfer of assets.

### C.    Removal of Chief Restructuring Officer

Upon the Effective Date, the engagement agreement between the Debtor and Force 10 Partners, which was approved by Court order entered on August 5, 2025, and which provides for Nicholas Rubin to serve as the Debtor's Chief Restructuring Officer with Force 10 Partners to provide assistance to the Chief Restructuring Officer, shall terminate, and the Chief Restructuring Officer and Force Ten Partners shall be discharged of their duties and responsibilities, and possession and control over all property within the Estate shall pass to the Liquidating Trust as set forth in the Plan.

### D.    Prohibition of Non-Voting Securities

To the extent required by Section 1123(a)(6) of the Bankruptcy Code, the charter of the Debtor shall be deemed amended to prohibit the issuance of nonvoting equity securities.

### E.    Exculpation and Releases

Effective upon the entry of the Confirmation Order, the Debtor, the Liquidating Trustee, the Professionals, and any of their respective members, officers, directors, shareholders, employees, or agents, shall not have or incur any liability to any Person, including any creditor or Interest Holder of the Debtor, for any act taken or omission made in connection with or related to the negotiation, formulation, or preparation of the Plan and Disclosure Statement, the approval of the Disclosure Statement, the confirmation of the Plan, the consummation of the Plan, or the administration of the Plan, or the property to be distributed under the Plan, to the fullest extent

PLAN

permitted by applicable statutes and case law, except that the Liquidating Trust will be liable for the performance of obligations assumed by it or imposed upon it under or by the Plan.

For avoidance of doubt, notwithstanding anything herein to the contrary, nothing in this Section shall in any way release, exculpate, or limit the liability of any Person for or related to any Estate Claim or other claim or cause of action otherwise reserved or preserved for the Estate and the Liquidating Trust in the Plan, including, without limitation, as specified in Section III.C. of the Plan.

Subject to the limitations and conditions imposed under § 1125(e) of the Bankruptcy Code, persons who—in good faith and in compliance with applicable Bankruptcy Code provisions— either solicit Plan acceptances or rejections or participate in the offer, issuance, sale, or purchase of securities under the Plan, will not be liable on account of their solicitation or participation for violation of any applicable law, rule, or regulation governing the solicitation of Plan acceptances or rejections or the offer, issuance, sale or purchase of such securities.

### F.    Modification of the Plan

The Debtor may modify the Plan at any time before confirmation.  If the Plan is modified, however, the Court may require a new Disclosure Statement or re-voting on the Plan depending on the nature of the modifications and their effect on parties in interest.  The Liquidating Trustee may seek to modify the Plan at any time after confirmation if (a) the Plan has not been substantially consummated, and (b) the Court, after notice and a hearing, authorizes the proposed modification.

### G.    Post-Confirmation Status Report

Within 120 days after the entry of the order confirming the Plan, the Liquidating Trustee shall file a status report with the Bankruptcy Court explaining what progress has been made toward consummation of the confirmed Plan, and the Liquidating Trustee will file appropriate OUST quarterly reports and timely pay any post-confirmation OUST quarterly disbursement fees until the case is closed, dismissed, or converted to Chapter 7, at the rate in effect at the time such fees are due.  The status report shall be served on the United States Trustee, any creditors with Allowed Claims, and Interest Holders.  Further status reports shall be filed every 120 days and served on the same entities until the case is closed.

PLAN

**H.    Quarterly Fees**

Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) prior to confirmation shall be paid to the OUST on or before the Effective Date.  Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) after confirmation shall be paid to the OUST by the Liquidating Trustee from the assets of the Liquidating Trust until a final decree, or the entry of an order dismissing the Cases or converting the Cases to chapter 7, at the rate in effect at the time such fees are due.

**I.    Post-Confirmation Conversion or Dismissal**

A creditor or party in interest may bring a motion to convert or dismiss the Case under § 1112(b) of the Bankruptcy Code, after the Plan is confirmed, if there is a default in performing the Plan.  If the Bankruptcy Court orders the Case converted to a Chapter 7 after the Plan is confirmed, then all property that had been property of the Liquidating Trust and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7 estate.  The automatic stay will be re-imposed upon the revested property, but only to the extent that relief from stay was not previously authorized by the Bankruptcy Court during this case.

The Confirmation Order may also be revoked under very limited circumstances.  The Bankruptcy Court may revoke the order if the order of confirmation was procured by fraud and if the party in interest brings an adversary proceeding to revoke confirmation within 180 days after the entry of the Confirmation Order.

**J.    Final Decree**

Once the Estate has been fully administered as referred to in Bankruptcy Rule 3022, the Liquidating Trustee shall file a motion with the Bankruptcy Court to obtain a final decree to close the Case.

PLAN

DATED: August 5, 2025                              WEINTRAUB ZOLKIN TALERICO & SELTH LLP


By:      */s/ Derrick Talerico*

DERRICK TALERICO
Attorneys for the Debtor and Debtor-in-Possession


DATED:  August 5, 2025                             FU BANG GROUP CORP. USA


By:      *ND Rubin*

NICHOLAS RUBIN
Chief Restructuring Officer

PLAN

## TABLE OF DEFINITIONS

### A.    Definitions

The following defined terms are used in this Disclosure Statement and in the Plan.  Any capitalized term that is not defined herein, but that is defined in the Bankruptcy Code or in the Bankruptcy Rules shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules.

"Administrative Claim" means a Claim for costs and expenses of the administration of a Case under Section 503(b) or 507(a)(1) of the Bankruptcy Code, including, without limitation, a Claim of a Professional employed at the expense of the Estate and any fees or charges asserted against the Estate under 28 U.S.C. § 1930.

"Allowed Administrative Claim" means an Administrative Claim allowed pursuant to Sections 503(b) or 507(a)(1) of the Bankruptcy Code or pursuant to 28 U.S.C. § 1930.

"Allowed Claim" means a Claim that is either (i) listed in the Schedules filed with the Bankruptcy Court by the Debtor and not listed as disputed, contingent, unliquidated or unknown as to amount and as to which no timely objection has been filed; or (ii) with respect to which a Proof of Claim has been filed within the time period fixed by the Bankruptcy Court, and as to which no objection was filed within the time period fixed by the Bankruptcy Code, the Bankruptcy Rules, the Plan or order of the Bankruptcy Court, or as to which any such objection has been determined by a Final Order.  The amount of an Allowed Claim shall be as follows: (a) if the creditor did not file a Proof of Claim with the Bankruptcy Court on or before the Claims Bar Date, the amount of the creditor's Claim as listed in the Schedules as neither disputed, contingent, unliquidated or unknown; or (b) if the creditor filed a Proof of Claim with the Bankruptcy Court on or before the Bar Date, (1) the amount stated in such Proof of Claim if no objection to such Proof of Claim was filed within the time period fixed by the Bankruptcy Code, the Bankruptcy Rules, the Plan or order of the Bankruptcy Court, or (2) the amount thereof as fixed by a Final Order of the Bankruptcy Court if an objection to such Proof of Claim was filed within the time period fixed by the Bankruptcy Code, the Bankruptcy Rules, the Plan or order of the Bankruptcy Court.  Any Claim for which a Proof of Claim is not filed by the applicable bar date and that is

listed in the Schedules as disputed, unliquidated, contingent or unknown, or that is not allowed under the terms of the Plan, shall be zero, and no Distribution shall be made on account of such Claim.  An Allowed Claim shall not include any unmatured or post-petition interest unless otherwise stated in the Plan.

"Allowed [Class Designation and/or Secured, Priority, or General Unsecured or Trade] Claim" means an Allowed Claim in the specified Class and/or of the specified type.

"Assets" means all tangible and intangible assets and property of every kind and nature of the Debtor and the Estate, all interests of the Debtor and the Estate in property, and all proceeds thereof, existing as of the Effective Date and not abandoned as of the Effective Date.

"Avoidance Action" means causes of action arising under 11 U.S.C. §§510, 541, 542, 544, 545, 547, 548, 549, 550, 551, and/or 553, or under related state or federal statutes and common law, including, without limitation, fraudulent transfer laws, whether or not litigation is commenced to prosecute such causes of action.

"Bankruptcy Rules" means, collectively, the Federal Rules of Bankruptcy Procedure, as amended, and the Local Bankruptcy Rules for use in the United States Bankruptcy Court for the Central District of California, as amended.

"Business Day" means any day, other than a Saturday, a Sunday or a "legal holiday," as defined in Rule 9006(a) of the Bankruptcy Rules.

"Cash" means cash and cash equivalents including, but not limited to, checks or similar forms of payment or exchange.

"Claim" or "Claims" means (i) a right to payment from the Debtor, whether or not such right to payment is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, and includes any claims based on, arising from, or connected with any work performed by the Debtor prior to the Petition Date, or (ii) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment from the Debtor whether or not such right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

"Claims Objection Deadline" means the one hundred eightieth (180th) day after the Effective Date or such greater period of limitation as may be fixed or extended as set forth in the Plan or by agreement between the Liquidating Trustee and the creditor.

"Class" means the group of Claims or Interests classified in the Plan pursuant to Sections 1122 and 1123 of the Bankruptcy Code.

"Confirmation Date" means the date on which the Bankruptcy Court enters the Confirmation Order.

"Confirmation Order" means the order, as entered, of the Bankruptcy Court confirming the Plan.

"Disputed Claim" means all or any part of a Claim that is the subject of a timely objection or request for estimation which is filed on or before the Claims Objection Deadline, which objection or request for estimation has not been withdrawn or determined by a Final Order.  In addition, prior to the earlier of (a) the Claims Objection Deadline, and (b) such date as the Bankruptcy Court allows the Claim pursuant to a Final Order, any Claim that is evidenced by a Proof of Claim shall be deemed a Disputed Claim for purposes of calculating and making any Distributions under the Plan if: (1) no Claim corresponding to the Proof of Claim is listed in the Schedules, (2) the Claim corresponding to the Proof of Claim is listed in the Schedules as disputed, contingent, unliquidated or unknown, (3) the amount of the Claim as specified in the Proof of Claim exceeds the amount of any corresponding Claim listed in the Schedules as not disputed, not contingent, and liquidated, but only to such extent, or (4) the priority or classification of the Claim as specified in the Proof of Claim differs from the priority of any corresponding Claim listed in the Schedules.

"Distribution" means any distribution pursuant to the Plan to the holders of an Allowed Claim.

"Distribution Date" means the Business Day selected by the Liquidating Trustee, in its sole and absolute discretion; provided, however, that Distributions shall not take place less frequently than quarterly subject to the availability of Net Proceeds.

TABLE OF DEFINITIONS

"Estate" means the Debtor's bankruptcy estate created under Section 541 of the Bankruptcy Code in the Case.

"Estate Claims" means any and all claims and causes of action that constitute property of the Estate including, but not limited to, any Avoidance Actions, equitable subordination or debt recharacterization actions against creditors or principals of the Debtor, any causes of action or claims for recovery of any amounts owing to the Debtor or the Estate, any Insider Claims, and any claims or causes of action against the Debtor's insurance carriers, including but not limited to potential D&O claims.

"Effective Date" means the day that is twenty-eight days after the entry of the Confirmation Order, provided there has been no order staying the effectiveness of the Confirmation Order.  If an order is obtained staying the effectiveness of the Confirmation Order, then the Effective Date will occur no later than twenty-eight days after the stay is lifted or the appeal is finally resolved in favor of the Debtor.

"Exit Financing" means a loan, to hold a senior secured lien on the Property, to close and fund upon the occurrence of the Effective Date, sufficient in amount to satisfy the Class 1, Class 2, and Class 3 Allowed Claims in full and finance the investment needed to maximize asset value as determined by the Liquidating Trustee.

"File", "Filed", or "Filing" means duly and properly filed with the Court and reflected on the Court's official docket.

"Final Order" means an order or judgment entered by the applicable court on its docket.

a.    That has not been reversed, rescinded, stayed, modified, or amended;

b.    That is in full force and effect;

c.    With respect to which the time to appeal or to seek review, remand, rehearing, or a writ of certiorari has expired and as to which no timely Filed appeal or petition for review, rehearing, remand, or writ of certiorari is pending; and

d.    With respect to which any appeal, motion or petition for review, remand, rehearing, or reconsideration, or writ of certiorari that is Filed has been

35                         TABLE OF DEFINITIONS

dismissed or resolved by the highest court to which the order or judgment was appealed or from which review, rehearing, remand, reconsideration, or a writ of certiorari was sought, and any remanded or further proceedings following such appeal, petition, or writ have been resolved by Final Order.

"General Unsecured Claim" means an unsecured Claim against the Debtor, however arising, not entitled to priority under Section 507(a) of the Bankruptcy Code.

"Holder" means an entity or person holding a Claim or Interest.

"Interest" means any ownership interest in the Debtor, as provided by Section 101(16) of the Bankruptcy Code, including, without limitation, any common stock interest, preferred stock interest, stock option, warrant, partnership interest, or membership interest.

"Liquidating Trust" means the trust established on the Effective Date pursuant to the Plan and the Trust Agreement, if any.

"Liquidating Trust's Assets" means all of the Debtor's Assets that are transferred to the Liquidating Trust and thereafter maintained and administered by the Liquidating Trustee as set forth in the Plan.

"Liquidating Trustee" means initially, Nicholas Rubin, and thereafter any successor selected as set forth in the Plan.

"Liquidating Trustee Professionals" means the agents, financial advisors, attorneys, consultants, independent contractors, representatives, and other professionals engaged or retained by the Liquidating Trustee (in their capacities as such).

"Net Proceeds" means all Cash, proceeds, or property resulting from or constituting the Liquidating Trust's Assets that is not subject to a lien, security interest, or other encumbrance, less the amount necessary or estimated and reserved to pay in full: (1) any Allowed Administrative Expense Claims and Allowed Unsecured Priority Claims; (2) the reasonable fees and costs of the Liquidating Trustee and the Liquidating Trustee Professionals; (3) ordinary and customary costs, taxes, fees and/or penalties caused by or resulting from the selling, liquidating and/or distribution of the Liquidating Trust's Assets; (4) the amounts Holders of Disputed Claims would be entitled to receive under the Plan if such Disputed Claims were to become Allowed Claims; (5) all fees

TABLE OF DEFINITIONS

payable under section 1930 of chapter 123 of title 28 of the United States code; and (6) all other amounts, costs and expenses required to be paid to increase or maximize the value of, manage, and/or liquidate the Liquidating Trust's Assets on or after the Effective Date.

"Non-Ordinary Course Administrative Claims" means Administrative Claims that are not Ordinary Course Administrative Claims, Administrative Tax Claims, or Professional Fee Claims, including Claims that may arise from agreements entered into with the Estate after the Petition Date other than trade agreements.

"Ordinary Course Administrative Claims" means all Administrative Claims incurred in the ordinary course of the Debtor's business on or after the Petition Date and includes such items as utilities and claims of vendors for services rendered to the Debtor after the Petition Date and prior to the Effective Date.

"Person" means any individual, corporation, general partnership, limited partnership, limited liability company, association, joint-stock company, joint venture, estate, trust, government, political subdivision, governmental unit (as defined in the Bankruptcy Code), official committee appointed by the United States Trustee, unofficial committee of creditors or equity holders, or entity.

"Petition Date" means June 19, 2017, which is the date on which the Debtor filed its petition for relief under Chapter 11 of the Bankruptcy Code.

"Priority Claim" means an Allowed Claim entitled to priority against an Estate under Bankruptcy Code §§ 507(a)(3), 507(a)(4), 507(a)(5), 507(a)(6) or 507(a)(7)

"Priority Tax Claim" means any Claim provided for by Section 507(a)(8) of the Bankruptcy Code.

"Professional" means a person or entity employed pursuant to a Final Order in accordance with Sections 327 or 1103 of the Bankruptcy Code.

"Professional Fee Claims" means Claims for fees of a person or entity employed pursuant to a Final Order in accordance with Sections 327 or 1103 of the Bankruptcy Code.

"Proof of Claim" means a written statement filed in a Case by a creditor in which the creditor sets forth the amount of its Claim, in accordance with Rule 3001 of the Bankruptcy Rules.

"Pro Rata Share" means the ratio (expressed as a percentage) of (i) the amount of an Allowed Unsecured Claim to (ii) the sum of the aggregate amounts of Allowed Unsecured Claims.

"Real Property" means the property located at 2798 Troy Court, Corona, CA 92883 (APN 279-460-064).

"Schedules" means the Schedules of Assets and Liabilities and Statement of Financial Affairs filed by the Debtor in the Case, as required by Section 521(1) of the Bankruptcy Code, Rules 1007(a)(3) and (b)(l) of the Bankruptcy Rules, and Official Bankruptcy Form No. 6, as the Schedules may be amended from time to time.

"Secured Claim" means a Claim that is secured by a valid, duly perfected, and unavoidable lien against property in which the Estate has an interest or that is subject to setoff under Bankruptcy Code § 553 and a Claim is a Secured Claim only to the extent of the value of the Claim Holder's interest in the Estate's interest in such property or to the extent of the amount subject to setoff, as applicable, as determined under Bankruptcy Code § 506(a).

"Trust Agreement" means a Liquidating Trust Agreement that is consistent with the Plan, should the Liquidating Trustee or the Debtor determine that such an agreement should be prepared.

"United States Trustee" or "OUST" means the Office of the United States Trustee.

**B.    Rules of Construction**

The rules of construction in Bankruptcy Code section 102 apply to the Plan.  For the purpose of the Plan, unless otherwise provided in the Plan, (i) whenever from the context it is appropriate, each term, whether stated in the singular or the plural, shall include both the singular and the plural; (ii) each pronoun stated in the masculine, feminine or neuter shall include the masculine, feminine and neuter; (iii) any reference in the Plan to an existing document, Exhibit or schedule filed or to be filed means such document or schedule as it may have been or may be amended, modified or supplemented pursuant to the Plan; (iv) any reference to an entity as a holder of a Claim or Interest includes that entity's successors and assigns; (v) except as otherwise stated herein, all references in the Plan to Sections, Articles and Exhibits are references to Sections, Articles and Exhibits of or to the Plan; (vi) the words "herein," "hereunder" and "hereto"

refer to the Plan in its entirety rather than to a particular portion of the Plan; (vii) unless otherwise provided in the Plan, any reference in the Plan to a contract, instrument, release, indenture, agreement, or other document being in a particular form or on particular terms and conditions means that such document shall be substantially and materially in such form or substantially and materially on such terms and conditions; and (viii) the rules of construction set forth in Section 102 of the Bankruptcy Code shall apply to the extent such rules are not inconsistent with the express terms of the Plan or any other provision in this Section.

### C.    Rules of Interpretation

Except as otherwise provided in the Plan, Bankruptcy Rule 9006(a) applies when computing any time period under the Plan.  Any term used in the Plan that is not a Defined Term, but that is used in the Bankruptcy Code or Bankruptcy Rules, has the meaning assigned to such term in the Bankruptcy Code or Bankruptcy Rules, as applicable, unless the context requires otherwise.  The definition given to any term or provision in the Plan supersedes and controls any different meaning that may be given to that term or provision in the Disclosure Statement. Whenever it is appropriate from the context, each term, whether stated in the singular or the plural, includes both the singular and the plural.  Any reference to a document or instrument being in a particular form or on particular terms means that the document or instrument will be substantially in that form or on those terms or as amended by the terms thereof.  Any reference to an existing document means the document as it has been, or may be, amended or supplemented.  Unless otherwise indicated, the phrase "under the Plan" and similar words or phrases refer to the Plan in its entirety rather than to only a portion of the Plan.  Unless otherwise specified, all references to Sections or Exhibits are references to the Plan's Sections or Exhibits.  Section captions and headings are used only as convenient references and do not affect the Plan's meaning.

### D.    Disclosure Statement Exhibits

The Exhibits to the Disclosure Statement are as follows:

Exhibit A -  Monthly Operating Report

Exhibit B – Statement of Financial Affairs

Exhibit C – Liquidation Analysis

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

11766 Wilshire Blvd, Suite 730, Los Angeles, CA 90025

A true and correct copy of the foregoing document entitled (*specify*): **Chapter 11 Plan** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) August 5, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See attached NEF service list

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  August 5, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Scott Yun                            (via Priority Mail)
United States Bankruptcy Court
3420 Twelfth St., Suite 345
Riverside, CA 92501-3819

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 5, 2025 | Martha E. Araki | */s/ Martha E. Araki* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

In re Fu Bang Group Corp, USA                                              Case No. 6:25-bk-13004-SY


**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Attorneys for Debtor Fu Bang Group Corp, USA:  **Derrick Talerico**: dtalerico@wztslaw.com; maraki@wztslaw.com; sfritz@wztslaw.com; admin@wztslaw.com
- Attorneys for Creditor Sparknest, LLC, a Delaware limited liability company:  **David B Golubchik**: dbg@lnbyg.com
- Attorneys for Creditor First Credit Bank and Attorney Dennette A Mulvaney:  **Dennette A Mulvaney**: dmulvaney@leechtishman.com; lmoya@leechtishman.com; narango@leechtishman.com; dbender@leechtishman.com
- Attorneys for Creditor Na Jiang:  **Jeffrey S Shinbrot**: jeffrey@shinbrotfirm.com; sandra@shinbrotfirm.com; tanya@shinbrotfirm.com
- On behalf of the U.S. Trustee (RS):  **Abram Feuerstein, Everett L Green, Ali Matin**: abram.s.feuerstein@usdoj.gov; everett.l.green@usdoj.gov; ali.matin@usdoj.gov
- US Trustee's Office (RS):  ustpregion16.rs.ecf@usdoj.gov

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.